IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANGEL SULLIVAN-BLAKE and HORACE CLAIBORNE, on behalf of themselves and others similarly situated, | : <br> : CIVIL ACTION <br> : |
| Plaintiffs, | : FILED ELECTRONICALLY |
| v. | : ON DECEMBER 21, 2018 |
| FEDEX GROUND PACKAGE SYSTEM, INC., | : <br> : JURY TRIAL DEMANDED <br> : |
| Defendant. | : <br> : |

**COMPLAINT - COLLECTIVE ACTION**

Plaintiffs Angel Sullivan-Blake and Horace Claiborne ("Plaintiffs") bring this collective action lawsuit against Defendant FedEx Ground Package System, Inc. ("FedEx") on behalf of themselves and other similarly situated individuals who have been employed by FedEx through intermediary employers to perform delivery services on FedEx's behalf and who have been eligible to receive overtime pay but have not been paid time-and-a-half compensation for their hours worked in excess of forty hours per week, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq*.[1]

---

[1] Plaintiffs previously pursued their FLSA claims in a District of Massachusetts action styled *Roy, et al. v. FedEx Ground Package System, Inc.*, C.A. No. 3:17-cv-30116 (D. Mass.). Ms. Sullivan-Blake was one of three originating *Roy* plaintiffs, while Mr. Claiborne opted-in to the action. In May 2018, the *Roy* Court ruled that Ms. Sullivan-Blake could not sue FedEx in Massachusetts as a named plaintiff. *See Roy v. FedEx Ground Package System, Inc.*, 2018 U.S. Dist. LEXIS 85288, 2018 WL 2324092 (D. Mass. May 22, 2018). The court indicated, however, that it was not yet deciding whether drivers outside Massachusetts may be able to participate in the *Roy* action as opt-in plaintiffs. However, in November 2018, the *Roy* Court granted the plaintiffs' conditional certification motion, but limited the FLSA collective to Massachusetts drivers. *See Roy v. FedEx Ground Package System, Inc.*, 2018 U.S. Dist. LEXIS 200010, 2018 WL 6179504 (D. Mass. Nov. 27, 2018). In the wake of the November decision, neither Ms. Sullivan-Blake nor Mr. Claiborne can pursue their FLSA claim in the *Roy* action. So they now pursue their FLSA claims, on behalf of themselves and other drivers across the country who may want to join in these claims, in the judicial district where FedEx is headquartered.

## JURISDICTION AND VENUE

1. Jurisdiction is proper under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

2. Venue in proper under 28 U.S.C. § 1391(b)(2).

## PARTIES

3. Plaintiff Angel Sullivan-Blake is an individual residing in Houston, Texas, and is a citizen of Texas. She worked as a delivery driver for FedEx from approximately November 2015 through approximately October 2018 through an intermediary entity that FedEx calls an "independent service provider" ("ISP"). Ms. Sullivan-Blake was eligible to receive overtime pay under the FLSA since she has driven a vehicle weighing less than 10,000 pounds, but she did not receive overtime pay for her hours worked beyond 40 per week.

4. Plaintiff Horace Claiborne is an individual residing in Kannapolis, North Carolina, and is a citizen of the State of North Carolina. He has worked as a delivery driver for FedEx since approximately 2011 through ISPs. Mr. Claiborne has been eligible to receive overtime pay under the FLSA since he has driven a vehicle weighing less than 10,000 pounds, but he does not receive overtime pay for his hours worked beyond 40 per week.

5. FedEx is a Delaware corporation with its principal place of business in Coraopolis, Pennsylvania. At all relevant times, FedEx has engaged in the business of the delivery of packages nationwide and within the state of Pennsylvania.

6. FedEx employs thousands of individuals across the country, including Plaintiffs, who are engaged in interstate commerce. FedEx is an employer covered by the FLSA.

## **FACTS**

7. FedEx operates a package pickup and delivery business servicing customers throughout the United States.

8. FedEx employs thousands of package delivery drivers within the United States, including the named Plaintiffs and others similarly situated, who: (a) work for FedEx through intermediary employers called "independent service providers" ("FedEx ISPs"); (b) are classified as "employees" of the FedEx ISPs; (c) have worked more than forty hours per week delivering packages for FedEx but are not paid time-and-a-half compensation for hours worked over forty; and (d) drive, in whole or in part, vehicles with a gross vehicle weight rating of 10,000 pounds or less. These individuals are referred to herein as "delivery drivers."

