IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANGEL SULLIVAN-BLAKE and HORACE CLAIBORNE, onbehalf of themselves and Others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>FEDEX GROUND PACKAGE SYSTEM, INC.,<br><br>    Defendant. | Civil Action 2:18-cv-001698-CRE |

## FEDEX GROUND'S ANSWER AND DEFENSES

FedEx Ground Package System, Inc. ("FedEx Ground"), by and through its counsel, answers the Collective Action Complaint ("Complaint") of Plaintiffs Angel Sullivan-Blake ("Sullivan-Blake") and Horace Claiborne ("Claiborne") as follows:

The Complaint includes an introductory paragraph and footnote before its paragraph 1. This paragraph and accompanying footnote are not pleaded as allegations and therefore require no response. To the extent a response is required, however, FedEx Ground denies that this action is properly a collective action lawsuit, denies that Plaintiffs or similarly situated persons have been employed by FedEx Ground, denies that there are similarly situated persons, denies that persons employed by FedEx Ground have not received overtime compensation as asserted, and denies Plaintiffs' characterization of the *Roy* decision in the footnote. FedEx Ground denies all remaining allegations in the introductory paragraph.

## JURISDICTION AND VENUE

1.  Whether this Court has jurisdiction over this action is a legal conclusion to which

no response is required. To the extent a response is deemed required, FedEx Ground admits the allegations in paragraph 1 to the extent that subject matter jurisdiction is alleged and otherwise denies the allegations in paragraph 1.

2.      Whether venue properly lies in this District is a legal conclusion to which no response is required. To the extent a response is deemed required, FedEx Ground avers that any events or omissions giving rise to the claims of Plaintiffs Sullivan-Blake and Claiborne for unpaid overtime are essentially local Texas and North Carolina matters between those Plaintiffs and the individual Texas and North Carolina companies (not FedEx Ground) that employed and paid them, because they arise from the alleged exemption and pay practices and records of those companies, and FedEx Ground thus denies the allegations in paragraph 2 as to the case as currently pleaded.

## PARTIES

3.      FedEx Ground is without knowledge or information sufficient to form a belief as to the truth of the allegations at the first and third sentences of paragraph 3 and therefore denies them.  FedEx Ground denies the remaining allegations at paragraph 3.

4.      FedEx Ground is without knowledge or information sufficient to form a belief as to the truth of the allegations at the first and third sentences of paragraph 4 and therefore denies them.  FedEx Ground denies the remaining allegations at paragraph 4.

5.      The first sentence of paragraph 5 contains conclusions of law to which no answer is required. FedEx Ground admits that it is a Delaware corporation headquartered in Moon Township, Pennsylvania, admits that it is a federally registered motor carrier that contracts for package pick-up and delivery services, and otherwise denies the allegations in paragraph 5.

6.  FedEx Ground denies that it employs Plaintiffs and otherwise admits the allegations in paragraph 6.

7.  FedEx Ground admits that it is a federally registered motor carrier that contracts for package pick-up and delivery services and otherwise denies the allegations in paragraph 7.

8.  FedEx Ground denies the allegations in paragraph 8.

9.  FedEx Ground denies the allegation in the first sentence of paragraph 9. The second sentence of paragraph 9 and the related footnote contain characterizations of legal opinions to which no response is required. To the extent a response is required, FedEx Ground refers to those legal opinions for their contents and denies any characterization thereof. FedEx Ground otherwise denies the allegations in paragraph 9.

10. FedEx Ground admits that the rights and obligations of the Independent Service Providers ("ISP") and FedEx Ground are set forth in Independent Service Provider Agreements ("ISPA"), which speak for themselves. FedEx Ground otherwise denies the allegations of paragraph 10.

11. The allegation in paragraph 11 contains conclusions of law to which no response is required. To the extent that a response is required, FedEx Ground denies the allegation in paragraph 11.

12. FedEx Ground admits that it is a federally registered motor carrier that contracts for package pick-up and delivery services, admits that it operates a nationwide network of package handling facilities, and otherwise denies the allegations in paragraph 12.

13. FedEx Ground denies the allegation in paragraph 13.

14. FedEx Ground admits that it is a federally registered motor carrier that contracts

for package pick-up and delivery services, admits that it operates a nationwide network of package handling facilities, and otherwise denies the allegation in paragraph 14.

15.     FedEx Ground denies the allegation in paragraph 15.

16.     FedEx Ground denies the allegations in paragraph 16.

17.     The term "micromanages" is an argumentative characterization by Plaintiffs, to which no response is required. To the extent a response is deemed required, FedEx Ground denies the allegation in paragraph 17, including each subpart, and avers that the ISPAs, which speak for themselves, establish the terms and conditions for performance made by a service provider.

