# IN THE UNITED STATES DISTRICT COURT

## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANGEL SULLIVAN-BLAKE and HORACE CLAIBORNE, on behalf of themselves and others similarly situated,<br><br>       Plaintiffs,<br><br>v.<br><br>FEDEX GROUND PACKAGE SYSTEM, INC.,<br><br>       Defendant. | CIVIL ACTION<br><br>No. 2:18-cv-01698-CRE |

## FEDEX GROUND'S OPPOSITION TO PLAINTIFFS' MOTION FOR ISSUANCE OF NOTICE UNDER § 216(B) OF THE FLSA

## <u>TABLE OF CONTENTS</u>

TABLE OF AUTHORITIES ........................................................................................ ii

INTRODUCTION ................................................................................................... 1

FACTUAL BACKGROUND .................................................................................... 1

ARGUMENT .......................................................................................................... 2

I.      PLAINTIFFS ARE NOT ENTITLED TO ISSUE NOTICE UNDER § 216(b) ............... 2

        A.     Plaintiffs and the Putative Class Members Are Not Subject to a Single, Commonly Applicable Policy Affecting Their Compensation .............................. 4

        B.     FedEx Ground's ISP-Based Business Model Does Not Qualify As a Common Policy Supporting Issuance of Notice under § 216(b) ........................... 7

II.     PLAINTIFFS HAVE NOT ACCOUNTED FOR FIRST-FILED CASES ........................ 9

III.    PLAINTIFFS' PROPOSED CLASS PERIOD IS UNSUPPORTABLE ........................ 10

## TABLE OF AUTHORITIES

**CASES**

*Alvarez v. Gold Belt, LLC*,
  No. 08-CV-4871, 2011 WL 1337457
  (D.N.J. Apr. 7, 2011) ........................................................................................... 9

*Blaney v. Charlotte-Mecklenburg Hosp. Auth.*,
  No. 3:10-CV-592, 2011 WL 4351631
  (W.D.N.C. Sept. 16, 2011) ................................................................................. 7

*Hodzic v. FedEx Ground Package Sys., Inc.*,
  No. 15-956, 2016 WL 6248078 (W.D. Pa. Oct. 26, 2016) .................................. 6

*Holley v. Erickson Living*,
  Civ Action No. 11-2444, 2012 WL 1835738
  (E.D. Pa. May 21, 2012) ................................................................................. 5, 6

*Korenblum v. Citigroup, Inc.*,
  195 F. Supp. 3d 475 (S.D.N.Y. 2016) ................................................................ 3

*Martin v. Sprint/United Mgmt. Co.*,
  No. 15 Civ. 5237 (PAE), 2016 WL 30334
  (S.D.N.Y. Jan. 4, 2016) ................................................................................. 3, 8

*Nelson v. FedEx Ground Package Sys., Inc.*,
  No. 18-cv-01378, 2018 WL 6715897
  (D. Colo. Dec. 21, 2018) ................................................................................ 3, 4

*Ortiz v. Panera Bread Co.*,
  No. 1:10CV1424, 2011 WL 3353432
  (E.D. Va. Aug. 2, 2011) ...................................................................................... 9

*Postiglione v. Crossmark, Inc.*,
  Civ. Action No. 11-960, 2012 WL 5829793
  (E.D. Pa. Nov. 15, 2012) ................................................................................ 5, 7

*Roy v. FedEx Ground Package System, Inc.*,
  No. 3:17-cv-30116, 2018 WL 6179504
  (D. Mass. Nov. 27, 2018) ........................................................................ 7, 8, 9, 10

*Symczyk v. Genesis HealthCare Corp.*,
  656 F.3d 189 (3d Cir. 2011),
  *rev'd on other grounds*, 569 U.S. 66 (2013) ..................................................... 3

*Viscomi v. Clubhouse Diner*,
  Civ. Action No. 13-4720, 2016 WL 1255713
  (E.D. Pa. Mar. 31, 2016) .................................................................................................. 3, 5

