# IN THE UNITED STATES DISTRICT COURT

## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANGEL SULLIVAN-BLAKE and HORACE CLAIBORNE, on behalf of themselves and others similarly situated,<br><br>         Plaintiffs,<br><br>v.<br><br>FEDEX GROUND PACKAGE SYSTEM, INC.,<br><br>         Defendant. | CIVIL ACTION<br><br>No. 2:18-cv-01698-PLD |

**FEDEX GROUND'S RESPONSE TO PLAINTIFFS' MEMORANDUM REGARDING APPROPRIATE TIME PERIOD FOR THE PUTATIVE COLLECTIVE ACTION**

# <u>TABLE OF CONTENTS</u>

<u>Page</u>

TABLE OF AUTHORITIES ..................................................................................................... ii

INTRODUCTION AND BACKGROUND ............................................................................. 1

ARGUMENT ........................................................................................................................... 3

I.      THIS CASE DOES NOT PRESENT "EXCEPTIONAL CIRCUMSTANCES" THAT WOULD JUSTIFY IGNORING CONGRESSIONAL INTENT AND EQUITABLY TOLLING THE STATUTE OF LIMITATIONS ...................................... 3

      A.     Congress Intended Class Members' FLSA Claims To Commence When They File Written Consents To Join An Action ...................................... 3

      B.     Plaintiffs Have Not Shown That This Is The Rare Case In Which Equitable Tolling Is Warranted............................................................... 4

II.     EVEN IF THE COURT DECIDES TO APPLY EQUITABLE TOLLING, THE *ROY* CASE IS NOT THE APPROPRIATE BENCHMARK ............................................ 8

CONCLUSION...................................................................................................................... 11

## <u>TABLE OF AUTHORITIES</u>

<u>Page</u>

### <u>Cases</u>

*Abeyta v. BNSF Ry. Co.*,
  No. 2:17-CV-0350-TOR,
  2018 WL 327283 (E.D. Wash. Jan. 8, 2018) ........................................................................ 10

*Alvarez v. BI Inc.*,
  No. 16-2705,
  2018 WL 2288286 (E.D. Pa. May 17, 2018) ...................................................................... 5, 9

*Am. Pipe & Constr. Co. v. Utah*,
  414 U.S. 538 (1974) ............................................................................................................... 4

*Bergman v. Kindred Healthcare, Inc.*,
  949 F. Supp. 2d 852 (N.D. Ill. 2013) ..................................................................................... 7

*Bosley v. Chubb Corp.*,
  No. 04-CV-4598,
  2007 WL 9604965 (E.D. Pa. Feb. 20, 2007) .......................................................................... 7

*Burnett v. N.Y. Cent. R.R. Co.*,
  380 U.S. 424 (1965) ............................................................................................................... 4

*Charles v. Progressions Behavioral Health Servs., Inc.*,
  No. 17-2439,
  2018 WL 4924169 (E.D. Pa. Oct. 9, 2018) ............................................................................ 6

*China Agritech, Inc. v. Resh*,
  138 S. Ct. 1800 (2018) ...................................................................................................... 9, 11

*Depalma v. Scotts Co.*,
  No. 13-7740 (KM) (JAD),
  2017 WL 1243134 (D.N.J. Jan. 20, 2017) .......................................................................... 4, 7

*Ewing v. First Energy Corp.*,
  No. 2:17-cv-01573,
  2018 WL 6715725 (W.D. Pa. Dec. 21, 2018) ...................................................................... 5, 6

*Figueroa v. BNSF Ry. Co.*,
  275 F. Supp. 3d 1225 (E.D. Wash. 2017) ............................................................................. 10

*Flores v. Predco Servs. Corp.*,
  No. 10-1320 RMB/AMD,
  2011 WL 883640 (D.N.J. Mar. 11, 2011) ............................................................................. 10

## <u>TABLE OF AUTHORITIES (cont.)</u>

<u>Page</u>

*Fox v. Eaton Corp.*,
    615 F.2d 716 (6th Cir. 1980) ................................................................ 9

