IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANGEL SULLIVAN-BLAKE and HORACE CLAIBORNE, on behalf of themselves and others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>FEDEX GROUND PACKAGE SYSTEM, INC.,<br><br>Defendant. | CIVIL ACTION<br><br>No. 2:18-cv-01698-PLD |

**FEDEX GROUND'S RULE 19(A) MOTION TO JOIN PENNSYLVANIA SERVICE PROVIDERS AS NECESSARY PARTIES AND RULE 19(B) MOTION TO DISMISS FOR FAILURE TO JOIN INDISPENSABLE PARTIES**

Pursuant to Federal Rule of Civil Procedure 19, FedEx Ground Package System, Inc. ("FedEx Ground") respectfully requests that the Court join the Pennsylvania Service Providers for the Pennsylvania opt-in Plaintiffs as necessary parties, and dismiss the claims of the remaining Plaintiffs and opt-in Plaintiffs for failure to join indispensable parties that cannot feasibly be joined. In support, FedEx Ground states:

1. Plaintiffs Angel Sullivan-Blake and Horace Claiborne claim that they were not paid overtime compensation in accordance with the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201 *et seq*.

2. Plaintiffs were employed by various delivery companies, such as MKN Worldwide, Inc. and Finnegan Logistics ("Service Providers"), that contracted with FedEx Ground to provide local pickup and delivery services.

3. Although Plaintiffs do not dispute that they were directly employed by their respective Service Providers, they sued only FedEx Ground, on behalf of themselves and a nationwide class of drivers who are employed by thousands of Service Providers.

4. The Service Providers are necessary and indispensable parties to this litigation because the Service Providers actually employ and pay the drivers, set the employment and wage policies, and have a direct interest in the outcome of key issues in this case.

5. This Court has jurisdiction over the Service Providers that employed Pennsylvania opt-in Plaintiffs. It, however, likely does not have jurisdiction over the Service Providers who employed Plaintiffs and opt-in Plaintiffs residing outside of Pennsylvania.

6. For these reasons and those set forth in the accompanying brief, the Pennsylvania Service Providers that employ Pennsylvania opt-in plaintiffs should be joined as necessary parties pursuant to Rule 19(a).

7. In addition, for these reasons and those set forth in the accompanying brief, the remaining claims brought by Plaintiffs and non-Pennsylvania opt-in plaintiffs should be dismissed because the non-Pennsylvania Service Providers are indispensable to the case pursuant to Rule 19(b).

Dated: October 30, 2019

Respectfully submitted,

*s/ Jessica G. Scott*
Jessica G. Scott
Wheeler Trigg O'Donnell LLP
370 Seventeenth Street, Suite 4500
Denver, CO  80202-5647
Telephone:   303.244.1800
Facsimile:    303.244.1879
Email: scott@wtotrial.com

Joseph P. McHugh
FedEx Ground Package System, Inc.
1000 FedEx Drive
Moon Township, PA  15108
Telephone:    (412) 859-5917
Facsimile:     (412) 859-5450
Email: joseph.mchugh@fedex.com

Attorneys for Defendant
FedEx Ground Package System, Inc.

# CERTIFICATE OF SERVICE (CM/ECF)

I HEREBY CERTIFY that on October 30, 2019, I electronically filed the foregoing **FEDEX GROUND'S RULE 19(A) MOTION TO JOIN PENNSYLVANIA SERVICE PROVIDERS AS NECESSARY PARTIES AND RULE 19(B) MOTION TO DISMISS FOR FAILURE TO JOIN INDISPENSABLE PARTIES** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following email addresses:

The following are those who are currently on the list to receive e-mail notices for this case.

- **Peter Winebrake**
  pwinebrake@winebrakelaw.com

- **Shannon Liss-Riordan**
  sliss@llrlaw.com

- **Michelle Cassorla**
  mcassorla@llrlaw.com

- **Dustin T. Lujan (*pro hac vice*)**
  wyoadvocate@gmail.com

- **Brian Gonzales (*pro hac vice*)**
  bgonzales@coloradowagelaw.com

*s/ Jessica G. Scott*