IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANGEL SULLIVAN-BLAKE and HORACE CLAIBORNE, on behalf of themselves and others similarly situated,<br>　　　　　　　　Plaintiffs,<br>　　v.<br>FEDEX GROUND PACKAGE SYSTEM, INC.,<br>　　　　　　　　Defendant. | 2:18-cv-01698-PLD |

**PLAINTIFFS' OPPOSITION TO FEDEX'S "MOTION TO JOIN PENNSYLVANIA SERVICE PROVIDERS AS NECESSARY PARTIES AND RULE 19(B) MOTION TO DISMISS FOR FAILURE TO JOIN INDISPENSABLE PARTIES"**

Angel Sullivan-Blake, Horace Claiborne, and over 50 additional delivery drivers (together "Plaintiffs") pursue this Fair Labor Standards Act ("FLSA") lawsuit against FedEx Ground Package System, Inc. ("FedEx") in the hope of recovering unpaid overtime wages. The lawsuit is brought as a collective action, and this Court recently issued an order and memorandum conditionally certifying a nationwide FLSA collective comprised of everyone who, since November 27, 2015, worked as a FedEx delivery driver under an ISP or CSP, drove a vehicle weighing under 10,001 pounds, and was not paid overtime. *See* ECF Nos. 106-07; 109. As a result of this Court's ruling, thousands of delivery drivers are poised to receive notice of this lawsuit and, if they so choose, join the lawsuit. *See generally Hoffmann-La Roche, Inc. v. Sterling*, 293 U.S. 165, 169-74 (1989) (discussing the benefits of conditional certification and judicial notice).

Now, in the wake of this Court's conditional certification ruling, FedEx moves to dismiss virtually the entire litigation on grounds that (i) the ISPs/CSPs are necessary parties that must be joined under Federal Rule of Civil Procedure 19 and (ii) since only Pennsylvania ISPS/CSPs are

1

subject to this Court's jurisdiction, the clams of all non-Pennsylvania Plaintiffs must be dismissed. *See* Def. Br. (ECF No. 115). Of course, such an outcome would nullify the impact of this Court's recent conditional certification order in every state except Pennsylvania.

FedEx's joinder arguments were just as ripe prior to the Court's conditional certification order as they are today. Yet, FedEx offers no explanation for why it waited until now to file its Rule 19 motion. One can surmise, however, that the instant motion is really a last-ditch attempt to prevent workers from learning about this lawsuit and exercising their right to join.

Fortunately, FedEx's current motion will not prevent the issuance of notice. That's because, for the reasons described in this brief: (i) the ISPs/CPSs are not necessary parties under Rule 19(a)(1) and (ii) even if they are necessary, the presence of non-Pennsylvania ISPs/CSPs is not indispensable under Rule 19(b).

## ARGUMENT

**A. Rule 19 Generally.**

Rule 19 states in relevant part:

> **(a) Persons Required to Be Joined if Feasible.**
>
> (1) **Required Party.** A person ... shall be joined as a party in the action if (A) in the person's absence complete relief cannot be accorded among those already parties, or (B) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.
>
> \*\*\*
>
> **(b) When Joinder Is Not Feasible.** If a person who is required to be joined if feasible cannot be joined, the court must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed. The factors for the court to consider include: (1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties; (2) the extent to which any prejudice could be lessened or avoided

> by: (A) protective provisions in the judgment; (B) shaping the relief; or (C) other measures; (3) whether a judgment rendered in the person's absence would be adequate; and (4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

Fed. R. Civ. P. 19. FedEx, as the moving party, carries the burden of proving that the above criteria are satisfied. *See In re Veluchamy,* 879 F.3d 808, 819 n.4 (7th Cir. 2018*).*

In *Janney Montgomery Scott, Inc. v. Shepard Niles, Inc.,* 11 F.3d 399 (3d Cir. 1993), the Third Circuit explained that the Rule 19(b) analysis is required only if necessity is found under Rule 19(a)(1):

> If we decide that the district court erred in its conclusion that Underwood was, in this sense, a "necessary" party under Rule 19(a), we need not reach or decide whether the district court abused its discretion when it held that Underwood was an "indispensable" party under Rule 19(b).

*Id.* at 404.

