IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANGEL SULLIVAN-BLAKE and HORACE CLAIBORNE, on behalf of themselves and others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>FEDEX GROUND PACKAGE SYSTEM, INC.,<br><br>Defendant. | CIVIL ACTION<br><br>No. 2:18-cv-01698-RJC |

**FEDEX GROUND'S MOTION TO DISQUALIFY PLAINTIFFS' COUNSEL, LICHTEN & LISS-RIORDAN**

Pursuant to Pennsylvania Rule of Professional Conduct 1.7, FedEx Ground Package System, Inc. ("FedEx Ground") respectfully requests that the Court disqualify Lichten & Liss-Riordan ("LLR") from serving as Plaintiffs' counsel. In support, FedEx Ground states:

1. In this case, LLR represents a conditional class of drivers employed by independent businesses ("Service Providers") that contract with FedEx Ground. The drivers seek to hold FedEx Ground and the Service Providers jointly and severally liable under the Fair Labor Standards Act ("FLSA").

2. As of December 26, 2019, LLR represents a Federal Rule of Civil Procedure 23(b) class of all New Jersey Service Provider owners, asserting wage and hour claims against FedEx Ground, in *Carrow et al. v. FedEx Ground Package System, Inc.*, No. 1:16-cv-03026-RBK-JS, 2019 WL 7184548 (D.N.J. Dec. 26, 2019). The *Carrow* class includes owners of New Jersey Service Providers against whom the plaintiff-drivers seek to assert joint and several liability in this case.

3. LLR's representation of the plaintiff-drivers in *Sullivan-Blake* and Service Provider owners in *Carrow* creates a concurrent conflict of interest.

4. As a result of representing both plaintiff-drivers and Service Providers owners, LLR represents parties that are directly adverse. In addition, the conflicting interests of the drivers in *Sullivan-Blake* and the Service Providers in *Carrow* creates a significant risk that LLR's representation of each client will be materially limited by its responsibilities to its other clients.

5. LLR cannot reasonably believe that it can provide competent and diligent representation to each affected client. Moreover, it is highly unlikely that each of

LLR's clients could waive the conflicts with informed consent and that has certainly not occurred to date.

For these reasons and those set forth in the accompanying brief, LLR should be disqualified from serving as Plaintiffs' counsel pursuant to Pennsylvania Rule of Professional Conduct 1.7.

Dated:  February 10, 2020               Respectfully submitted,


/s/ Jessica G. Scott
Jessica G. Scott
Wheeler Trigg O'Donnell LLP
370 Seventeenth Street, Suite 4500
Denver, CO  80202-5647
Telephone:    303.244.1800
Facsimile:    303.244.1879
Email: scott@wtotrial.com

Joseph P. McHugh
FedEx Ground Package System, Inc.
1000 FedEx Drive
Moon Township, PA  15108
Telephone:    (412) 859-5917
Facsimile:    (412) 859-5450
Email: joseph.mchugh@fedex.com

Attorneys for Defendant
FedEx Ground Package System, Inc.

2

## CERTIFICATE OF SERVICE (CM/ECF)

I HEREBY CERTIFY that on February 10, 2020, I electronically filed the foregoing **FEDEX GROUND'S MOTION TO DISQUALIFY PLAINTIFFS' COUNSEL, LICHTEN & LISS-RIORDAN** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following email addresses:

The following are those who are currently on the list to receive e-mail notices for this case.

- **Michelle Cassorla**
  mcassorla@llrlaw.com

- **Brian D. Gonzales**
  BGonzales@ColoradoWageLaw.com

- **Mark J. Gottesfeld**
  mgottesfeld@winebrakelaw.com

- **Shannon Liss-Riordan**
  sliss@llrlaw.com, courts@llrlaw.com

- **Dustin T. Lujan**
  wyoadvocate@gmail.com

- **Joseph P. McHugh**
  joseph.mchugh@fedex.com, susan.kernen@fedex.com, amy.chambers@fedex.com

- **Jessica G Scott**
  scott@wtotrial.com, umaguing@wtotrial.com

- **Peter Winebrake**
  pwinebrake@winebrakelaw.com

/s/ Jessica G. Scott