# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HORACE CLAIBORNE, SONJIA MONIQUE BOWLIN, TYSHAWN WALKER, DEZRAE KAUHANE, WILLIE SEALS, FREDERICK EPPICH, JEROME SCHOOLFIELD, KRISTINA TRAVIS, JEREMY WINKELS, DANIEL FORRESTER, MARK DAVID GRIFFETH, DOUGLAS RUSSELL, KENNETH BURTON, GERALD GENSOLI, and THOMAS DEPPIESSE, on behalf of themselves and others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>FEDEX GROUND PACKAGE SYSTEM, INC.,<br><br>Defendant. | CIVIL ACTION NO. No. 2:18-cv-01698-RJC<br><br>JURY DEMANDED |

## FIRST AMENDED COMPLAINT – COLLECTIVE AND CLASS ACTION

Plaintiffs Horace Claiborne, Sonjia Monique Bowlin, Tyshawn Walker, Dezrae Kauhane, Willie Seals, Frederick Eppich, Jerome Schoolfield, Kristina Travis, Jeremy Winkels, Daniel Forrester, Mark David Griffeth, Douglas Russell, Kenneth Burton, Gerald Gensoli, and Thomas Deppiesse bring this collective and class action lawsuit against Defendant FedEx Package System, Inc. ("FedEx") on behalf of themselves and other similarly situated individuals who have been employed by FedEx through intermediary employers to perform delivery services on FedEx's behalf and who have been eligible to receive overtime pay but have not been paid time-and-a-half compensation for their hours worked in excess of forty hours per week, in violation of

1

the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, as well as under the laws of Arkansas, Connecticut, Hawaii, Illinois, Maine, Maryland, Michigan, Minnesota, New Jersey, Oregon, Pennsylvania, Rhode Island, Vermont, and Wisconsin.

## JURISDICTION AND VENUE

1. Jurisdiction is proper under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

2. Venue in proper under 28 U.S.C. § 1391(b)(2).

## PARTIES

3. Plaintiff Horace Claiborne is an individual residing in Kannapolis, North Carolina, and is a citizen of the State of North Carolina.  He has worked as a delivery driver for FedEx from approximately 2011 through the present but has been employed through intermediary entities that FedEx calls "independent service providers" (ISPs).  Mr. Claiborne has been eligible to receive overtime pay under the FLSA since he has driven a vehicle weighing less than 10,001 pounds but did not receive overtime pay for hours worked beyond 40 per week.

4. Plaintiff Sonjia Monique Bowlin is an individual residing in Booneville, Arkansas, and is a citizen of the State of Arkansas.  She worked as a delivery driver for FedEx from approximately March 2014 to August 2019 but was employed through intermediary entities that FedEx calls "independent service providers" (ISPs).  Ms. Bowlin was eligible to receive overtime pay under the FLSA and state law since she has driven a vehicle weighing less than 10,001 pounds but did not receive overtime pay for hours worked beyond 40 per week.

5. Plaintiff Tyshawn Walker is an individual residing in Stratford, Connecticut, and is a citizen of the State of Connecticut.  He worked as a delivery driver for FedEx

from approximately March 2018 to April 2020, but was employed through intermediary entities that FedEx calls "independent service providers" (ISPs).  Mr. Walker was eligible to receive overtime pay under the FLSA and state law since he has driven a vehicle weighing less than 10,001 pounds but did not receive overtime pay for hours worked beyond 40 per week.

6. Plaintiff Dezrae Kauhane is an individual residing in Wainanae, Hawaii, and is a citizen of the State of Hawaii.  She worked as a delivery driver for FedEx from approximately May 2012 to June 2017, but was employed through intermediary entities that FedEx calls "independent service providers" (ISPs).  Ms. Kauhane was eligible to receive overtime pay under the FLSA and state law since she has driven a vehicle weighing less than 10,001 pounds, but did not receive overtime pay for hours worked beyond 40 per week.