9. Before instituting the ISP model of employing delivery drivers through intermediary entities, FedEx relied entirely on delivery drivers that it hired directly and treated as non-employee "independent contractors." After years of defending litigation challenging the employment status of these drivers – during which time various courts held that FedEx misclassified the drivers as independent contractors[2] – FedEx shifted to the ISP model in an effort to continue to avoid liability under the wage laws for its delivery drivers.

10. FedEx ISPs are typically responsible for three or more FedEx delivery routes. FedEx requires its ISPs to hire FedEx's workforce of delivery drivers, and FedEx further requires the ISPs to classify these delivery drivers as the ISPs' employees.

---

[2] *See, e.g.*, *Craig et al. v. FedEx Ground Package System, Inc.*, 335 P.3d 66 (Kan. 2014); *Alexander et al. v. FedEx Ground Package System, Inc.*, 765 F.3d 981 (9th Cir. 2014); *Slayman et al. v. FedEx Ground Package System, Inc.*, 765 F.3d 1033 (9th Cir. 2014). FedEx ultimately settled these and many similar cases in an MDL litigation styled *In re FedEx Ground Package System Employment Practices Litigation* and assigned to the Northern District of Indiana.

11. However, based on the economic realities of the relationship between FedEx and these drivers, it is clear that the delivery drivers working under the intermediary ISPs are also FedEx employees under the FLSA.

12. FedEx operates a nationwide network of package handling terminals to serve its customers' package pickup and delivery needs around the country. FedEx advertises its delivery service and negotiates with its customers to provide the package pick-ups and deliveries that are performed by Plaintiffs and other delivery drivers.

13. Plaintiffs and other delivery drivers working under ISPs have typically worked full-time and exclusively as FedEx drivers, delivering FedEx's packages to FedEx customers while wearing FedEx uniforms and driving vehicles bearing FedEx's logos and color scheme.

14. Plaintiffs and other delivery drivers working under ISPs have worked out of FedEx-owned and managed terminals throughout the country, where FedEx managers, package handlers, and other FedEx employees oversee and manage the package delivery operations.

15. The services rendered by Plaintiffs and other delivery drivers working under ISPs are an integral part of FedEx's business because FedEx is in the business of package delivery, and Plaintiffs and these other delivery drivers physically deliver packages to FedEx's customers on FedEx's behalf.

16. Plaintiffs and other delivery drivers working under ISPs have performed their delivery work on strict and predictable schedules pursuant to FedEx's same-day delivery requirements. The drivers' schedules are dictated by the volume of packages that FedEx requires be delivered each day on their routes. Neither these drivers, nor the intermediary ISPs who they work under, have any control over the volume of package

pickup and delivery work that FedEx assigns the drivers.

17. FedEx micromanages the manner in which Plaintiffs and other delivery drivers working under ISPs perform their work. Some of this micromanaging is performed directly by FedEx managers, and some is performed by the ISPs, pursuant to standards and requirements established by FedEx (and enforced by FedEx). For example:

   a. FedEx requires that the delivery drivers have specific equipment on their van when they perform deliveries for FedEx;
   b. FedEx requires the delivery drivers to wear a uniform bearing FedEx's logos and color scheme and to maintain personal appearance standards established by FedEx;
   c. FedEx requires the delivery drivers to place specific signage on their vans bearing FedEx's name and logo;
   d. FedEx assigns the specific packages that the delivery drivers must deliver and when the packages must be delivered;
   e. FedEx requires the drivers to scan all assigned packages with a specific scanner designated by FedEx upon loading each morning and upon delivery;
   f. FedEx requires the drivers to begin and end each day at a designated terminal operated by FedEx;
   g. Customer comments and complaints regarding the drivers' job performance are made directly to FedEx, who uses its own discretion on what action to take;
   h. FedEx has the authority to require its ISPs to terminate the drivers working under them if FedEx believes they should be terminated;

    i. FedEx closely monitors the job performance of the drivers, tracking whether each delivery is "successful" based on FedEx's own standards.