18.     FedEx Ground denies the allegation in paragraph 18.

19.     FedEx Ground admits that Sullivan-Blake has driven a vehicle or vehicles bearing the name and motor carrier number of FedEx Ground, as the federally registered motor carrier. FedEx Ground otherwise denies the allegations in paragraph 19.

20.     FedEx Ground denies the allegation in paragraph 20.

21.     FedEx Ground denies the allegation in paragraph 21.

22.     FedEx Ground denies the allegations in paragraph 22.

23.     FedEx Ground admits that some drivers employed by ISPs that contract with FedEx Ground to provide package pick-up and delivery services have sometimes driven vehicles with a gross vehicle weight rating of 10,000 pounds or less. FedEx Ground otherwise denies the allegations in paragraph 23.

24.     FedEx Ground denies that Plaintiff Claiborne has worked under an ISP. FedEx Ground is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 24 and therefore denies them.

25. FedEx Ground denies the allegation in paragraph 25.

26. FedEx Ground denies the allegations in paragraph 26.

27. FedEx Ground denies the allegation in paragraph 27.

## COLLECTIVE ACTION ALLEGATIONS

28. FedEx Ground admits that Plaintiffs have brought a putative collective action for alleged unpaid overtime, but denies that Plaintiffs' claims have any merit. FedEx Ground otherwise denies the allegations in paragraph 28, including the allegation in the accompanying footnote 3 in which plaintiffs mischaracterize aspects of a separate case in a meritless attempt to assert tolling in this case.

29. FedEx Ground denies the allegations in paragraph 29.

## COUNT I
### (Unpaid Overtime Under the FLSA)

Count I of the Complaint contains conclusions of law to which no response is required. To the extent a response is required, FedEx Ground denies the allegations in Count I.

## PRAYER FOR RELIEF

FedEx Ground denies that Plaintiffs or other individuals who have opted in or may later opt in to this suit are entitled to any relief, including any relief prayed for.

## JURY TRIAL DEMANDED

This section of the Complaint requires no answer.

All allegations not hereinabove specifically admitted, denied, or otherwise explained are here and now denied.

## ADDITIONAL OR AFFIRMATIVE DEFENSES

Standing fully on its right to plead defenses in the alternative, FedEx Ground asserts the following additional or affirmative defenses and reserves the right to amend this Answer to assert other and further additional or affirmative defenses when and if, in the course of discovery and preparation for trial, it becomes appropriate.  By designating these matters as "defenses," FedEx Ground does not suggest either that Plaintiffs do not bear the burden of pleading, production, or proof as to such matters or that such matters are not elements that Plaintiffs must establish in order to make a prima facie case on one or more of their claims against Defendant. Nothing stated herein is intended or shall be construed as an admission that any particular issue or subject matter is relevant to the Plaintiffs' allegations.

As additional defenses, FedEx Ground alleges as follows:

1. The claims of Plaintiffs and any other putative collective action members who have opted in or may later opt in to this suit and on whose behalf Plaintiffs purport to bring this collective action ("FLSA Collective Action Plaintiffs") are barred, in whole or in part, to the extent they have been filed beyond any applicable statute of limitations.

2. FedEx Ground is entitled to costs under Federal Rule of Civil Procedure 41(d).

3. Texas and North Carolina are the appropriate venues for the claims of Sullivan-Blake and Claiborne, respectively, because any events or omissions giving rise to their claims for unpaid overtime are essentially local Texas and North Carolina matters between those Plaintiffs and the individual Texas and North Carolina companies (not FedEx Ground) that employed and paid them, because they arise from the alleged exemption and pay practices and records of those companies.

4. The claims of Plaintiffs and any FLSA Collective Action Plaintiffs are barred in whole or in part for failure to state a cause of action upon which relief may be granted.

5. The claims of Plaintiffs and any FLSA Collective Action Plaintiffs are barred in whole or in part due to lack of standing.

6. The claims of Plaintiffs and any FLSA Collective Action Plaintiffs are barred in whole or in part by the doctrines of res judicata, collateral estoppel, claim preclusion, and/or issue preclusion.

7. The claims of Plaintiffs and any FLSA Collective Action Plaintiffs, or some of them, may not be litigated in court because some or all of said individuals' claims may be subject to individual, mandatory, and binding arbitration.

8. To the extent that Plaintiffs and any FLSA Collective Action Plaintiffs were paid compensation beyond that to which they were entitled, such additional compensation would satisfy, in whole or in part, any alleged claim for unpaid overtime or other monetary relief.

9. The claims of Plaintiffs and any FLSA Collective Action Plaintiffs are subject to the FLSA's two-year limitations period because any violation of the FLSA, which FedEx Ground denies, was not willful and reckless as required to apply a three-year limitations period.

10. The claims of Plaintiffs and any FLSA Collective Action Plaintiffs are barred or reduced by their failure to mitigate or avoid their damages, if any.