*Xavier v. Belfor USA Grp., Inc.*,
  585 F. Supp. 2d 873 (E.D. La. 2008) ................................................................................ 3

*Zavala v. WalMart Stores, Inc.*,
  691 F.3d 527 (3d Cir. 2012) ....................................................................................... 2, 8, 9

**STATUTES**

29 U.S.C. § 216 ........................................................................................................... 1, 2, 7

**REGULATIONS**

29 C.F.R. § 778.110 .......................................................................................................... 4

29 C.F.R. § 778.111 .......................................................................................................... 4

29 C.F.R. § 778.112 .......................................................................................................... 4

29 C.F.R. § 778.113 .......................................................................................................... 4

29 C.F.R. § 778.114 .......................................................................................................... 4

## INTRODUCTION

The Court should deny Plaintiffs' Motion for Issuance of Notice under § 216(b) of the FLSA ("Motion") because they cannot show that a uniform compensation policy applied to all drivers who delivered FedEx Ground packages nationwide. Plaintiffs' FLSA claims (and those of any putative member of a collective action) turn on the pay practice adopted and implemented at the sole discretion of their direct employers, not any commonly applicable pay practice, let alone one FedEx Ground directed. Plaintiffs do not (because they cannot) show they are similarly situated to all drivers to whom they propose to send notice—drivers who work for different employers, in different parts of the country, pursuant to different pay practices.

## FACTUAL BACKGROUND

FedEx Ground is a federally-registered motor carrier that offers package pickup and delivery services. Since its inception, FedEx Ground has relied on independent contractors—not its own employees—to provide such services between FedEx Ground's customers and its package sorting facilities. Customers contract with FedEx Ground for pickup and delivery of packages, and FedEx Ground contracts with thousands of small businesses whose employees carry out the physical pickup and delivery of packages.

FedEx Ground's contracted service providers operate under a standard base agreement. Historically, contractors executed contracts known as "Operating Agreements" ("OAs"). (Ex. A, Decl. of M. Endlish ("Endlish Decl.") ¶ 7.) In 2010, FedEx Ground began transitioning its relationship with contractors in some areas to a new, negotiated agreement known as an "Independent Service Provider Agreement" ("ISPA") that reflects the dynamic changes in the delivery marketplace. (*Id.*, ¶ 8.) Under the ISPA, service providers are known as Independent Service Providers ("ISPs"). (*Id.* ¶ 9.) Plaintiffs' proposed collective action concerns ISPs operating under the ISPA, not the OA, although the latter is still used in some parts of the country. (*Id.* ¶ 8.)

The ISPA gives ISPs discretion to manage their businesses as they see fit. This includes "sole and complete discretion" over the compensation of their employees. (Ex. B, Decl. of T. Pierce ("Pierce Decl."), Ex. 1 at 6, Sched. I, § 5.7.) FedEx Ground does not control or direct any ISP's decisions on these matters (*Id.* ¶¶ 21-39), and ISPs use a variety of methods in paying their drivers (*see* Ex. C, Decl. of E. Ortiz ("Ortiz Decl.") ¶¶ 6-7 (ISP pays drivers an hourly rate); Ex. D, Decl. of S. Ellis ("Ellis Decl.") ¶¶ 6-7 (ISP pays drivers a guaranteed day rate for up to 10 hours per day, plus additional compensation for hours over 10 per day); Ex. E, Decl. of G. Guerrero ("Guerrero Decl.") ¶ 5 (ISP pays drivers flat day rate plus overtime for hours over 12 in a day or 40 in a week)).

Plaintiffs, two drivers who claim they delivered FedEx Ground packages for different, unnamed ISPs, filed this lawsuit on behalf of themselves and "others similarly situated" to recover allegedly unpaid overtime. (Compl., ECF No. 1.) Plaintiffs assert that they and drivers employed by all other ISPs nationwide are similarly situated because they were employed through and paid by ISPs—not FedEx Ground—and did not receive overtime pay. Notably, Plaintiffs are not even similarly situated to each other as Claiborne never even drove for an ISP. (Pierce Decl. ¶ 7.) Plaintiffs' Motion should be denied.