*Goodlawr, Inc. v. Heiman*,
    369 U.S. 463 (1962) ........................................................................... 10

*Hedges v. U.S.*,
    404 F.3d 744 (3d Cir. 2005) .......................................................... 4, 5

*Hunt v. McKesson Corp.*,
    No. 2:16-cv-1834,
    2018 WL 4092065 (W.D. Pa. Aug. 28, 2018) .......................................... 7

*Jones v. Morton*,
    195 F.3d 153 (3d Cir. 1999) ................................................................ 5

*Jordan v. Meridian Bank*,
    No. 17-5251,
    2019 WL 1355067 (E.D. Pa. Mar. 19, 2019) ......................................... 5

*Kolasa v. BOS Sols., Inc.*,
    ECF No. 63,
    No. 17-1087 (W.D. Pa. Mar. 7, 2018) .................................................. 7

*Neal v. Buffaloe & Assocs.*,
    No. 3-12-0331,
    2012 WL 1883419 (M.D. Tenn. May 22, 2012) ..................................... 10

*Ornelas v. Hooper Holmes, Inc.*,
    No. 12-cv-3106 (JAP),
    2014 WL 7051868 (D.N.J. Dec. 12, 2014) ............................................ 7

*Platoro Ltd. v. Unidentified Remains of a Vessel*,
    614 F.2d 1051 (5th Cir. 1980) ............................................................. 9

*Reynolds v. Logan Charter Serv., Inc.*,
    565 F. Supp. 84 (N.D. Miss. 1983) ...................................................... 10

*Roy v. FedEx Ground Package Sys., Inc.*,
    353 F. Supp. 3d 43 (D. Mass. 2018) ..................................................... 1

*Ruehl v. Viacom, Inc.*,
    500 F.3d 375 (3d Cir. 2007) ................................................................ 6

## TABLE OF AUTHORITIES (cont.)

Page

*Titchenell v. Apria Healthcare, Inc.*,
   No. 11-563,
   2012 WL 3731341 (E.D. Pa. Aug. 29, 2012) ..................................................................... 6

*Tomkins v. Farmers Ins. Exch.*,
   No. 5:14-cv-3737,
   2015 WL 4931605 (E.D. Pa. Aug. 18, 2015) ..................................................................... 6

*Tyrell v. BNSF Ry. Co.*,
   No 4:17-CV-04120-RAL,
   2018 WL 2944529 (D.S.D. June 12, 2018) ....................................................................... 9

*Valenzuela v. Kraft, Inc.*,
   801 F.2d 1170 (9th Cir. 1986) .......................................................................................... 9

*Vargas v. Gen. Nutrition Ctrs., Inc.*,
   No. 2:10-cv-867,
   2012 WL 5336166 (W.D. Pa. Oct. 26, 2012) ......................................................... 4, 5, 6, 8

*Walck v. Discavage*,
   741 F. Supp. 88 (E.D. Penn. 1990) ................................................................................. 10

*Woodard v. FedEx Freight East, Inc.*,
   250 F.R.D. 178 (M.D. Penn. 2008) ............................................................................... 4, 6

**Statutes**

29 U.S.C. § 255(a) ................................................................................................................ 3

29 U.S.C. § 256 .................................................................................................................. 3, 9

29 U.S.C. § 256(a) .............................................................................................................. 11

## INTRODUCTION AND BACKGROUND

Plaintiffs Angel Sullivan-Blake and Horace Claiborne are not employed by FedEx Ground. Instead, they worked for several of the thousands of small businesses ("Contracted Service Providers" or "CSPs") that contract with FedEx Ground to pickup and deliver packages for customers around the country. Although Plaintiffs allege a joint employment theory against FedEx Ground, what they do not, and cannot, allege is that FedEx Ground pays them or that FedEx Ground has some sort of commonly-applicable pay policy regarding how CSPs pay them. Despite their lack of a direct pay relationship with FedEx Ground and the need to analyze thousands of different CSP pay practices to determine which may, if any, violate the FLSA, Plaintiffs filed this putative nationwide collective action in December 2018, arguing that FedEx Ground violated the Fair Labor Standard Act (FLSA) because CSPs did not pay overtime to drivers who worked more than 40 hours per week in light vehicles.