### B. The ISPs/CSPs are not necessary parties under Rule 19(a)(1)(A).

As previously stated, a party is deemed necessary under 19(a)(1)(A), if "in the [party's] absence complete relief cannot be accorded among those already parties." Fed. R. Civ. P. 19(a)(1)(A); *see also Huber v. Taylor*, 532 F.3d 237, 248 (3d Cir. 2008) ("Under Rule 19(a), the Court must consider whether – in the absence of an unjoined party – complete relief can be granted to the persons already parties to the lawsuit."). FedEx asserts that joinder of the ISPs/CSPs is necessary under this provision because the ISPs/CSPs employed Plaintiffs and other drivers. *See* FedEx Brief (ECF No. 115) at pp. 9-11. As discussed below, this assertion lacks merit:

It "is well-established that [Rule] 19 does not require the joinder of joint tortfeasors." *Lamando v. United States*, 667 F.3d 363, 384 (3d Cir. 2011); *In re Howmedica Osteonics Corp.*, 867 F.3d 390, 408 (3d Cir. 2017) ("That the parties are allegedly joint tortfeasors . . . is not

3

sufficient."). This rule is important because, under the FLSA, multiple persons or business entities can be liable to an employee as **joint employers**. See 29 C.F.R. § 791.2; *see generally Thompson v. Real Estate Mortgage Network*, 748 F.3d 142, 148-49 (3d Cir. 2014). And there simply is no rule that an employee asserting an FLSA claim must sue each and every potential joint employer.

Purported joint employers under the FLSA are no different from other joint tortfeasors. Their joinder is not required or appropriate under Rule 19(a)(1)(A). As Judge Marbley has observed, because "the FLSA imposes joint and severable liability on employers," an unnamed joint employer "is not a necessary party because complete relief can be accorder 'among those already parties' to this case." *Yates v. Applied Performance Techs., Inc.*, 209 F.R.D. 143, 1449 (S.D. Ohio 2002) (observing that). Other judges handling FLSA lawsuits agree. *See*, *e.g.*, *Arwine-Lucas v. Caesars Enterprises Servs., LLC,* 2019 WL 4296496, at *3 (W.D. Mo. Feb. 25, 2019) ("unnamed co-employers may not need to be included when a joint employment relationship is adequately alleged in a FLSA case"); *Iraheta v. Lam Yuen, LLC,* 2012 WL 5995689 (D. Md. Nov. 29, 2012) ("courts generally hold that where a plaintiff states an FLSA claim against a defendant who is alleged to be his employer, an unnamed co-employer is not a necessary party who should be joined under Rule 19(a)"); *Moreno v. EDCare Management,* 243 F.R.D. 258, 259-60 (W.D. Tex. 2007) ("Plaintiffs contend that EDCare is an employer of plaintiffs, it is therefore jointly and severally liable with Southwest for any FLSA violations, and Southwest is not a necessary party."); *DeWitt v. Daley*, 336 B.R. 552, 556 (S.D. Fla. 2006) ("the FLSA provides for joint and several liability. Therefore, Plaintiffs can obtain complete relief from Defendant without making BBC a party to the case.").

The FLSA carries an especially broad definition of employment and enables Plaintiffs to sue many different parties, including, in this case, individual ISPs/CSPs, individual supervisors, and FedEx executives responsible for the challenged business decisions. *See Thompson*, 748 F.3d at 153-54 (discussing individual liability under FLSA). But the pertinent question under Rule 19(a)(1)(A) is not whether Plaintiffs *could* sue more parties; it is whether they *must* sue more parties. If FedEx is deemed a joint employer under the FLSA, it will be individually liable to Plaintiffs for all damages. The mere fact that ISPs/CSPs might be jointly liable for the alleged FLSA violations does not suffice to require their participation under Rule 19(a)(1)(A).

### C. The ISPs/CSPs are not necessary parties under Rule 19(a)(1)(B)(i)

Rule 19(a)(1)(B)(i) provides that joinder is necessary if the unnamed party "claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest." Fed. R. Civ. P. 19(a)(1)(B)(i). FedEx asserts that this provision requires joinder of the ISPs/CSPs because they employed the drivers pursuant to contracts, *see* Def. Br. (ECF No. 115 at p. 7, and have indemnification agreements with FedEx, *see id.* at pp. 7-8. As discussed below, these argument miss the mark.

First, as already explained in Section B above, the fact that the ISPs/CSPs employed Plaintiffs simply is not enough to require joinder. FedEx's argument appears to be that the ISPs/CSPs clearly controlled Plaintiffs' activities and acted as employers. *See id.* at p. 7. But Plaintiffs believe that FedEx's employer status is equally compelling because, as alleged in the complaint and elsewhere, FedEx exerted significant control over Plaintiffs' day-to-day work. As already discussed, Rule 19 does not allow FedEx to dictate which joint employer(s) Plaintiffs must sue.

Moreover, it is *not* the ISPs/CSPs' policies that need to be litigated in this action to determine whether FedEx is liable as an employer. FedEx's argument presupposes that the Court will be required to determine whether an employment relationship exists between Plaintiffs and the ISPs. But this is not the law. *See, e.g., Romero v. Clean Harbors Surface Rentals USA, Inc.,* 368 F. Supp. 3d 152, 159 (D. Mass. 2019), *opinion clarified,* 2019 WL 4280237 (D. Mass. Sept. 11, 2019) (finding that in a joint employment FLSA case, the court does not need to decide any issue regarding the employment relationship between the nonparty-employer and plaintiff).