7. Plaintiff Willie Seals is an individual residing in Belleville, Illinois, and is a citizen of the State of Illinois.  He worked as a delivery driver for FedEx from approximately late 2016 or early 2017 to February 2020, but was employed through intermediary entities that FedEx calls "independent service providers" (ISPs).  Mr. Seals was eligible to receive overtime pay under the FLSA and state law since he has driven a vehicle weighing less than 10,001 pounds but did not receive overtime pay for hours worked beyond 40 per week.

8. Plaintiff Frederick Eppich is an individual residing in Old Orchard Beach, Maine, and is a citizen of the State of Maine.  He has worked as a delivery driver for FedEx from approximately May 2007 to present, but has been employed through intermediary entities that FedEx calls "independent service providers" (ISPs).  Mr.

Eppich has been eligible to receive overtime pay under the FLSA and state law since he has driven a vehicle weighing less than 10,001 pounds, but he has not received overtime pay for hours worked beyond 40 per week.

9. Plaintiff Jerome Schoolfield is an individual residing in Salisbury, Maryland, and is a citizen of the State of Maryland. He has worked as a delivery driver for FedEx from approximately 2013 to present, but has been employed through intermediary entities that FedEx calls "independent service providers" (ISPs). Mr. Schoolfield has been eligible to receive overtime pay under the FLSA and state law since he has driven a vehicle weighing less than 10,001 pounds, but has not received overtime pay for hours worked beyond 40 per week.

10. Plaintiff Kristina Travis is an individual residing in Detroit, Michigan, and is a citizen of the State of Michigan. She worked as a delivery driver for FedEx from approximately May 2017 to March 2020, but was employed through intermediary entities that FedEx calls "independent service providers" (ISPs). Ms. Travis was eligible to receive overtime pay under the FLSA and state law since she has driven a vehicle weighing less than 10,001 pounds but did not receive overtime pay for hours worked beyond 40 per week.

11. Plaintiff Jeremy Winkels is an individual residing in Duluth, Minnesota, and is a citizen of the State of Minnesota. He has worked as a delivery driver for FedEx from approximately November 2017 to present, but has been employed through intermediary entities that FedEx calls "independent service providers" (ISPs). Mr. Winkels has been eligible to receive overtime pay under the FLSA and state law since

he has driven a vehicle weighing less than 10,001 pounds, but has not received overtime pay for hours worked beyond 40 or 48 hours per week.[1]

12. Plaintiff Daniel Forrester is an individual residing in Bayville, New Jersey, and is a citizen of the State of New Jersey. He has worked as a delivery driver for FedEx from approximately November 2016 to present, but has been employed through intermediary entities that FedEx calls "independent service providers" (ISPs). Mr. Forrester has been eligible to receive overtime pay under the FLSA and state law since he has driven a vehicle weighing less than 10,001 pounds but has not received overtime pay for hours worked beyond 40 per week.

13. Plaintiff Mark David Griffeth is an individual residing in Newport, Oregon, and is a citizen of the State of Oregon. He has worked as a delivery driver for FedEx from approximately May 2019 to present, but has been employed through intermediary entities that FedEx calls "independent service providers" (ISPs). Mr. Griffeth has been eligible to receive overtime pay under the FLSA and state law since he has driven a vehicle weighing less than 10,001 pounds, but has not received overtime pay for hours worked beyond 40 per week.

14. Plaintiff Douglas Russell is an individual residing in Exeter, Pennsylvania, and is a citizen of the Commonwealth of Pennsylvania. He worked as a delivery driver for FedEx from approximately May 2015 to March 2021, but was employed through intermediary entities that FedEx calls "independent service providers" (ISPs). Mr. Russell was eligible to receive overtime pay under the FLSA and state law since he has

---

[1] Overtime wages under Minnesota state law are required for hours worked in excess of 48 per week. See Minn. Stat. § 177.25(1).

driven a vehicle weighing less than 10,001 pounds but did not receive overtime pay for hours worked beyond 40 per week.