18. Some FedEx drivers working under ISPs have worked for different ISPs at times, and even at times directly for FedEx, but their work responsibilities, and procedures they have been required to follow, have not differed in any material way regardless of which ISP they have worked under or whether they have worked directly for FedEx.

19. For example, Plaintiff Sullivan-Blake was initially hired directly by FedEx to perform its deliveries, until FedEx told her she had to work under an ISP. Her work responsibilities and the procedures she was required to follow did not change in any material way following the conversion to her working under an ISP. She continued to report to the same terminal each morning, drove a vehicle with a FedEx logo on it, and followed FedEx procedures to complete her assigned deliveries.

20. FedEx drivers, including drivers such as the Plaintiffs who have worked under intermediary ISPs, have routinely worked more than forty hours per week.

21. Plaintiff Sullivan-Blake regularly worked as a FedEx delivery driver five days per week, from approximately 7:00 a.m. or 8:00 a.m. until between 6:00 p.m. and 8:00 p.m. each day, totaling more than 50 hours each week.

22. Plaintiff Claiborne regularly works as a FedEx delivery driver five days per week.  Until approximately 2016, he regularly worked from approximately 5:30 or 6:00 a.m. until around 8:00 p.m., totaling more than 70 hours each week.  Since approximately 2016, he regularly works from approximately 5:30 a.m. until approximately 2 or 2:30 p.m., totaling more than 40 hours each week.

23. Plaintiffs, as well as other FedEx delivery drivers throughout

6

the country who have worked under ISPs, have driven trucks weighing less than 10,000 pounds. They are thus eligible for overtime pay under the FLSA.

24.     However, Plaintiffs, as well as other FedEx delivery drivers throughout the country who have worked under ISPs and have driven trucks weighing less than 10,000 pounds, have not received overtime pay for their work beyond 40 hours per week.

25.     Because FedEx is these drivers' employer under the FLSA, it is liable to them for the unpaid overtime.

26.     By establishing a system in which FedEx employs delivery drivers through intermediary ISPs, so as to distance itself from its responsibilities under the FLSA, FedEx has acted in reckless disregard of the drivers' rights under the FLSA. FedEx has known or should have known that its delivery drivers have not been paid the overtime they are owed by the ISPs.

27.     However, regardless of FedEx's actual or constructive knowledge of this fact, it is liable for any overtime payments due to its delivery drivers who have worked under ISPs.

**COLLECTIVE ACTION ALLEGATIONS**

28.     Plaintiffs bring this lawsuit pursuant to the FLSA, 29 U.S.C. § 216(b), as a collective action on behalf of delivery drivers described in this complaint, who at any time within the relevant time period[3] have worked under ISPs, have driven vehicles under 10,000 pounds, have worked more than 40 hours per week, and have not been paid one-and-a-half times their regular rate of pay for overtime hours.

---

[3] The statute of limitations for an FLSA complaint is three years.  However, the running of the limitations period was tolled for potential opt-in plaintiffs nationwide who may want to join these claims as part of the *Roy* action.  *See* note 1. *supra*.

7

29. Plaintiffs and the drivers described in the previous paragraph are "similarly situated," as that term is defined in 29 U.S.C. § 216(b) and the associated caselaw, because, *inter alia*, they all worked as FedEx delivery drivers pursuant to FedEx's common business practices as described above and, as a result of such practices, have not been paid the legally mandated overtime premium.

## COUNT I
### (Unpaid Overtime Under the FLSA)

The FLSA requires that employees receive overtime premium pay of "not less than one and one-half times" their regular pay rate for hours worked beyond 40 per workweek. *See* 29 U.S.C. § 207. FedEx is liable under the FLSA for unpaid overtime owed to Plaintiffs and other similarly situated delivery drivers who have worked for FedEx under ISPs. FedEx's violation of the FLSA has been willful and in reckless disregard of these drivers' rights.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs seek the following relief on behalf of themselves and other similarly situated drivers:

A. An order permitting this lawsuit to proceed as a collective action pursuant to 29 U.S.C. § 216(b);

B. Prompt notice, pursuant to 29 U.S.C. § 216(b), of this lawsuit to all potential class members allowing them to opt-in to join the claim in this case;

C. Restitution for all unpaid overtime owed to the drivers;

D. Liquidated damages and prejudgment interest;

E. Litigation costs, expenses, and attorneys' fees; and

F. Such other and further relief as this Court deems just and proper.

## JURY TRIAL DEMANDED

Plaintiffs demand a jury trial on their claim.