11. The claims of Plaintiffs and any FLSA Collective Action Plaintiffs are barred, in whole or in part, by their failure to properly report or document their hours worked.

12. At all times relevant hereto, FedEx Ground acted in good faith in conformity with and in reliance on applicable statutes, regulations and interpretations with regard to some or all of

the alleged acts or omissions, with reasonable grounds to believe that it was not violating federal law, and with no actual or constructive notice of any FLSA violation.

13. FedEx Ground at all times acted in good faith to comply with the FLSA and with reasonable grounds to believe that its actions did not violate the FLSA, and FedEx Ground asserts a lack of willfulness or intent to violate the FLSA or state law as a defense to any claim for liquidated damages.

14. FedEx Ground has not willfully failed to pay any wages or monies claimed due, and there is a good faith dispute with respect to FedEx Ground's obligation to pay any sum that may be alleged to be due.

15. This action is barred to the extent Plaintiffs or any FLSA Collective Action Plaintiffs seek recovery for time that is not compensable time under the FLSA.

16. The damages, if any, of Plaintiffs and any FLSA Collective Action Plaintiffs were proximately caused by persons or entities other than FedEx Ground, including ISPs, Plaintiffs, and/or FLSA Collective Action Plaintiffs.

17. FedEx Ground reserves the right to seek contribution and/or indemnification from other parties whose actions contributed to or caused the damages of Plaintiffs and any FLSA Collective Action Plaintiffs, which damages are specifically denied.

18. The claims of Plaintiffs and any FLSA Collective Action Plaintiffs are barred or preempted, in whole or in part, by federal law, including, without limitation, by the regulation of interstate and intrastate commerce in general and the transportation industry in particular, including, but not limited to, the Motor Carrier Exemption, 29 U.S.C. §213(b)(1).

19. The claims of Plaintiffs and any FLSA Collective Action Plaintiffs are barred in whole or in part because these individuals are exempt from the overtime requirements of the FLSA.

20. The Complaint cannot and should not be maintained on a collective action basis because the claims fail to meet the necessary requirements for certification as a collective action.

21. Plaintiffs Sullivan-Blake and Claiborne do not and cannot fairly and adequately protect the interests of the putative FLSA Collective Action Plaintiffs.

22. Plaintiffs cannot establish that they are similarly situated to others for purposes of a collective action against FedEx Ground under the FLSA.

23. The claims of Plaintiffs and any FLSA Collective Action Plaintiffs are barred, in whole or in part, by the doctrines of unclean hands, laches, waiver, estoppel, accord and satisfaction and/or other equitable defenses.

24. Plaintiffs and any FLSA Collective Action Plaintiffs have sustained no damages or, if any, de minimis damages, which are not actionable under the FLSA.

25. FedEx Ground is not a proper defendant because it did not employ Plaintiffs or any FLSA Collective Action Plaintiffs, and otherwise was not responsible for the employment actions and practices of which Plaintiffs complain.

26. Plaintiffs and any FLSA Collective Action Plaintiffs worked for incorporated businesses that employed the drivers who performed pick-ups and deliveries and, as such, those incorporated businesses, not FedEx Ground, were responsible for ensuring Plaintiffs and FLSA Collective Action Plaintiffs proper compensation.

## RESERVATION OF RIGHTS

FedEx Ground has not knowingly or intentionally waived any applicable defenses, and it reserves the right to amend its Answer and Additional Defenses as warranted through the discovery process and to assert additional defenses that may become known to it.

## PRAYER FOR RELIEF

FedEx Ground respectfully requests that the Court dismiss Plaintiffs' Complaint with prejudice, that the Court find that Plaintiffs are not entitled to any judgment or relief, that the Court enter judgment in favor of FedEx Ground, and that the Court award FedEx Ground its costs and attorneys' fees incurred in defending this action, and such other and further relief as the Court deems just and proper.

## JURY TRIAL

FedEx Ground hereby demands a jury trial on all claims so triable.

Respectfully submitted,

By: */s/ Joseph P. McHugh*
Joseph P. McHugh
PA ID 77489
Email: joseph.mchugh@fedex.com
FedEx Ground Package System, Inc.
1000 FedEx Drive
Moon Township, PA 15108
(412) 859-5917

Jessica G. Scott
*Pro Hac Vice* pending
Email: scott@wtotrial.com
Wheeler Trigg O'Donnell LLP
370 Seventeenth Street, Suite 4500
Denver, CO 80202
(303) 244-1800

Attorneys for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on February 7, 2019, I caused a true and correct copy of the foregoing to be filed with the Court's CM/ECF system which constitutes service on Plaintiffs, whose counsel are registered participants on that system.

*/s/ Joseph P. McHugh*
Joseph P. McHugh