## ARGUMENT

### I.    PLAINTIFFS ARE NOT ENTITLED TO ISSUE NOTICE UNDER § 216(b)

The FLSA permits assertion of overtime claims as a collective action only when the plaintiff and other complaining employees are "similarly situated," 29 U.S.C. § 216(b), meaning they are "subject[] to some common employer practice that, if proved, would help demonstrate a violation of the FLSA," *Zavala v. WalMart Stores, Inc.*, 691 F.3d 527, 538 (3d Cir. 2012). When facing a request to issue notice, courts must make an inquiry into whether the putative class members were "collectively the victims of a single decision, policy, or plan" that violated the

FLSA. *Viscomi v. Clubhouse Diner*, Civ. Action No. 13-4720, 2016 WL 1255713, at *4 (E.D. Pa. Mar. 31, 2016). Plaintiffs must "produce some evidence, beyond pure speculation, of a factual nexus between the manner in which the employer's alleged policy affected [them] and the manner in which it affected other employees." *Symczyk v. Genesis HealthCare Corp.*, 656 F.3d 189, 193 (3d Cir. 2011), *rev'd on other grounds*, 569 U.S. 66 (2013) (internal quotation marks omitted). This standard "works in harmony with the [FLSA's] opt-in requirement to cabin the potentially massive size of collective actions." *Id.*

When, as here, putative class members are directly employed by different entities that contract with an alleged joint employer, courts have required some showing that the alleged FLSA violations arise from a common source—a single policy or practice for which the alleged joint employer is responsible. *See Nelson v. FedEx Ground Package Sys., Inc.*, No. 18-cv-01378, 2018 WL 6715897, at *5-6 (D. Colo. Dec. 21, 2018) (citing cases and observing that "the court's independent research has [not] identified an analogous situation that resulted in certification absent allegations establishing the defendant's participation in plaintiffs' compensation decisions, policies, or plans"), *recommendation adopted*, Order (Feb. 8, 2019), attached as Ex. F.[1] This framework ensures sufficient commonality of the class members' circumstances to justify collective treatment. But, here, Plaintiffs do not even attempt to identify any commonly-

[1] *See also Korenblum v. Citigroup, Inc.*, 195 F. Supp. 3d 475, 483-85 (S.D.N.Y. 2016) (declining conditional certification against putative joint employer when plaintiff failed to offer substantial allegations showing that it controlled direct employers' compensation policies or dictated a policy resulting in alleged violation); *Martin v. Sprint/United Mgmt. Co.*, No. 15 Civ. 5237 (PAE), 2016 WL 30334, at *6-11 (S.D.N.Y. Jan. 4, 2016) (declining conditional certification against putative joint employer when evidence showed that compensation decisions rested with plaintiff's direct employer and plaintiff did not "make any concrete factual allegations to the effect that . . . the wage, hour, and classification practices that they protest were imposed by, or derived from, [the putative joint employer] itself"); *Xavier v. Belfor USA Grp., Inc.*, 585 F. Supp. 2d 873, 878-80 (E.D. La. 2008) (declining conditional certification against putative joint employer when plaintiffs did not show they "were together a part of a common policy, plan, or decision implemented by [the defendant and putative joint employer] that violated the law").

applicable compensation policy that deprives them of overtime pay, and for good reason. The evidence offered by both Plaintiffs and FedEx Ground proves otherwise: ISPs have full discretion in setting their drivers' pay, and their pay policies may (and do) take on many different lawful forms.[2] Faced with this reality, Plaintiffs mistakenly point to FedEx Grounds' ISP-based business model (coupled with their allegation that FedEx Ground functions as the drivers' joint employer) as the requisite source of commonality. (Br. in Supp. of Pls.' Mot. ("Mot.") 4.) That approach was recently rejected by another federal district court facing the same allegations, *Nelson*, 2018 WL 6715897, at *5-8, and should be rejected here, too, for the reasons discussed below.[3]