This case is Plaintiffs' and their attorneys' latest attempt to sue FedEx Ground on a nationwide basis for the same alleged conduct. Sullivan-Blake, a Texas resident, was a named plaintiff and Claiborne, a North Carolina resident, was an opt-in individual in an action filed in the United States District Court of the District of Massachusetts in August 2017. That court held that it lacked jurisdiction over Sullivan-Blake's personal claims in May 2018 and over the claims of putative class members outside of Massachusetts in November 2018. *See* Memorandum and Order Regarding Defendant FedEx Ground's Motion to Dismiss at 12-14, *Roy v. FedEx Ground Package Sys., Inc.*, No. 3:17-cv-30116 (D. Mass May 22, 2018), ECF No. 41 (dismissing Sullivan-Blake as a named plaintiff); *Roy v. FedEx Ground Package Sys., Inc.*, 353 F. Supp. 3d 43, 52-62 (D. Mass. 2018) (refusing to conditionally certify a class outside of Massachusetts).

On January 15, 2019, Plaintiffs moved for issuance of notice to a putative nationwide class under section 216(b) of the FLSA in this case. (ECF Nos. 10 & 11.) FedEx Ground

1

opposed that motion, which became ripe on March 4, 2019, when Plaintiffs filed a reply. (ECF Nos. 29 & 32.)

Recently, the Court ordered Plaintiffs to file a memorandum setting out their position on the relevant time period for the putative collective action.[1] (ECF No. 103.) Plaintiffs filed that memorandum on September 9, 2019, asking the Court to equitably toll the statute of limitations for putative class members not to an earlier date in <u>this</u> litigation, but back more than two years to the filing of the complaint in *Roy*. (ECF No. 104.)

Plaintiffs' position is unsupported by both the law—which recognizes equitable tolling as the exception, not the rule, in FLSA cases—and by the facts—which show that this is not the extraordinary sort of case in which equitable tolling would be appropriate. Equitable tolling is not warranted because any delays in this case have been part of the expected course of an FLSA collective action. Plaintiffs' continued attempts to present this case as a continuation of *Roy* to justify equitable tolling back to the start of that action has no support in any case law. The Court should therefore reject their position. Plaintiffs made the strategic decision to proceed first in Massachusetts on a purported nationwide basis, despite the lack of general jurisdiction over FedEx Ground and apparently only because Plaintiffs' lead counsel is from there and was able to find two Massachusetts named plaintiffs. No authority, cited by Plaintiffs or otherwise, supports taxing FedEx Ground with an increased putative class period for Plaintiffs' counsel's incorrect strategic decisions.

---

[1] Conditional certification is not appropriate in this case. FedEx Ground recognizes, however, that even if the Court denies Plaintiffs' motion for issuance of notice, the time-period question is relevant to the claims of the several dozen individuals that have filed opt-in notices to date.

# ARGUMENT

## I.   THIS CASE DOES NOT PRESENT "EXCEPTIONAL CIRCUMSTANCES" THAT WOULD JUSTIFY IGNORING CONGRESSIONAL INTENT AND EQUITABLY TOLLING THE STATUTE OF LIMITATIONS

### A.   Congress Intended Class Members' FLSA Claims To Commence When They File Written Consents To Join An Action

The plain language of the FLSA reflects Congress's intent to have class members' claims "commence" when they file their notice opting into the action. That statute provides that actions must be commenced within two years (three years in the case of willful violations) of their accrual.[2] 29 U.S.C. § 255(a). When a case "commences" for purposes of the statute depends on the status of the individual as follows:

> [I]n the case of a collective or class action instituted under the Fair Labor Standards Act of 1938, as amended, or the Bacon-Davis Act, it shall be considered to be commenced in the case of any individual claimant—
>
> (a) on the date when the complaint is filed, if he is specifically named as a party plaintiff in the complaint and his written consent to become a party plaintiff is filed on such date in the court in which the action is brought; or
>
> (b) if such written consent was not so filed or if his name did not so appear—on the subsequent date on which such written consent is filed in the court in which the action was commenced.