Nor is there merit to FedEx's assertion that the indemnification agreements between itself and the ISPs/CSPs requires joinder. "Courts have consistently found that the potential for future litigation based on contractual indemnification or contribution is merely speculative and does not make the potential future defendant a necessary party in the current action under Rule 19." *Boggs v. Landmark 4 LLC*, 2012 U.S. Dist. LEXIS 114263, *10 (N.D. Ohio Aug. 13, 2012). This rule holds true in the Third Circuit, *see Bank of America National Trust and Savings Association v. Hotel Rittenhouse Associates*, 844 F.2d 1050, 1054 (3d Cir. 1988) ("A defendant's right to contribution or indemnity from an absent non-diverse party does not render that absentee indispensable pursuant to Rule 19"), and elsewhere, *see, e.g.*, *Pasco Int'l (London) Ltd. v. Stenograph Corp.*, 637 F.2d 496, 503 (7th Cir. 1980) ("[P]otential indemnitors have never been considered indispensable parties, or even parties whose joinder is required if feasible").[1]

---

[1] Furthermore, it is undisputed that FedEx has notified all ISPs associated with current opt-in Plaintiffs of this lawsuit and reminded them of their contractual obligations in the event FedEx is found liable. To date, no ISPs in any of the litigation around the country in which Plaintiffs' counsel have participated have availed themselves of Fed. R. Civ. P. 24(b)(2), which might afford them a mechanism to intervene. Indeed, it is likely the ISPs do not want to become parties to the suit, strongly suggesting that their interests will not be impeded if the suit goes forward without them. *See Sindia Expedition v. Wrecked & Abandoned Vessel,* 895 F.2d 116, 121 (3d

6

In seeking joinder under Rule 19(a)(1)(B)(i), FedEx relies on *Gilliand v. Koch Trucking, Inc.*, 2015 WL 2395148 (D. Md. May 19, 2015), which found that the joint employer was a necessary party. This outcome, however, was based on factors not present here. In *Gilliand,* the school board was deemed a necessary party because the board was originally a named defendant and "bore the brunt of the plaintiffs' allegations" as the party that allegedly violated plaintiffs' rights. The *Gilliand* plaintiffs also alleged that the absentee school board was their employer and the court determined that, based on the facts of the case, it was going to need to "interpret and rule on liability under the employment contracts" between the absent defendant and the named defendants.

In contrast, Plaintiffs here have not directed any claims or allegations against ISPs/CSPs; the Court will not need to determine the potential liability of the ISPs in order to determine whether FedEx is an employer. To state it differently: a determination of employer status of the ISPs/CSPs is not a condition precedent to determining FedEx's employer status. If the latter is established, joint and several liability attaches, regardless of a determination of the former. Crucially, the test to determine employer status is applied to each putative employer individually. *See Hamilton v. Partners Healthcare Sys., Inc.,* 209 F.Supp.3d 379, 31 (D. Mass. 2016).

### D.  The ISPs/CSPs are not necessary parties under Rule 19(a)(1)(B)(ii)

Rule 19(a)(1)(B)(ii) provides that joinder is necessary if the unnamed party "claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may . . . (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed

---

Cir.1990) (reasoning that Rule 19(a)(2)(i) did not apply because New Jersey was "manifestly unconcerned with any adjudication in its absence").

interest." Fed. R. Civ. P. 19(a)(1)(B)(ii). In a one paragraph argument, FedEx asserts that, if it is found liable in this lawsuit, it might bring indemnification proceedings against the ISPs/CSPs and that, because the outcome of this lawsuit may not bind the ISPs/CSPs in such indemnification proceedings, inconsistent obligations may pursue. *See* Def. Br. (ECF No. 115) at p. 8.

As already discussed in section C above, future indemnification proceedings have no bearing on the joinder analysis. Moreover, the Third Circuit has explained that the *uncertainty* of future indemnification proceedings between a party and a non-party is the precise reason why joinder of the non-party is *not* appropriate. *See Janey Montgomery Scott*, 11 F.3d at 411-13. FedEx has it all backwards.

FedEx's Rule 19(a)(1)(B)(ii) has been rejected by the Third Circuit:

> As we outlined above, defendants' primary concern is that inconsistent judgments from the state and federal courts effectively could foreclose their indemnification and/or contribution claims against the absent insurers. However, *Janney Montgomery Scott* makes clear that the possibility defendants may have to shoulder the entire loss if found liable is a necessary consequence of joint and several liability.