15. Plaintiff Kenneth Burton is an individual residing in East Providence, Rhode Island, and is a citizen of the State of Rhode Island. He worked as a delivery driver for FedEx from approximately October 2014 to November 2019, but was employed through intermediary entities that FedEx calls "independent service providers" (ISPs). Mr. Burton was eligible to receive overtime pay under the FLSA and state law since he has driven a vehicle weighing less than 10,001 pounds, but did not receive overtime pay for hours worked beyond 40 per week.

16. Plaintiff Gerald Gensoli is an individual residing in Essex Junction, Vermont, and is a citizen of the State of Vermont. He worked as a delivery driver for FedEx from approximately April 2017 to April 2019, but was employed through intermediary entities that FedEx calls "independent service providers" (ISPs). Mr. Gensoli was eligible to receive overtime pay under the FLSA and state law since he has driven a vehicle weighing less than 10,001 pounds, but did not receive overtime pay for hours worked beyond 40 per week.

17. Plaintiff Thomas Deppiesse is an individual residing in Rothschild, Wisconsin, and is a citizen of the State of Wisconsin. He worked as a delivery driver for FedEx from approximately 2018 to April 2020, but was employed through intermediary entities that FedEx calls "independent service providers" (ISPs). Mr. Deppiesse was eligible to receive overtime pay under the FLSA and state law since he has driven a vehicle weighing less than 10,001 pounds but did not receive overtime pay for hours worked beyond 40 per week.

18. FedEx Package System, Inc. ("FedEx") is a Delaware corporation with its principal place of business in Pittsburgh, Pennsylvania. At all relevant times, FedEx has engaged in the business of the delivery of packages nationwide and within the state of Pennsylvania.

19. FedEx employs thousands of individuals across the country, including Plaintiffs, who are engaged in interstate commerce. FedEx is an employer covered by the FLSA.

## FACTS

20. FedEx operates a package pickup and delivery business servicing customers throughout the United States.

21. FedEx employs thousands of package delivery drivers within the United States, including the named Plaintiffs and others similarly situated, who: (a) work for FedEx through intermediary employers called "independent service providers" (ISPs); (b) are classified as "employees" of the FedEx ISPs; (c) have worked more than forty hours per week delivering packages for FedEx but are not paid time-and-a-half compensation for hours worked beyond forty each week; and (d) drive, in whole or in part, vehicles with a gross vehicle weight rating of 10,001 pounds or less. These individuals are referred to herein as "delivery drivers."

22. Before instituting the ISP model of employing its delivery drivers through intermediary entities, FedEx relied entirely on delivery drivers that it hired directly and purported to classify as "independent contractors", pursuant to standard operating agreements that FedEx required its drivers to sign. After years of defending litigation challenging the employment status of these drivers around the country – during which

time multiple courts around the country held that FedEx misclassified its delivery drivers as independent contractors when they were actually FedEx's employees under various state wage laws[2] – FedEx shifted its method of hiring drivers in many states by contracting with ISPs in an effort to continue to avoid liability under the wage laws for its delivery drivers.

23. FedEx ISPs are typically responsible for three or more FedEx delivery routes. FedEx requires its ISPs to hire FedEx's workforce of delivery drivers, and FedEx further requires the ISPs to classify these delivery drivers as the ISPs' employees.

24. However, based on the economic realities of the relationship between FedEx and these drivers, it is clear that the delivery drivers working under the intermediary ISPs are also FedEx employees under the FLSA.

25. FedEx operates a nationwide network of package handling terminals to serve its customers' package pickup and delivery needs around the country.  FedEx advertises its delivery service and negotiates with its customers to provide the package pick-ups and deliveries that are performed by the Plaintiffs and other delivery drivers.