December 21, 2018                           Respectfully submitted,

/s/ Peter Winebrake
Peter Winebrake
R. Andrew Santillo
Mark J. Gottesfeld
WINEBRAKE & SANTILLO, LLC
715 Twining Road, Suite 211
Dresher, Pennsylvania 19025
(215) 884-2491
pwinebrake@winebrakelaw.com

Shannon Liss-Riordan (*pro hac vice* forthcoming)
Michelle Cassorla (*pro hac vice* forthcoming)
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, Massachusetts 02116
(617) 994-5800
sliss@llrlaw.com
mcassorla@llrlaw.com

**CONSENT TO JOIN COLLECTIVE ACTION**
**Pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b)**
<u>Angel Sullivan-Blake et al. v. FedEx Ground Package System, Inc.</u>
(W.D. Pa.)

Name: Angel sullivan

Address: ███████████

Houston Tx 77075

Telephone: ███████ (home); ███████ (cell)

Email: ███████████

1. I have been employed as a delivery driver for FedEx Ground through an intermediary called an "Independent Service Provider," and have driven a truck with a gross vehicle weight rating under 10,001 pounds for some period of time within the last three years. During this time, I have worked more than forty hours in at least some weeks, but I have not been paid overtime (time-and-a-half) for these hours.

2. I consent and agree to pursue my claim for unpaid overtime against FedEx Ground in this lawsuit, pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. I hereby consent, agree, and "opt in" to this case and understand I will be bound by any judgment by the Court or any settlement of this action. I agree to be represented by Lichten & Liss-Riordan, P.C., 729 Boylston Street, Suite 2000, Boston MA 02116, in this action, along with other counsel with whom the firm may co-counsel.

3. I designate the named plaintiffs in this action, the collective action representatives, as my agents to make decisions on my behalf concerning the litigation, including the method and manner of conducting this litigation, entering into settlement agreements, entering into an agreement with Plaintiffs' counsel concerning attorneys' fees and costs (with the understanding that Plaintiffs' counsel are being paid on a contingency fee basis, which means that if there is no recovery, there will be no attorneys' fees), and all other matters pertaining to this lawsuit.

Signature: *Angel sullivan*          Date: 12/13/18

**CONSENT TO JOIN COLLECTIVE ACTION**
**Pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b)**
<u>Angel Sullivan-Blake et al. v. FedEx Ground Package System, Inc.</u>
(W.D. Pa.)

Name: Horace Claiborne

Address: ███████

Kannapolis N.C. 28081

Telephone: ███████ (home); ███████ (cell)

Email: ███████

    1.    I have been employed as a delivery driver for FedEx Ground through an intermediary called an "Independent Service Provider," and have driven a truck with a gross vehicle weight rating under 10,001 pounds for some period of time within the last three years. During this time, I have worked more than forty hours in at least some weeks, but I have not been paid overtime (time-and-a-half) for these hours.

    2.    I consent and agree to pursue my claim for unpaid overtime against FedEx Ground in this lawsuit, pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. I hereby consent, agree, and "opt in" to this case and understand I will be bound by any judgment by the Court or any settlement of this action. I agree to be represented by Lichten & Liss-Riordan, P.C., 729 Boylston Street, Suite 2000, Boston MA 02116, in this action, along with other counsel with whom the firm may co-counsel.

    3.    I designate the named plaintiffs in this action, the collective action representatives, as my agents to make decisions on my behalf concerning the litigation, including the method and manner of conducting this litigation, entering into settlement agreements, entering into an agreement with Plaintiffs' counsel concerning attorneys' fees and costs (with the understanding that Plaintiffs' counsel are being paid on a contingency fee basis, which means that if there is no recovery, there will be no attorneys' fees), and all other matters pertaining to this lawsuit.

Signature: *Horace L Claiborne*       Date: 12/14/18