### A.   Plaintiffs and the Putative Class Members Are Not Subject to a Single, Commonly Applicable Policy Affecting Their Compensation

Plaintiffs fail to make even a modest factual showing that they are similarly situated to each other, let alone to members of the vastly-defined putative class. Plaintiffs' declarations show they were themselves subject to different compensation policies implemented by the ISPs employing them. (*See* Claiborne Aff. ¶ 17 (he has "always been paid a flat weekly or bi-weekly rate" (emphasis added)); Sullivan-Blake Aff. ¶ 10 (she was paid either a flat daily rate or a flat per-stop rate, depending on the ISP that employed her) (emphasis added).) Similarly, their declarations fail to evidence any single, commonly-applicable pay policy or structure to which

---

[2] For example, the FLSA permits employers to pay non-exempt employees on an hourly basis, 29 C.F.R. § 778.110, a salaried basis, *id.* § 778.113, a piece-rate basis, *id.* § 778.111(a), a piece-rate basis with a guaranteed minimum hourly rate, *id.* § 778.111(b), on a day or job basis, *id.* § 778.112, or under a "fluctuating work week" methodology, *id.* § 778.114. Different standards for determining overtime pay apply to each of these methods. *See generally* 29 C.F.R. Part 778.

[3] Reviewing the magistrate judge's recommendation de novo, Judge Moore held that the plaintiff's joint-employer contention did not substitute for the requisite "substantial allegations of a single decision, policy, or plan affecting the putative class members' pay that was undertaken by [FedEx Ground]." (Ex. F at 9 (*Nelson* Order).)

other drivers were subject. Sullivan-Blake claims that unnamed ISPs offered drivers "either a flat daily rate or a flat per-stop rate." (Sullivan-Blake Aff. ¶ 12.) Claiborne states only that other drivers are paid an unspecified "flat rate." (Claiborne Aff. ¶ 19.) Thus, while Plaintiffs attest to a common FLSA violation—failure to pay overtime—they offer no evidence of any universally-applied FedEx Ground pay policy that produced that violation. That alone merits denial of their Motion. *See Postiglione v. Crossmark, Inc.*, Civ. Action No. 11-960, 2012 WL 5829793, at *6-7 (E.D. Pa. Nov. 15, 2012) (denying conditional certification when plaintiffs attested to various policies resulting in unpaid administrative work, each implemented by different supervisors); *Viscomi*, 2016 WL 1255713, at *6 (denying conditional certification as to certain claims because allegedly unlawful policies "were administered in a necessarily individualized, *ad hoc* manner").

FedEx Ground's evidence reinforces this conclusion.[4] Plaintiffs claim they worked for different ISPs at different locations across the country. Per FedEx Ground's contracts with those ISPs, each ISP—not FedEx Ground—has "sole and complete discretion" over their drivers' pay. (Pierce Decl., Ex. 1 at 6, Sched. I, §5.7.) And not all ISPs have the same pay policies. Some pay drivers on an hourly basis, with time-and-a-half for all overtime hours. (Ortiz Decl. ¶¶ 6-7.) Others pay on a piece-rate or per-stop basis. (Sullivan-Blake Aff. ¶ 10.) Still others pay some form of a day rate, though this, too, encompasses variations. (Ellis Decl. ¶¶ 6-8; Guerrero Decl. ¶¶ 5-6.) Plaintiffs, therefore, cannot show that <u>all</u> drivers employed by <u>all</u> ISPs are subject to the same compensation policy that produced the FLSA violations that they allege.