*Id.* § 256. Thus, the statutory language is clear: If a named plaintiff files his opt-in form on the day in which he files his complaint, his claims are commenced for purposes of the statute of limitations. As to all others that may later opt into the case, their claims commence when their opt-in forms are filed with the court.

---

[2] Plaintiff argues that the appropriate notice period in this case is three years, not two. (ECF No. 104, 12-14.) Although FedEx Ground disagrees that Plaintiffs will be able to prove any willful violation, it agrees that under applicable case law, if the Court issues notice, a three-year notice period would be appropriate because Plaintiffs have alleged willful conduct.

In requiring this opt-in mechanism to meet the statute of limitations, Congress created a different rule than that which applies to Rule 23 class actions. When a putative class action is brought under Rule 23, the statute of limitations is tolled for all members of the putative class. *Am. Pipe & Constr. Co. v. Utah*, 414 U.S. 538, 554 (1974). Because Congress expressed a clear intent to have opt-in individuals' claims commence when they file their notices, this Court should be hesitant to order equitable tolling. *See Depalma v. Scotts Co.*, No. 13-7740 (KM) (JAD), 2017 WL 1243134, at *4 (D.N.J. Jan. 20, 2017) ("Congress did not intend to provide automatic, Rule 23-style, class-wide tolling at the moment the collective action is filed."); *Woodard v. FedEx Freight East, Inc.*, 250 F.R.D. 178, 194 (M.D. Penn. 2008) ("Congress knew when it enacted 29 U.S.C. § 256 that time would lapse between the filing of the collective action complaint by the named plaintiff and the filing of written consents by the opt-in plaintiffs, yet it chose not to provide for tolling of the limitations period."); *see also Burnett v. N.Y. Cent. R.R. Co.*, 380 U.S. 424, 427 (1965) ("[T]he basic inquiry is whether congressional purpose is effectuated by tolling the statute of limitations in given circumstances.").

## B. Plaintiffs Have Not Shown That This Is The Rare Case In Which Equitable Tolling Is Warranted

Equitable tolling principles may apply to FLSA collective actions. *Vargas v. Gen. Nutrition Ctrs., Inc.*, No. 2:10-cv-867, 2012 WL 5336166, at *5 (W.D. Pa. Oct. 26, 2012) (stating that equitable tolling applies to all federal statutes of limitations, including the FLSA). But such tolling is disfavored and requires exceptional circumstances. *Hedges v. U.S.*, 404 F.3d 744, 751 (3d Cir. 2005) ("Equitable tolling is an extraordinary remedy which should be extended only sparingly."). In this circuit, there are three situations where it may be appropriate: (1) where the defendant has actively misled the plaintiff regarding their cause of action; (2) where the plaintiff has "in some extraordinary way" been prevented from asserting his rights; and

(3) "where the Plaintiff has timely asserted his or her rights mistakenly in the wrong forum."[3] *Id.* Plaintiffs have the burden of establishing that equitable tolling is warranted. *Id.*; *see also Ewing v. First Energy Corp.*, No. 2:17-cv-01573, 2018 WL 6715725, at *2 (W.D. Pa. Dec. 21, 2018).

Despite the burden being squarely theirs, Plaintiffs do not contend that FedEx Ground has actively misled members of the putative class or that putative class members have been prevented from asserting their rights in some extraordinary way.[4] Instead, the thrust of their argument seems to be that equitable tolling is regularly applied to FLSA collective actions (ECF No. 104 at 10-12). But the cases Plaintiffs cite are largely from outside this circuit and not controlling. *See Vargas*, 2012 WL 5336166, at *9 (declaring cases that equitably tolled for litigation delays not persuasive and noting that the Third Circuit's "express guidance . . . compel[led]" the decision not to equitably toll).