*General Refractories Co. v. First State Insurance Co.*, 500 F.3d 306, 319 (3d Cir. 2007).[2]

---

[2] FedEx also argues that Plaintiff's rights might be impaired because their claims might be prejudiced by the running statute of limitations if they do not sue the ISPs now. ECF 115 at 10. But this is not a consideration under Rule 19(a)(1)'s necessary parties analysis, which is concerned with prejudice to existing parties only to the extent non-joinder will lead to inconsistent obligations. Plaintiffs are entitled to make their own strategic decision about whether the ISPs are responsible for the wage violations at issue. Similarly, FedEx's hypothetical concern about the convenience of subpoenaing records from ISPs is not a consideration under Rule 19(a)(1). See Def. Br. (ECF 115) at p. 10. Even if FedEx is correct that such discovery will be difficult – or is even necessary – discovery convenience issues do not show that FedEx might be subject to inconsistent obligations.

### F. Even if the ISPs are necessary parties under Rule 19(a)(1), they are not indispensable under Rule 19(b).

The ISPs are not necessary parties for the reasons described above. Even if they are, however, they are not indispensable under Rule 19(b), which directs the Court to determine whether "in equity and good conscience, the action should proceed among the existing parties or should be dismissed." Fed. R. Civ. P. 19(b). In making this determination, the Court considers four factors: "(1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties; (2) the extent to which any prejudice could be lessened or avoided . . . ; (3) whether a judgment rendered in the person's absence would be adequate; and (4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

As to the **first and second factors**, there is no prejudice to Plaintiffs in excluding the ISPs/CSPs because Plaintiffs can recover fully from FedEx—the party Plaintiffs have alleged to be their employer. Nor will FedEx be prejudiced: it will still have its purported right to contribution or indemnification for any damages for which it is found liable. Nonetheless, FedEx argues its own prejudice by contending that, if these ISPs are not joined, it would have to initiate "thousands of additional proceedings to pursue its indemnification rights against the ISPs." Def. Br. (ECF Doc. 115) at 12. But this "is a common result of joint and severable liability and should not be equated with prejudice." *Janey Montgomery* Scott, 11 F.3d at 412. Moreover, FedEx is not prejudiced by having to obtain documents from its ISPs/CSPs. FedEx can obtain the documents it claims to need through the use of ordinary discovery tools regardless of whether the ISPs/CSPs are parties.

9

As to the **third factor**, because there is no prejudice to either party without the ISPs/CSPs, and because FedEx will be jointly and severally liable, there is no question that adequate relief can be granted in the absence of the ISPs.

As to the **fourth** factor, FedEx's argument that Plaintiffs have an "adequate remedy" after dismissal in that they can file their lawsuits in their individual states, *see* Def. Br. (ECF 115) at 14, assumes that notice has gone out and all Plaintiffs are aware of – and able to protect – their rights. At a minimum, even if the Court finds Rule 19 applicable, it should allow notice to issue so that class members can protect their rights before the statute of limitations runs on their claims.

## CONCLUSION

For the above reasons, the ISPs/CSPs are not required parties under Rule 19(a), nor are they indispensable parties under Rule 19(b). FedEx's motion should be denied and this case should proceed with nationwide notice pursuant to this Court's previous Order.

Dated:  December 4, 2019                                Respectfully,

                                                                         /s/ Peter Winebrake
                                                                        _____
                                                                        Peter Winebrake
                                                                        R. Andrew Santillo
                                                                        Mark J. Gottesfeld
                                                                        Winebrake & Santillo, LLC
                                                                        715 Twining Road, Suite 211
                                                                        Dresher, PA 19025
                                                                        (215) 884-2491
                                                                        pwinebrake@winebrakelaw.com
                                                                        asantillo@winebrakelaw.com
                                                                        mgottesfeld@winebrakelaw.com


                                                                        Shannon Liss-Riordan (*pro hac vice*)
                                                                        Michelle Cassorla (*pro hac vice*)
                                                                        Lichten & Liss-Riordan, P.C.

      729 Boylston Street, Suite 2000
      Boston, MA 02116
      (617) 994-5800
      sliss@llrlaw.com
      mcassorla@llrlaw.com

      Brian Gonzales (*pro hac vice*)
      The Law Offices of Brian D. Gonzales, PLLC
      2580 East Harmony Road, Suite 201
      Fort Collins, CO  80528
      (970) 214-0562
      bgonzales@coloradowagelaw.com

      Dustin Lujan (*pro hac vice*)
      Lujan Law Office
      1603 Capitol Avenue Suite 310, A559
      Cheyenne, WY  82001
      (970) 999-4225
      wyoadvocate@gmail.com