26. Plaintiffs and other delivery drivers working under ISPs have typically

---

[2]   *See, e.g.*, *Craig et al. v. FedEx Ground Package System, Inc.*, 335 P.3d 66, (Kan. 2014) (FedEx drivers in Kansas were misclassified as independent contractors when they were employees as a matter of law); *Alexander et al. v. FedEx Ground Package System, Inc.*, 765 F.3d 981, 997 (9th Cir. 2014) (same, for FedEx delivery drivers in California); *Slayman et al. v. FedEx Ground Package System, Inc.*, 765 F.3d 1033, 1046-47 (9th Cir. 2014) (FedEx delivery drivers in Oregon were FedEx's employees under Oregon's economic reality test and Oregon's right to control test). FedEx ultimately settled these and other pending cases challenging its misclassification of drivers as independent contractors.

worked full-time and exclusively as FedEx drivers, delivering FedEx's packages to FedEx customers while wearing FedEx uniforms and driving vehicles bearing FedEx's logos and color scheme.

27.     Plaintiffs and other delivery drivers working under ISPs have worked out of FedEx-owned and managed terminals throughout the country, where FedEx managers, package handlers, and other FedEx employees oversee and manage the package delivery operations.

28.     The services rendered by Plaintiffs and other delivery drivers working under ISPs are an integral part of FedEx's business because FedEx is in the business of package delivery, and Plaintiffs and these other delivery drivers physically deliver packages to FedEx's customers on FedEx's behalf.

29.     Plaintiffs and other delivery drivers working under ISPs have performed their delivery work on strict and predictable schedules pursuant to FedEx's same-day delivery requirements.  The drivers' schedules are dictated by the volume of packages that FedEx requires be delivered each day on their routes.  Neither these drivers, nor the intermediary ISPs who they work under, have any control over the volume of package pickup and delivery work that FedEx assigns the drivers.

30.     FedEx micromanages the manner in which Plaintiffs and other delivery drivers working under ISPs perform their work.  Some of this micromanaging is performed directly by FedEx managers, and some is performed by the ISPs, pursuant to standards and requirements established by FedEx (and enforced by FedEx). For example:

a. FedEx requires that the delivery drivers have specific equipment on their van when they perform deliveries for FedEx;

b. FedEx requires the delivery drivers to wear a uniform bearing FedEx's logos and color scheme and to maintain personal appearance standards established by FedEx;

c. FedEx requires the delivery drivers to place specific signage on their vans bearing FedEx's name and logo;

d. FedEx assigns the specific packages that the delivery drivers must deliver and when the packages must be delivered;

e. FedEx requires the drivers to scan all assigned packages with a specific scanner designated by FedEx upon loading each morning and upon delivery;

f. FedEx requires the drivers to begin and end each day at a designated terminal operated by FedEx;

g. Customer comments and complaints regarding the drivers' job performance are made directly to FedEx, who uses its own discretion on what action to take;

h. FedEx has the authority to require its ISPs to terminate the drivers working under them if FedEx believes they should be terminated;

i. FedEx closely monitors the job performance of the drivers, tracking whether each delivery is "successful" based on FedEx's own standards.

31.   Some FedEx drivers working under ISPs have worked for different ISPs at times, and even at times directly for FedEx, but their work responsibilities, and

10

procedures they have been required to follow, have not differed in any material way regardless of which ISP they have worked under or whether they have worked directly for FedEx.

32.     For example, many FedEx drivers were initially hired directly by FedEx to perform its deliveries, until FedEx told drivers they had to work under an ISP.  These drivers' responsibilities and the procedures they were required to follow did not change in any material way following the conversion to drivers working under ISPs.  Drivers continued to report to FedEx terminals each morning, drove a vehicle with a FedEx logo on it, and followed FedEx procedures to complete their assigned deliveries.

33.     FedEx drivers, including drivers such as the Plaintiffs who have worked under intermediary ISPs, have routinely worked more than forty hours per week.