Nor do Plaintiffs attempt to show as much. At best, they offer evidence that they and unnamed drivers operating out of three stations in Texas, one in Virginia, and two in North

---

[4] The Court may properly consider this evidence. *See Holley v. Erickson Living*, Civ Action No. 11-2444, 2012 WL 1835738, at *4 (E.D. Pa. May 21, 2012) (crediting defendant's evidence opposing conditional certification when plaintiff's evidence did not contradict it).

Carolina were paid on some form of a flat-rate basis—be it piece-rate, daily, or weekly—without overtime pay. They make no showing concerning the pay policies employed by ISPs operating out of hundreds of other stations across the United States. Conditional certification involving any of these other stations, to which Plaintiffs offer no evidence, is manifestly unwarranted. *See Holley*, 2012 WL 1835738, at *4 (refusing to conditionally certify collective action as to second location because plaintiff offered no evidence regarding the policies and procedures in effect at that location).

Indeed, this Court has already rejected an attempt at nationwide FLSA certification against FedEx Ground brought by the same plaintiffs' law firm as this case for lack of evidence regarding drivers outside the stations where the named plaintiffs worked. *Hodzic v. FedEx Ground Package Sys., Inc.*, No. 15-956, 2016 WL 6248078 (W.D. Pa. Oct. 26, 2016). *Hodzic* plaintiffs owned businesses that contracted with FedEx Ground, unlike this case where Plaintiffs were employees but not also owners of such businesses. But, as here, the plaintiffs' "evidence concerning other similarly situated individuals affected by FedEx's business policies is sparse, at best." *Id.* at *9; *see also id.* at *8 ("Plaintiffs have failed to adduce sufficient evidence to conditionally certify a nationwide collective action of FedEx Home Delivery and Ground contractors."). Also as in *Hodzic*, Plaintiffs' evidence here pertinent to any obligation to work unpaid overtime is specific to their individual circumstances, which cannot be extrapolated to thousands of other drivers across hundreds of stations. *See id.* at *8.

Finally, even if Plaintiffs' declarations alluded to some common pay practice applicable to them and other drivers employed by the same ISPs, Plaintiffs still fail to tie those ISPs' pay practices—and the alleged FLSA violations—*to any FedEx Ground-directed policy*. While they claim FedEx Ground controlled various aspects of their working conditions, they do not suggest

6

that FedEx Ground controlled their ISPs' decisions *concerning driver compensation*. The reason is simple—it does not. (*See, e.g.*, Pierce Decl., Ex. 1 (ISPA); Ortiz Decl. ¶ 5; Ellis Decl. ¶ 9.) In fact, some ISPs protect their pay practices as proprietary and wish to preclude FedEx Ground from accessing this information altogether. (Ex. G, Decl. of Kirk Turner ¶ 4.)

      In sum, Plaintiffs have not identified any commonly-applicable pay policy producing the alleged FLSA violations, let alone one *FedEx Ground* directed. Thus, they have failed to show they are similarly situated to each other or the putative class members, and conditional certification should be denied. *See* Ex. F at 9; *see also Postiglione*, 2012 WL 5829793, at *6-7; *Blaney v. Charlotte-Mecklenburg Hosp. Auth.*, No. 3:10-CV-592, 2011 WL 4351631, at *7 (W.D.N.C. Sept. 16, 2011) (denying conditional certification due to lack of common policy when alleged policies were "actually left to the decentralized discretion" of individual units and management staff).

      **B.**    **FedEx Ground's ISP-Based Business Model Does Not Qualify As a Common Policy Supporting Issuance of Notice under § 216(b)**

      Unable to allege and substantiate the existence of any universal, FedEx Ground-directed compensation policy, Plaintiffs instead focus on FedEx Ground's "nationwide ISP model" as their basis for conditional certification. In this same vein, Plaintiffs urge the Court to rubber-stamp the decision in *Roy v. FedEx Ground Package System, Inc.*, No. 3:17-cv-30116, 2018 WL 6179504 (D. Mass. Nov. 27, 2018), only now on a nationwide basis. But neither FedEx Ground's ISP-based business model nor the decision in *Roy* provide a sound basis for conditional certification of any collective action, let alone one nationwide in scope.