In the Third Circuit, in contrast, courts routinely decline to equitably toll the statute of limitations in FLSA collective actions. *See, e.g.*, *Jordan v. Meridian Bank*, No. 17-5251, 2019 WL 1355067, at *5 (E.D. Pa. Mar. 19, 2019) (refusing to toll and concluding that a court delay "did not, in some extraordinary way, prevent the [putative class members] from asserting their rights"); *Alvarez v. BI Inc.*, No. 16-2705, 2018 WL 2288286, at *12-17 (E.D. Pa. May 17, 2018) (agreeing with defendant's argument that "routine delay in deciding a conditional certification motion and issuing a court-approved notice is not a circumstance that warrants the extraordinary

---

[3] While these categories are not exclusive, the Third Circuit has recognized that "a statute of limitations should be tolled only in the rare situation where equitable tolling is demanded by sound legal principles as well as the interests of justice." *Jones v. Morton*, 195 F.3d 153, 159 (3d Cir. 1999). Plaintiffs have not even attempted to meet such a standard.

[4] Plaintiffs do appear to try to fit the putative class members into the third category based on *Roy* but, as discussed more below, that exception does not apply where, as here, there is no evidence that the absent class members did anything to protect their rights in Massachusetts or any other forum.

remedy of equitable tolling"); *Ewing*, 2018 WL 6715725, at *2-3 (rejecting plaintiff's argument that she was misled by the defendant or that defendant's conduct had delayed discovery and refusing to apply equitable tolling); *Tomkins v. Farmers Ins. Exch.*, No. 5:14-cv-3737, 2015 WL 4931605, at *6-7 (E.D. Pa. Aug. 18, 2015) ("[C]ourts must be cautious about equitably tolling the FLSA limitations period especially where, as here, there are no allegations of wrongdoing on the part of the defendant."); *Titchenell v. Apria Healthcare, Inc.*, No. 11-563, 2012 WL 3731341, at *6-8 (E.D. Pa. Aug. 29, 2012) ("[I]n the average case, in which the delay is attributable to the normal litigation process, courts have held that equitable tolling is not appropriate."); *Vargas*, 2012 WL 5336166, at *4-9 ("Even when faced with somewhat significant delays throughout the litigation, neither the Court nor the Defendants prohibited any of [the] putative members who may now be foreclosed from this matter from pursuing an individual or collective action for relief."); *Woodard*, 250 F.R.D. at 192-94 ("[T]he record discloses nothing extraordinary that has prevented . . . the prospective plaintiffs from asserting an FLSA claim."); *see also Ruehl v. Viacom, Inc.*, 500 F.3d 375, 383-85 (3d Cir. 2007) (refusing to equitably toll a claim under the Age Discrimination in Employment Act, which incorporates the FLSA's collective action provisions).

Plaintiffs cite far fewer decisions from this circuit in an attempt to support their contention that courts routinely toll the statute of limitations in FLSA collective actions, and even for those they cite, unique facts distinguish them. In one case, for example, the court found equitable tolling appropriate under the "special circumstances" of that case, where the defendants had misleading communications with potential opt-in individuals that could have confused them as to possible claims. *Charles v. Progressions Behavioral Health Servs., Inc.*, No. 17-2439, 2018 WL 4924169, at *7 (E.D. Pa. Oct. 9, 2018). In another, both parties agreed that some amount of

equitable tolling was appropriate, only disagreeing as to the appropriate amount of time.

Memorandum Order at 2-5, *Kolasa v. BOS Sols., Inc.*, No. 17-1087 (W.D. Pa. Mar. 7, 2018),

ECF No. 63. In the remainder, unusually long delays in resolving the conditional certification

question led the courts to equitably toll, <u>but only for the period of that delay</u>. *See Depalma*,

2017 WL 1243134, at *5, 8 (affirming and adopting a magistrate judge's decision to equitably

toll back to the date the motion for conditional certification was filed when there had been a year

delay in deciding that motion); *Ornelas v. Hooper Holmes, Inc.*, No. 12-cv-3106 (JAP), 2014

WL 7051868, at *4, 10 (D.N.J. Dec. 12, 2014) (affirming and adopting magistrate judge's

decision to equitably toll to a midway point in the litigation when it had been "over a year" since

the motion for conditional certification was filed[5]); *Bosley v. Chubb Corp.*, No. 04-CV-4598,

2007 WL 9604965, at *1 n.1 (E.D. Pa. Feb. 20, 2007) (equitably tolling from the date the court

conditionally certified a collective action when the court had taken an additional 20 months to

approve the class notice).