34.     For example, Plaintiff Claiborne regularly works as a FedEx delivery driver five days per week.  Until approximately 2016, he regularly worked from approximately 5:30 or 6:00 a.m. until around 8:00 p.m., totaling more than 70 hours each week.  Since approximately 2016, he regularly works from approximately 5:30 a.m. until approximately 2 or 2:30 p.m., totaling more than 40 hours each week.

35.     The named plaintiffs, as well as other FedEx delivery drivers throughout the country who have worked under ISPs, have driven trucks weighing less than 10,001 pounds. They are thus eligible for overtime pay under the FLSA and state law.

36.     However, the named plaintiffs, as well as other FedEx delivery drivers throughout the country who have worked under ISPs and have driven trucks weighing less than 10,001 pounds, have not received overtime pay for their work beyond 40 hours per week.

37. Because FedEx is these drivers' employer under the FLSA and state law, it is liable to them for the unpaid overtime.

38. By establishing a system in which FedEx employs delivery drivers through intermediary ISPs, so as to distance itself from its responsibilities under the FLSA and state law, FedEx has acted in reckless disregard of the drivers' rights. FedEx has known or should have known that its delivery drivers have not been paid the overtime they are owed.

39. However, regardless of FedEx's actual or constructive knowledge of this fact, it is liable for any overtime payments due to its delivery drivers who have worked under ISPs.

## COLLECTIVE ACTION ALLEGATIONS

40. Plaintiffs bring this lawsuit pursuant to the FLSA, 29 U.S.C. § 216(b), as a collective action on behalf of delivery drivers described in this complaint, who at any time within the past three years have worked under ISPs, have driven vehicles under 10,001 pounds, have worked more than 40 hours per week, and have not been paid one-and-a-half times their regular rate of pay for overtime hours.

41. Plaintiffs and the drivers described in the previous paragraph are "similarly situated," as that term is defined in 29 U.S.C. § 216(b) and the associated caselaw, because, inter alia, they all worked as FedEx delivery drivers pursuant to FedEx's common business practices as described above and, as a result of such practices, have not been paid the legally mandated overtime premium.

## RULE 23 CLASS ALLEGATIONS

42. The Rule 23 Class Representatives also bring state law claims under the

laws of the state where they performed work for FedEx as class actions pursuant to Fed. R. Civ. P. 23.

43. Class action treatment of the Rule 23 Class Representatives' respective state law claims is appropriate because, as alleged below, all of Rule 23's class action requirements are satisfied.

44. The classes are readily ascertainable based on FedEx's records.

45. The Class Representatives, who seeks to represent their respective state law class, are class members of the state class they seek to represent, their claims are typical of the claims of other class members, and they have no interests that are antagonistic to or in conflict with the interests of the other class members.

46. The Class Representatives have each driven vehicles under 10,001 pounds, worked more than forty (40) hours per week as a FedEx driver, and have not received the overtime premiums required by the state laws of the respective states where they worked for FedEx.

47. The Class Representatives will fairly and adequately represent the class members and their interests, and they have retained competent and experienced counsel who will effectively represent the class members' interests.

48. Questions of law and fact are common to all class members, because, *inter alia,* this action concerns FedEx's companywide ISP model, as summarized herein. The legality of this policy will be determined through the application of generally applicable legal principles to a common set of facts.

49. Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) with respect to each state class because common questions of law and fact

predominate over questions affecting only individual class members and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

## COUNT I

### (Unpaid Overtime Under the FLSA)

50.     The FLSA, 29 U.S.C. § 207(a)(1), requires that employees receive overtime premium pay of "not less than one and one-half times" their regular pay rate for hours worked beyond 40 per workweek.  FedEx is liable under the FLSA for unpaid overtime owed to Plaintiffs and other similarly situated delivery drivers who have worked for FedEx under ISPs. FedEx's violation of the FLSA has been willful and in reckless disregard of these drivers' rights.

## Count II

### (Unpaid Overtime Under Arkansas law)

51.     Arkansas law entitles employees to overtime premium compensation "not less than one and one-half (1 1/2) times" the employee's regular pay rate for hours worked beyond 40 per week.  See Ark. Code § 11-4-211.  FedEx is liable under Arkansas law for unpaid overtime owed to class members who have worked for FedEx under ISPs in Alaska.