      Plaintiffs' approach, and by extension that adopted by the *Roy* court, suffers from a fundamental analytical flaw. According to Plaintiffs, it is enough for conditional certification to show that FedEx Ground may qualify as a joint employer because it controls drivers' working

conditions—albeit <u>not</u> their pay—and, separately, that they and the putative class members were paid some type of flat rate without overtime by their direct employers. (Mot. 3-4.) Plaintiffs, however, conflate two distinct concepts—one bearing on the commonality binding the putative class together (i.e., the existence of single or common FedEx Ground practice giving rise to an FLSA violation) and the other bearing solely on who may be held liable for an FLSA violation (i.e., whether FedEx Ground is the drivers' joint employer). *Roy* makes this same mistake, 2018 WL 6179504, at *14, and, as a result, is contrary to precedent in the Third Circuit, *See Zavala*, 691 F.3d at 538.

The relevant question for conditional certification is not whether a single entity (e.g., FedEx Ground) may be held liable for alleged FLSA violations stemming from the disparate decisions of distinct and independent actors (e.g., ISPs), but whether the putative class members were subject to a commonly-applied policy that gave rise to the alleged FLSA violations. By definition, that proper standard requires some evidence that the alleged <u>violation</u> stems from a common source that is generally applicable to the entire class. *See Martin*, 2016 WL 30334, at *6 (recognizing that allegedly common policy "must be the one that is alleged to have violated the statute itself"). Indeed, the Third Circuit mandates no less: "[b]eing similarly situated does not mean simply sharing a common status, like being [employed by a third-party contractor]. Rather, it means that one is subjected to some common employer practice that, if proved, would help demonstrate a violation of the FLSA." *Zavala*, 691 F.3d at 538. The approach Plaintiffs advocate, and which the court mistakenly adopted in *Roy*, abandons this requirement and, thus, contravenes the standard for conditional certification in this circuit.

FedEx Ground's decision to contract with ISPs for pickup and delivery services does not, standing alone, support conditional certification any more than would its decision to directly hire

its own employees to provide such services. Neither is a common policy that violates the FLSA. That FedEx Ground contracts with ISPs (or that it is allegedly a joint employer) is not a violation of the FLSA, and Plaintiffs do not claim otherwise. Nor do they allege that FedEx Ground's policy of contracting with ISPs somehow negates those entities' discretion over drivers' pay. Thus, FedEx Ground's business model does not provide a basis for finding that Plaintiffs and the putative class are similarly situated. *See Zavala*, 691 F.3d at 538.

## II.    PLAINTIFFS HAVE NOT ACCOUNTED FOR FIRST-FILED CASES

Although Plaintiffs carve out Massachusetts drivers from their proposed collective action in deference to *Roy*, they wholly fail to address various other putative collective actions pending around the country. Drivers employed by ISPs and CSPs have filed putative collective actions asserting FLSA overtime claims against FedEx Ground in California, Colorado, and Kentucky, seeking to represent ISP-specific, station-specific, and statewide classes of drivers in California, a statewide class of drivers in Colorado, and a potentially nationwide class of drivers in Kentucky. (Endlish Decl. ¶ 5.) All but two of these cases were filed before this case. (*Id.*)

Plaintiffs' failure to propose any plan for addressing these first-filed cases raises the potential for competing collective actions that "threaten to present overlapping classes, multiple attempts at certification in [multiple jurisdictions], . . . complicated settlement negotiations," and, most significantly, conflicting outcomes. *See Ortiz v. Panera Bread Co.*, No. 1:10CV1424, 2011 WL 3353432, at *2 (E.D. Va. Aug. 2, 2011); *see also Alvarez v. Gold Belt, LLC*, No. 08-CV-4871, 2011 WL 1337457, at *1-2 (D.N.J. Apr. 7, 2011). In fact, the federal court in Colorado has already <u>rejected</u> conditional certification of a putative statewide collective action. Ex. F at 8-10. Granting conditional certification of a nationwide FLSA class that includes Colorado drivers would improperly allow Plaintiffs to effect an end-run around this ruling. The interests of judicial comity and efficiency do not countenance that result.