     Any delay in resolving the conditional certification question in this case, on the other

hand, is consistent with the normal litigation process in a collective action, and Plaintiffs have

not argued otherwise. *See Hunt v. McKesson Corp.*, No. 2:16-cv-1834, 2018 WL 4092065, at*9-

10 (W.D. Pa. Aug. 28, 2018) (refusing to toll for delays that were "attributable to Plaintiff

herself, as the opportunity cost of pleading a broad collective" but agreeing to toll for just over a

month because Defendant had "slow-walk[ed]" discovery); *see also Bergman v. Kindred

Healthcare, Inc.*, 949 F. Supp. 2d 852, 860-61 (N.D. Ill. 2013) (tolling for the two years the court

took to rule on motion for conditional certification but refusing to toll for "circumstances that are

part of the ordinary litigating of an FLSA case"). Indeed, the time elapsed in resolving Plaintiffs'

---

[5] The *Depalma* decision indicates that the delay in *Ornelas* was two years. 2017 WL 1243134, at *5.

motion in this case—roughly eight months since Plaintiffs filed the motion and six months since

the motion became ripe—is less than the 11 months that elapsed between the motion and ruling

in *Vargas*, a delay the court found did not justify equitable tolling. *See Vargas*, 2012 WL

5336166, at *8-9. Simply stated, nothing in the conduct of this case supports equitable tolling,

and the Court should decline to apply the exception of tolling.

## II.   EVEN IF THE COURT DECIDES TO APPLY EQUITABLE TOLLING, THE *ROY* CASE IS NOT THE APPROPRIATE BENCHMARK

By Plaintiffs' own admission, most of the cases they cite relate to tolling "to other

significant dates during the pendency of the case." (ECF No. 104 at 11-12.) Yet Plaintiffs do not

request that the Court equitably toll from a date in this litigation. Instead, Plaintiffs ask the Court

to look back two years to the date that the complaint in *Roy* was filed. (*Id*. at 3, 14.) They make

this request even though Sullivan-Blake took no action to protect her rights between her May

2018 dismissal from *Roy* and the filing of the complaint in this case seven months later.

Plaintiffs' argument that this case is a "continuation" of *Roy* is supported by neither their

arguments nor the case law.

As an initial matter, even the *Roy* court itself has refused to issue such a broad tolling

period for individuals that have yet to opt into *Roy*, finding that the plaintiffs' request asked for

an impermissible advisory opinion on tolling for individuals that had yet to even opt into that

litigation. (*See* ECF No. 48-1, Ex. A to FedEx Ground's Notice of Supp. Authority.)

Second, to the extent Plaintiffs contend that *Roy* moves this case into the Third Circuit's

third principal situation for equitable tolling—when the plaintiff has timely asserted his or her

rights in the wrong forum—they are mistaken. While both Sullivan-Blake and Claiborne asserted

their rights in the District of Massachusetts, they have not contended that any of the absent

putative class members asserted their rights in *Roy*.[6] That is the relevant inquiry here. *See Alvarez*, 2018 WL 2288286, at *14 (noting the plaintiffs "do not argue that potential opt-in plaintiffs have asserted their rights in the wrong forum").