## Count III

### (Unpaid Overtime Under Connecticut law)

52.     Connecticut law entitles employees to overtime premium compensation "not less than one- and one-half times" the employee's regular pay rate for hours worked beyond 40 per week.  See Conn. Gen. Stat. §31-76c.  FedEx is liable under

14

Connecticut law for unpaid overtime owed to class members who have worked for FedEx under ISPs in Connecticut.

### Count IV

### (Unpaid Overtime Under Hawaii law)

53. Hawaii entitles employees to overtime premium compensation "not less than one- and one-half times" the employee's regular pay rate for hours worked beyond 40 per week.  See Haw. Rev. Stat. § 387-3.  FedEx is liable under Hawaii law for unpaid overtime owed to class members who have worked for FedEx under ISPs in Hawaii.

### Count V

### (Unpaid Overtime Under Illinois law)

54. Illinois law entitles employees to overtime premium compensation "not less than 1 1/2 times" of the employee's regular pay rate for hours worked beyond 40 per week.  See 820 Ill. Comp. Stat. 105/4a.  FedEx is liable under Illinois law for unpaid overtime owed to class members who have worked for FedEx under ISPs in Illinois.

### Count VI

### (Unpaid Overtime Under Maine law)

55. Maine law entitles employees to overtime premium compensation "1 ½ times the regular hourly rate" of the employee's regular pay rate for hours worked beyond 40 per week.  See Me. Rev. Stat. tit. 26, § 664.  FedEx is liable under Maine law for unpaid overtime owed to class members who have worked for FedEx under ISPs in Maine.

## Count VII

### (Unpaid Overtime Under Maryland law)

56. Maryland law entitles employees to overtime premium compensation "of at least 1.5 times the usual hourly wage" for hours worked beyond 40 per week. See Md. Code, Lab. & Empl. § 3-415. FedEx is liable under Maryland law for unpaid overtime owed to class members who have worked for FedEx under ISPs in Maryland.

## Count VIII

### (Unpaid Overtime Under Michigan law)

57. Michigan law entitles employees to overtime premium compensation "not less than 1- ½ times" of the employee's regular pay rate for hours worked beyond 40 per week. See Mich. Comp. Laws § 408.414a. FedEx is liable under Michigan law for unpaid overtime owed to class members who have worked for FedEx under ISPs in Michigan.

## Count IX

### (Unpaid Overtime Under Minnesota law)

58. Minnesota law entitles employees to overtime premium compensation "not less than 1-1/2 times" the employee's regular pay rate for hours worked beyond 48 per week. See Minn. Stat. § 177.25(1). FedEx is liable under Minnesota law for unpaid overtime owed to class members who have worked for FedEx under ISPs in Minnesota.

## Count X

### (Unpaid Overtime Under New Jersey law)

59. New Jersey law entitles employees to overtime premium compensation

"not less than 1 1/2 times" the employee's regular pay rate for hours worked beyond 40 per week.  See N.J. Stat. 34:11-56a4(b)(1).  FedEx is liable under New Jersey law for unpaid overtime owed to class members who have worked for FedEx under ISPs in New Jersey.

## Count XI

### (Unpaid Overtime Under Oregon law)

60.     Oregon law entitles employees to overtime premium compensation "not less than one- and one-half times" the employee's regular pay rate for hours worked beyond 40 per week.  See Or. Rev. Stat. § 625.020(3)(b).  FedEx is liable under Oregon law for unpaid overtime owed to class members who have worked for FedEx under ISPs in Oregon.

## Count XII

### (Unpaid Overtime Under Pennsylvania law)

61.     Pennsylvania law entitles employees to overtime premium compensation "not less than one and one-half times" the employee's regular pay rate for hours worked beyond 40 per week.  See 43 Pa. Cons. Stat. § 333,104(c).  FedEx is liable under Pennsylvania law for unpaid overtime owed to class members who have worked for FedEx under ISPs in Pennsylvania.