9

### III.    PLAINTIFFS' PROPOSED CLASS PERIOD IS UNSUPPORTABLE

Due to Plaintiffs' request for an extended putative collective action time period, which is not supported by any authority, FedEx Ground requests separate briefing on the issue if the Court decides to issue any sort of notice. As just one example, Plaintiffs ask for notice all the way back to August 29, 2014, based solely on an unaddressed tolling motion in *Roy* and an inaccurate construction of a narrow tolling agreement, stating:

> FedEx Ground . . . will not pursue its limitations period defense . . . *in this case* against anyone who opts into the case to the extent that defense is based on the passage of time between February 19, 2018, and the date on which "there is a ruling on Plaintiffs' motion for conditional certification and issuance of notice of a collective action," ECF No. 29 (referencing ECF No. 6), if the Court grants FedEx Ground's motion for a stay, *see* ECF No. 15, at 6, and does not set a briefing schedule on Plaintiffs' motion for conditional certification and issuance of notice of a collective action, ECF 6, until after the Court has ruled on FedEx Ground's motion to dismiss, ECF No. 15.

*Roy*, ECF 30 at 1-2 (emphasis added). That carefully circumscribed and conditioned modification to the way the FLSA limitations period typically works (tied to the date on which each person opts in) was proposed to the *Roy* court for reasons unique to *Roy*. FedEx Ground moved to dismiss for lack of personal jurisdiction and to stay briefing on conditional certification. *See Roy*, ECF 15 at 1, 6. The *Roy* court entered an order stating that it would deny the motion to stay unless the parties entered into a tolling agreement within 14 days. *See id.* at ECF 29. Plaintiffs provide no legal authority or explanation for why the case-specific agreement should apply here.

To go beyond even *that* inapplicable agreement (to August 29, 2014), Plaintiffs invoke a post-agreement motion their counsel filed in *Roy* seeking further tolling. But that motion is opposed (*see Roy*, ECF Nos. 32, 33, 37, 40); has never been granted; and could never have been granted as to putative opt-ins now at issue in this case because the *Roy* court had no personal jurisdiction to adjudicate their claims (*see Roy*, ECF 64).

Dated:  February 25, 2019                    Respectfully submitted,


                                             *s/ Jessica G. Scott*
                                             Jessica G. Scott
                                             Wheeler Trigg O'Donnell LLP
                                             370 Seventeenth Street, Suite 4500
                                             Denver, CO  80202-5647
                                             Telephone:    303.244.1800
                                             Facsimile:    303.244.1879
                                             Email: scott@wtotrial.com

                                             Joseph P. McHugh
                                             FedEx Ground Package System, Inc.
                                             1000 FedEx Drive
                                             Moon Township, PA  15108
                                             Telephone:    (412) 859-5917
                                             Facsimile:    (412) 859-5450
                                             Email: joseph.mchugh@fedex.com

                                             Attorneys for Defendant
                                             FedEx Ground Package System, Inc.

## CERTIFICATE OF SERVICE (CM/ECF)

I HEREBY CERTIFY that on February 25, 2019, I electronically filed the foregoing **FEDEX GROUND'S OPPOSITION TO PLAINTIFFS' MOTION FOR ISSUANCE OF NOTICE UNDER § 216(B) OF THE FLSA** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following email addresses:

The following are those who are currently on the list to receive e-mail notices for this case.

- **Peter Winebrake**
  pwinebrake@winebrakelaw.com

- Shannon Liss-Riordan
  sliss@llrlaw.com

- Michelle Cassorla
  mcassorla@llrlaw.com

*s/ Jessica G. Scott*