"Ordinarily, to benefit from equitable tolling, plaintiffs must demonstrate that they have been diligent in pursuit of their claims." *China Agritech, Inc. v. Resh*, 138 S. Ct. 1800, 1808 (2018). *China Agritech* dealt with Rule 23 class actions, but that sentiment is especially true in the FLSA collective action context, where Congress has pronounced that opt-in individuals must file opt-in notices to commence their actions. S*ee* 29 U.S.C. § 256. Plaintiffs—who bear the burden of establishing a right to equitable tolling—have done nothing to demonstrate that prospective opt-in individuals diligently protected their rights by filing opt-in notices in *Roy*. Relieving prospective opt-in individuals of their duty to act diligently by tolling the statute of limitations on a class-wide basis would nullify Congress's carefully-crafted language about commencement of FLSA actions by non-named plaintiffs.

Instead of trying to meet their burden, Plaintiffs have cited a number of cases for the proposition that an earlier-filed case dismissed for lack of personal jurisdiction can toll the statute of limitations. The cases Plaintiffs cite are inapposite. None involve claims brought under the FLSA (where the statutory language is clear regarding commencement of actions), none are collective or class actions, and none allow an action filed by one party to toll the statute of limitations for an absent party. *See Valenzuela v. Kraft, Inc.*, 801 F.2d 1170 (9th Cir. 1986) (Title VII); *Platoro Ltd. v. Unidentified Remains of a Vessel*, 614 F.2d 1051 (5th Cir. 1980) (maritime); *Fox v. Eaton Corp.*, 615 F.2d 716 (6th Cir. 1980) (Title VII); *Tyrell ex rel. Tyrell v. BNSF Ry. Co.*, No 4:17-CV-04120-RAL, 2018 WL 2944529 (D.S.D. June 12, 2018) (Federal Employers'

---

[6] To the extent any current or future opt-in individuals did file earlier notices in *Roy*, the tolling issue must be considered on a case-by-case basis.

Liability Act (FELA)); *Abeyta v. BNSF Ry. Co.*, No. 2:17-CV-0350-TOR, 2018 WL 327283

(E.D. Wash. Jan. 8, 2018) (FELA); *Figueroa v. BNSF Ry. Co.*, 275 F. Supp. 3d 1225 (E.D.

Wash. 2017) (FELA); *Neal v. Buffaloe & Assocs.*, No. 3-12-0331, 2012 WL 1883419 (M.D.

Tenn. May 22, 2012) (Fair Debt Collection Practices Act); *Flores v. Predco Servs. Corp.*,

No. 10-1320 RMB/AMD, 2011 WL 883640 (D.N.J. Mar. 11, 2011) (maritime tort); *Walck v.

Discavage*, 741 F. Supp. 88 (E.D. Penn. 1990) (maritime tort); *Reynolds v. Logan Charter Serv.,

Inc.*, 565 F. Supp. 84 (N.D. Miss. 1983) (the Jones Act and maritime tort). In short, Plaintiffs

have not identified any legal support for their novel claim that an earlier action can toll the

statute of limitations for absent parties who might possibly join a second action.

Plaintiffs cannot avoid this result by casting this case as a "continuation" of *Roy* (ECF

No. 104 at 4). While they correctly point out that Sullivan-Blake's claims could have been

transferred under 28 U.S.C. § 1406 if she had been the only Plaintiff in *Roy* and that court found

transfer to be in the "interest of justice," the court instead dismissed her claims from that action,

while permitting the other named plaintiffs' claims to proceed. Memorandum and Order

Regarding Defendant FedEx Ground's Motion to Dismiss at 12-14, *Roy v. FedEx Ground

Package Sys., Inc.*, No. 3:17-cv-30116 (D. Mass May 22, 2018) ECF No. 41. Dismissal, rather

than venue transfer, runs the risk that statutes of limitations may expire before a complaint is

filed in the correct venue. *See Goodlawr, Inc. v. Heiman*, 369 U.S. 463, 466 (1962)

(acknowledging that the transfer of venue statute was enacted to avoid the "injustice which had

often resulted to plaintiffs . . . merely because they had made an erroneous guess" with regard to

venue). The remedy in that situation is equitable tolling, which, as previously discussed, is not

available to the prospective opt-in plaintiffs under the facts of this case.