## Count XIII

### (Unpaid Overtime Under Rhode Island law)

62.     Rhode Island law entitles employees to overtime premium compensation "of one and one-half (1 1/2) times" of the employee's regular pay rate for hours worked beyond 40 per week.  See 28 R.I. Gen. Laws § 28-12-4.1.  FedEx is liable under Rhode

17

Island law for unpaid overtime owed to class members who have worked for FedEx under ISPs in Rhode Island.

## Count XIV

### (Unpaid Overtime Under Vermont law)

63. Vermont law entitles employees to overtime premium compensation "not less than time and one-half times" the employee's regular pay rate for hours worked beyond 40 per week. See VT Stat. § 21-384(b). FedEx is liable under Vermont law for unpaid overtime owed to class members who have worked for FedEx under ISPs in Vermont.

## Count XV

### (Unpaid Overtime Under Wisconsin law)

64. Wisconsin law entitles employees to overtime premium compensation "at least 1.5 times" the employee's regular pay rate for hours worked beyond 40 per week. See Wis. Stat. § 103.025(c). FedEx is liable under Wisconsin law for unpaid overtime owed to class members who have worked for FedEx under ISPs in Wisconsin.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs seek the following relief on behalf of themselves and other similarly situated drivers:

A. An order permitting this lawsuit to proceed as a collective action pursuant to 29 U.S.C. § 216(b);

B. Prompt notice, pursuant to 29 U.S.C. § 216(b), of this lawsuit to all potential class members allowing them to opt-in to join the claim in this case;

C. Certification of the State Law Classes as class actions pursuant to Fed. R. Civ. P. 23;

D. Restitution for all unpaid overtime owed to the drivers;

E. Liquidated damages and prejudgment interest, pursuant to the FLSA and applicable state laws;

F. Litigation costs, expenses, and attorneys' fees; and

G. Such other and further relief as this Court deems just and proper.

## JURY TRIAL DEMANDED

Plaintiffs demand a jury trial on their claim.

August 24, 2021

Respectfully submitted,

HORACE CLAIBORNE, SONIJA MONIQUE BOWLIN, TYSHAWN WALKER, DEZRAE KAUHANE, WILLIE SEALS, FREDERICK EPPICH, JEROME SCHOOLFIELD, KRISTINA TRAVIS, JEREMY WINKELS, DANIEL FORRESTER, MARK DAVID GRIFFETH, DOUGLAS RUSSELL, KENNETH BURTON, GERALD GENSOLI, and THOMAS DEPPIESSE, on behalf of themselves and others similarly situated,

By their attorneys,

/s/ Shannon Liss-Riordan
Shannon Liss-Riordan (*pro hac vice*)
Michelle Cassorla (*pro hac vice*)
Zachary Rubin (*pro hac vice*)
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, Massachusetts 02116
(617) 994-5800
sliss@llrlaw.com
mcassorla@llrlaw.com
zrubin@llrlaw.com

>Peter Winebrake
>Michelle Tolodziecki
>Winebrake & Santillo, LLC
>715 Twining Road, Suite 211
>Dresher, Pennsylvania  19025
>Telephone:   215.884.2491
>Email: pwinebrake@winebrakelaw.com
>
>Brian Gonzales (*pro hac vice*)
>The Law Offices of Brian D. Gonzales, PLLC
>2580 East Harmony Road, Suite 201
>Fort Collins, CO  80528
>(970) 214-0562
>bgonzales@coloradowagelaw.com
>
>*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on August 24, 2021, I caused a true and correct copy of the foregoing to be filed with the Court's CM/ECF system, which constitutes service on Defendant, whose counsel are registered participants on that system.

>*/s/ Shannon Liss-Riordan*_____
>
>Shannon Liss-Riordan