In any event, even if the named Plaintiffs' claims are viewed as "continuations" of *Roy*, there is no support at all to view the claims of potential class members who did not opt in in *Roy* as part of that same continuation. As the FLSA directs, each individual's claim commences separately—when the complaint is filed for named plaintiffs and when the opt-in notice is filed for opt-in individuals. To view their claims through the "continuation" prism would, like many of Plaintiffs' other arguments, contradict the plain language of the FLSA.

Finally, to the extent the Court reaches the question of whether equitable tolling applies to the named Plaintiffs, the Court can and should find that neither is entitled to that relief. Sullivan-Blake waited seven months to refile in this Court after her dismissal from *Roy*. This is hardly the "diligent . . . pursuit" of her claims required by *China Agritech*, 138 S. Ct. at 1801. And even if the Court were to somehow find that Sullivan-Blake, by virtue of being a named plaintiff in *Roy*, was entitled to tolling back to the filing of the complaint in *Roy*, skipping over the seven months it took her to file this case, Plaintiffs have pointed to no authority whatsoever to extend such a holding to Claiborne (who was not a named plaintiff in *Roy* and whose opt-in form in *Roy* was not filed until February 27, 2018) or to any absent putative class members. It would be contrary to the express provisions in the FLSA to provide potential opt-ins (who never in fact opted into *Roy*) with tolling to the date of the *Roy* complaint. Congress has expressly reserved tolling back to the date of the filing of a complaint for named plaintiffs only. *See* 29 U.S.C. § 256(a).

## **CONCLUSION**

For the foregoing reasons as well as for the reasons set forth in Fed Ex Ground's Opposition to Plaintiff's Motion for Issuance of Notice (ECF No. 29)—namely, that Plaintiffs have not even alleged the existence of a FedEx Ground common pay policy—FedEx Ground respectfully requests that the Court deny Plaintiff's Motion for Issuance of Notice Under

§ 216(b) of the FLSA. If the Court denies Plaintiffs' motion, it should deny the current opt-ins

any tolling and apply the general rule that the time period runs back from the date on which their

opt-in forms were filed. Similarly, if the Court somehow grants Plaintiffs' motion for issuance of

notice, it should not toll the statute of limitations. Rather, the general rule should apply and the

notice period should begin three years before the notice issuance date, with determination of the

commencement of each individual's claims based on when those individuals file their forms to

opt in. And, as to Sullivan-Blake and Claiborne, their claims should be deemed commenced as of

the date they filed this case only.

Dated: September 16, 2019                    Respectfully submitted,


                                             s/Jessica G. Scott
                                             Jessica G. Scott
                                             Wheeler Trigg O'Donnell LLP
                                             370 Seventeenth Street, Suite 4500
                                             Denver, CO  80202-5647
                                             Telephone:   303.244.1800
                                             Facsimile:   303.244.1879
                                             Email: scott@wtotrial.com

                                             Joseph P. McHugh
                                             FedEx Ground Package System, Inc.
                                             1000 FedEx Drive
                                             Moon Township, PA  15108
                                             Telephone:   (412) 859-5917
                                             Facsimile:   (412) 859-5450
                                             Email: joseph.mchugh@fedex.com

                                             Attorneys for Defendant
                                             FedEx Ground Package System, Inc.

## CERTIFICATE OF SERVICE (CM/ECF)

I HEREBY CERTIFY that on September 16, 2019, I electronically filed the foregoing **FedEx Ground's Response to Plaintiff's Memorandum Regarding Appropriate Time Period for the Putative Collection Action** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following email addresses:

The following are those who are currently on the list to receive email notices for this case.

- **Peter Winebrake**
  pwinebrake@winebrakelaw.com

- **Shannon Liss-Riordan**
  sliss@llrlaw.com

- **Michelle Cassorla**
  mcassorla@llrlaw.com

- **Dustin T. Lujan (*pro hac vice*)**
  wyoadvocate@gmail.com

- **Brian Gonzales (*pro hac vice*)**
  bgonzales@coloradowagelaw.com


*s/Jessica G. Scott*
Jessica G. Scott