IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HORACE CLAIBORNE, SONJIA MONIQUE BOWLIN, TYSHAWN WALKER, DEZRAE KAUHANE, WILLIE SEALS, FREDERICK EPPICH, JEROME SCHOOLFIELD, KRISTINA TRAVIS, JEREMY WINKELS, DANIEL FORRESTER, MARK DAVID GRIFFETH, DOUGLAS RUSSELL, KENNETH BURTON, GERALD GENSOLI, and THOMAS DEPPIESSE, on behalf of themselves and others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>FEDEX GROUND PACKAGE SYSTEM, INC.,<br><br>    Defendant. | CIVIL ACTION<br><br>No. 2:18-cv-01698-RJC |

**FEDEX GROUND'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT – COLLECTIVE AND CLASS ACTION**

FedEx Ground Package System, Inc. ("FedEx Ground") answers the Collective Action Complaint ("Complaint") of Plaintiffs Horace Claiborne, Sonjia Monique Bowlin, Tyshawn Walker, Dezrae Kauhane, Willie Seals, Frederick Eppich, Jerome Schoolfied, Kristina Travis, Jeremy Winkels, Daniel Forrester, Mark David Griffith, Douglas Russel, Kenneth Burton, Gerold Gensoli, and Thomas Depiesse as follows:

The Complaint includes an introductory paragraph before its paragraph 1. This paragraph is not pleaded as allegations and therefore requires no response. To the extent a response is required, however, FedEx Ground denies that this action is properly a collective or class action lawsuit, denies that Plaintiffs or similarly situated persons have been employed by FedEx Ground, denies that there are similarly situated persons, and denies that persons FedEx Ground has actually employed have not received overtime compensation as asserted. FedEx Ground denies all remaining allegations in the introductory paragraph.

## JURISDICTION AND VENUE

1. Whether this Court has jurisdiction over this action is a legal conclusion to which no response is required. To the extent a response is deemed required, FedEx Ground admits the allegations in paragraph 1 to the extent that subject matter jurisdiction is alleged and otherwise denies the allegations in paragraph 1.

2. Whether venue properly lies in this district is a legal conclusion to which no response is required. To the extent a response is deemed required, FedEx Ground avers that any events or omissions giving rise to the Plaintiffs' claims are matters that are local to the states in which the relationships between those Plaintiffs and the companies, the Service Providers, that paid them are centered, because they arise from the alleged exemption and pay practices and records of those Service Providers. FedEx Ground thus denies the allegations in paragraph 2 as currently pleaded.

## **PARTIES**

3. FedEx Ground is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first and third sentences of paragraph 3 and therefore denies them. FedEx Ground denies the remaining allegations at paragraph 3.

4. FedEx Ground is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first and third sentences of paragraph 4 and therefore denies them. FedEx Ground denies the remaining allegations in paragraph 4.

5. FedEx Ground is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first and third sentences of paragraph 5 and therefore denies them. FedEx Ground denies the remaining allegations in paragraph 5.

6. FedEx Ground is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first and third sentences of paragraph 6 and therefore denies them. FedEx Ground denies the remaining allegations in paragraph 6.

7. FedEx Ground is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first and third sentences of paragraph 7 and therefore denies them. FedEx Ground denies the remaining allegations in paragraph 7.

8. FedEx Ground is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first and third sentences of paragraph 8 and therefore denies them. FedEx Ground denies the remaining allegations in paragraph 8.

9. FedEx Ground is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first and third sentences of paragraph 9 and therefore denies them. FedEx Ground denies the remaining allegations in paragraph 9.

10. FedEx Ground is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first and third sentences of paragraph 10 and therefore denies them. FedEx Ground denies the remaining allegations in paragraph 10.

11. FedEx Ground is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first and third sentences of paragraph 11 and therefore denies them. FedEx Ground denies the remaining allegations in paragraph 11.

12. FedEx Ground is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first and third sentences of paragraph 12 and therefore denies them. FedEx Ground denies the remaining allegations in paragraph 12.

13. FedEx Ground is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first and third sentences of paragraph 13 and therefore denies them. FedEx Ground denies the remaining allegations in paragraph 13.

14. FedEx Ground is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first and third sentences of paragraph 14 and therefore denies them. FedEx Ground denies the remaining allegations in paragraph 14.

15. FedEx Ground is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first and third sentences of paragraph 15 and therefore denies them. FedEx Ground denies the remaining allegations in paragraph 15.

16. FedEx Ground is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first and third sentences of paragraph 16 and therefore denies them. FedEx Ground denies the remaining allegations in paragraph 16.

17. FedEx Ground is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first and third sentences of paragraph 17 and therefore denies them. FedEx Ground denies the remaining allegations in paragraph 17.

18. The first sentence of paragraph 18 contains conclusions of law to which no answer is required. FedEx Ground admits that it is a Delaware corporation headquartered in Moon Township, Pennsylvania, admits that it is a federally registered motor carrier that contracts for package pick-up and delivery services, and otherwise denies the allegations in paragraph 18.

19. FedEx Ground denies that it employs Plaintiffs or others engaged in interstate commerce, and otherwise admits the allegations in paragraph 19.

## FACTS

20. FedEx Ground admits that it is a federally registered motor carrier that contracts for package pick-up and delivery services and otherwise denies the allegations in paragraph 20.

21. FedEx Ground denies the allegations in paragraph 21.

22. FedEx Ground denies the allegation in the first sentence of paragraph 22. The second sentence of paragraph 22 and the related footnote contain characterizations of legal opinions to which no response is required. To the extent a response is required, FedEx Ground refers to those legal opinions for their contents and denies any characterization thereof. FedEx Ground otherwise denies the allegations in paragraph 22.

23. FedEx Ground admits that the rights and obligations of the Service Providers and FedEx Ground are set forth in Independent Service Provider Agreements ("ISPA"), which speak for themselves. FedEx Ground otherwise denies the allegations of paragraph 23.

24. FedEx Ground denies the allegation in paragraph 24.

25. FedEx Ground admits that it is a federally registered motor carrier that contracts for package pick-up and delivery services, admits that it operates a nationwide network of package-handling facilities, and otherwise denies the allegations in paragraph 25.

26. FedEx Ground denies the allegation in paragraph 26.

27. FedEx Ground admits that it is a federally registered motor carrier that contracts for package pick-up and delivery services, admits that it operates a nationwide network of package handling facilities, and otherwise denies the allegation in paragraph 27.

28. FedEx Ground denies the allegation in paragraph 28. FedEx Ground explicitly avers that it is not in the "business of package delivery" as it contracts that work out to independent businesses.

29. FedEx Ground denies the allegations in paragraph 29.

30. FedEx Ground denies the allegation in paragraph 30, including each subpart.

31. FedEx Ground denies the allegation in paragraph 31.

32. FedEx Ground admits that delivery drivers have driven a vehicle or vehicles bearing the name and motor carrier number of FedEx Ground, as the federally registered motor carrier. FedEx Ground otherwise denies the allegations in paragraph 32.

33. FedEx Ground denies the allegation in paragraph 33.

34. FedEx Ground denies the allegations in paragraph 34.

35. FedEx Ground admits that some drivers employed by Service Providers that contract with FedEx Ground to provide package pick-up and delivery services have sometimes driven vehicles with a gross vehicle weight rating of 10,000 pounds or less, depending on instructions from their Service Provider employers. FedEx Ground otherwise denies the allegations in paragraph 35.

36. FedEx Ground is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 36 and therefore denies them.

37. FedEx Ground denies the allegation in paragraph 37.

38. FedEx Ground denies the allegations in paragraph 38.

39. FedEx Ground denies the allegation in paragraph 39.

**COLLECTIVE ACTION ALLEGATIONS**

40. FedEx Ground admits that Plaintiffs have brought a putative collective action for alleged unpaid overtime, but denies that Plaintiffs' claims have any merit. FedEx Ground otherwise denies the allegations in paragraph 40.

41. FedEx Ground denies the allegations in paragraph 41.

**RULE 23 CLASS ALLEGATIONS**

42. FedEx Ground admits that the Rule 23 putative Class Representatives have brought claims under the laws of various states where they alleged they have performed work for Service Providers that have contracted with FedEx Ground to provide package pick-up and delivery services as putative class actions under Federal Rule of Civil Procedure 23, but FedEx Ground denies that Plaintiffs' claims have any merit and denies that any such claims can satisfy the requirements of Rule 23. FedEx Ground otherwise denies the allegations in paragraph 42.

43. FedEx Ground denies the allegation in paragraph 43.

44. FedEx Ground denies the allegation in paragraph 44.

45. FedEx Ground denies the allegations in paragraph 45.

46. FedEx Ground denies the allegation in paragraph 46.

47. FedEx Ground denies the allegations in paragraph 47.

48. FedEx Ground denies the allegations in paragraph 48.

49. FedEx Ground denies the allegations in paragraph 49.

## COUNT I
### (Unpaid Overtime under the FLSA)

50. FedEx Ground denies the allegations in paragraph 50.

## COUNT II
### (Unpaid Overtime under Arkansas law)

51. FedEx Ground denies the allegations in paragraph 51.

## COUNT III
### (Unpaid Overtime under Connecticut law)

52. This claim is subject to FedEx Ground's motion to dismiss; therefore, no response is required. To the extent a response is required, FedEx Ground denies the allegations in paragraph 52.

## COUNT IV
### (Unpaid Overtime under Hawaii law)

53. This claim is subject to FedEx Ground's motion to dismiss; therefore, no response is required. To the extent a response is required, FedEx Ground denies the allegations in paragraph 53.

## COUNT V
### (Unpaid Overtime under Illinois law)

54. This claim is subject to FedEx Ground's motion to dismiss; therefore, no response is required. To the extent a response is required, FedEx Ground denies the allegations in paragraph 54.

## COUNT VI
### (Unpaid Overtime under Maine law)

55. FedEx Ground denies the allegations in paragraph 55.

## COUNT VII
### (Unpaid Overtime under Maryland law)

56. This claim is subject to FedEx Ground's motion to dismiss; therefore, no response is required. To the extent a response is required, FedEx Ground denies the allegations in paragraph 56.

## COUNT VIII
### (Unpaid Overtime under Michigan law)

57. This claim is subject to FedEx Ground's motion to dismiss; therefore, no response is required. To the extent a response is required, FedEx Ground denies the allegations in paragraph 57.

## COUNT IX
### (Unpaid Overtime under Minnesota law)

58. This claim is subject to FedEx Ground's motion to dismiss; therefore, no response is required. To the extent a response is required, FedEx Ground denies the allegations in paragraph 58.

## COUNT X
### (Unpaid Overtime under New Jersey law)

59. FedEx Ground denies the allegations in paragraph 59.

## COUNT XI
### (Unpaid Overtime under Oregon law)

60. FedEx Ground denies the allegations in paragraph 60.

## COUNT XII
### (Unpaid Overtime under Pennsylvania law)

61. This claim is subject to FedEx Ground's motion to dismiss; therefore, no response is required. To the extent a response is required, FedEx Ground denies the allegations in paragraph 61.

## COUNT XIII
### (Unpaid Overtime under Rhode Island law)

62. FedEx Ground denies the allegations in paragraph 62.

## COUNT XIV
### (Unpaid Overtime under Vermont law)

63. FedEx Ground denies the allegations in paragraph 63.

## COUNT XV
### (Unpaid Overtime under Wisconsin law)

64. FedEx Ground denies the allegations in paragraph 64.

## PRAYER FOR RELIEF

FedEx Ground denies that Plaintiffs or other individuals who have opted in to this suit are entitled to any relief, including any relief prayed for. FedEx Ground further avers that conditional certification and notice have already occurred; therefore, Plaintiffs' request for the same is improper.

## JURY TRIAL DEMAND

FedEx Ground also demands a jury trial on all claims so triable.

All allegations not hereinabove specifically admitted, denied, or otherwise explained are here and now denied.

## DEFENSES

Standing fully on its right to plead defenses in the alternative, FedEx Ground asserts the following additional defenses and reserves the right to amend this answer to assert other additional defenses when and if, in the course of discovery and preparation for trial, it becomes appropriate. By designating these matters as "defenses," FedEx Ground does not suggest either that Plaintiffs do not bear the burden of pleading, production, or proof as to such matters or that such matters are not elements that Plaintiffs must establish in order to make a prima facie case on one or more of their claims against FedEx Ground. Nothing stated herein is intended or shall be

construed as an admission that any particular issue or subject matter is relevant to the Plaintiffs' allegations.

As additional defenses, FedEx Ground alleges as follows:

1. The claims of Plaintiffs and opt-in Plaintiffs ("FLSA Collective Action Plaintiffs") are barred, in whole or in part, to the extent they have been filed beyond any applicable statute of limitations.

2. The claims of Plaintiffs and FLSA Collective Action Plaintiffs are subject to the FLSA's two-year limitations period because any violation of the FLSA, which FedEx Ground denies, was not willful and reckless as required to apply a three-year limitations period.

3. The claims of any putative class members on whose behalf Plaintiffs purport to bring state law claims under Federal Rule of Civil Procedure 23 ("Rule 23 Putative Class Members") are barred, in whole or in part, to the extent they have been filed beyond any applicable statute of limitations.

4. The claims of Plaintiffs and Rule 23 Putative Class Members asserting claims under Minnesota law are subject to the two-year limitations period set forth in Minnesota Statute § 541.07(5) because any violation of state law, which FedEx Ground denies, was not willful and reckless as required to apply a three-year limitations period. (This claim is also subject to FedEx Ground's motion to dismiss for failure to state a claim.)

5. FedEx Ground is entitled to costs under Federal Rule of Civil Procedure 41(d).

6. North Carolina, Arkansas, Connecticut, Hawaii, Illinois, Maine, Maryland, Michigan, Minnesota, New Jersey, Oregon, Rhode Island, Vermont, and Wisconsin are the appropriate venues for the claims of Claiborne, Bowlin, Walker, Kauhane, Seals, Eppich, Schoolfield, Travis, Winkels, Forrester, Griffeth, Burton, Gensoli, and Depiesse, respectively,

because any events or omissions giving rise to their claims for unpaid overtime are essentially local matters between those Plaintiffs and the individual Service Providers (not FedEx Ground) that employed and paid them, because they arise from the alleged exemption and pay practices and records of those companies.

7. The claims of Plaintiffs, FLSA Collective Action Plaintiffs, and Rule 23 Putative Class Members are barred in whole or in part for failure to state a cause of action upon which relief may be granted.

8. The claims of Plaintiffs, FLSA Collective Action Plaintiffs, and Rule 23 Putative Class Members are barred in whole or in part due to lack of standing.

9. The claims of Plaintiffs, FLSA Collective Action Plaintiffs, and Rule 23 Putative Class Members are barred in whole or in part by the doctrines of res judicata, collateral estoppel, claim preclusion, and issue preclusion.

10. The claims of Plaintiffs, any FLSA Collective Action Plaintiffs, and any Rule 23 Putative Class Members, or some of them, may not be litigated in court because some or all of said individuals' claims may be subject to individual, mandatory, and binding arbitration.

11. To the extent that Plaintiffs, any FLSA Collective Action Plaintiffs, and any Rule 23 Putative Class Members were paid compensation beyond that to which they were entitled, such additional compensation would satisfy, in whole or in part, any alleged claim for unpaid overtime or other monetary relief.

12. The claims of Plaintiffs, FLSA Collective Action Plaintiffs, and Rule 23 Putative Class Members are barred or reduced by their failure to mitigate or avoid their damages, if any.

13. The claims of Plaintiffs, FLSA Collective Action Plaintiffs, and Rule 23 Putative Class Members are barred, in whole or in part, by their failure to properly report or document their hours worked.

14. At all times relevant hereto, FedEx Ground acted in good faith in conformity with and in reliance on applicable statutes, regulations, and interpretations with regard to some or all of the alleged acts or omissions, with reasonable grounds to believe that it was not violating federal or state law, and with no actual or constructive notice of any FLSA or state wage law violation.

15. FedEx Ground at all times acted in good faith to comply with the FLSA and state wage laws and with reasonable grounds to believe that its actions did not violate the FLSA or state wage laws, and FedEx Ground asserts a lack of willfulness or intent to violate the FLSA or state laws as a defense to any claim for liquidated damages.

16. FedEx Ground has not willfully failed to pay any wages or monies claimed due, and there is a good faith dispute with respect to FedEx Ground's obligation to pay any sum that may be alleged to be due.

17. This action is barred to the extent Plaintiffs, FLSA Collective Action Plaintiffs, and Rule 23 Putative Class Members seek recovery for time that is not compensable time under the FLSA or applicable state law.

18. The damages, if any, of Plaintiffs, FLSA Collective Action Plaintiffs, and Rule 23 Putative Class Members were proximately caused by persons or entities other than FedEx Ground, including Service Providers, Plaintiffs, FLSA Collective Action Plaintiffs, and Rule 23 Putative Class Members.

19. FedEx Ground reserves the right to seek contribution and indemnification from other parties whose actions contributed to or caused the damages of Plaintiffs, FLSA Collective Action Plaintiffs, and Rule 23 Putative Class Members, which damages are specifically denied.

20. The claims of Plaintiffs, FLSA Collective Action Plaintiffs, and Rule 23 Putative Class Members are barred or preempted, in whole or in part, by federal law, including, without limitation, by the regulation of interstate and intrastate commerce in general and the transportation industry in particular, including, but not limited to, the Motor Carrier Exemption, 29 U.S.C. §213(b)(1).

21. The claims of Plaintiffs, FLSA Collective Action Plaintiffs, and Rule 23 Putative Class Members are barred in whole or in part because these individuals are exempt from the overtime requirements of the FLSA and applicable state law.

22. The Complaint cannot and should not be maintained on a collective or class action basis because the claims fail to meet the necessary requirements for certification as a collective action under 29 U.S.C. § 216(b) or Federal Rule of Civil Procedure 23.

23. Plaintiffs do not and cannot fairly and adequately protect the interests of the putative FLSA Collective Action Plaintiffs and the putative Rule 23 Putative Class Members.

24. Plaintiffs cannot establish that they are similarly situated to others for purposes of a collective action against FedEx Ground under the FLSA.

25. The claims of Plaintiffs, FLSA Collective Action Plaintiffs, and Rule 23 Putative Class Members are barred, in whole or in part, by the doctrines of unclean hands, laches, waiver, estoppel, accord and satisfaction, and other equitable defenses.

26.     Plaintiffs, FLSA Collective Action Plaintiffs, and Rule 23 Putative Class Members have sustained no damages or, if any, de minimis damages, which are not actionable under the FLSA or applicable state law.

27.     FedEx Ground is not a proper defendant because it did not employ Plaintiffs, FLSA Collective Action Plaintiffs, and Rule 23 Putative Class Members and otherwise was not responsible for the employment actions and practices of which Plaintiffs complain.

28.     Plaintiffs have failed to join indispensable and necessary parties (i.e., the employing Service Providers) under Federal Rule of Civil Procedure, Rule 19.

29.     Plaintiffs, FLSA Collective Action Plaintiffs, and Rule 23 Putative Class Members worked for incorporated businesses that employed the drivers who performed pickups and deliveries and, as such, those incorporated businesses, not FedEx Ground, were responsible for ensuring Plaintiffs, FLSA Collective Action Plaintiffs, and Rule 23 Putative Class Members proper compensation.

## RESERVATION OF RIGHTS

FedEx Ground has not knowingly or intentionally waived any applicable defenses, and it reserves the right to amend its "Answer to Plaintiffs' First Amended Complaint – Collective and Class Action" as warranted through the discovery process and to assert additional defenses that may become known to it.

## PRAYER FOR RELIEF

FedEx Ground respectfully requests that the Court dismiss Plaintiffs' Complaint with prejudice, that the Court find that Plaintiffs are not entitled to any judgment or relief, that the Court enter judgment in favor of FedEx Ground, and that the Court award FedEx Ground its costs and attorneys' fees incurred in defending this action, and such other and further relief as the Court deems just and proper.

Dated: September 7, 2021                                   Respectfully submitted,


                                                *s/ Jessica G. Scott*
Jessica G. Scott
Michele O. Choe
Brian T. Ruocco
Wheeler Trigg O'Donnell LLP
370 Seventeenth Street, Suite 4500
Denver, CO  80202-5647
Telephone:     303.244.1800
Facsimile:      303.244.1879
Email: scott@wtotrial.com
        choe@wtotrial.com
        ruocco@wtotrial.com

Joseph P. McHugh
Shanicka L. Kennedy
FedEx Ground Package System, Inc.
1000 FedEx Drive
Moon Township, PA  15108
Telephone:     (412) 859-5917
                (412) 859-5792
Facsimile:      (412) 859-5450
Email: joseph.mchugh@fedex.com
        shanicka.kennedy@fedex.com

Attorneys for Defendant
FedEx Ground Package System, Inc.

## CERTIFICATE OF SERVICE (CM/ECF)

I HEREBY CERTIFY that on September 7, 2021, I electronically filed the foregoing FEDEX GROUND'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT – COLLECTIVE AND CLASS ACTION with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following email addresses:

- **CAUBLE ENTERPRISES, INC.**
  john@johnsonschneider.com

- **Michelle Cassorla**
  mcassorla@llrlaw.com

- **Michele O. Choe**
  choe@wtotrial.com

- **Brian D. Gonzales**
  BGonzales@ColoradoWageLaw.com

- **Mark J. Gottesfeld**
  mgottesfeld@winebrakelaw.com

- **Sean S Kelly**
  skelly@rbslaw.com, kbasta@rbslaw.com

- **Shanicka L. Kennedy**
  shanicka.kennedy@fedex.com, troy.rivetti@usdoj.gov, CaseView.ECF@usdoj.gov, usapaw.ecfcriminal@usdoj.gov

- **Shannon Liss-Riordan**
  sliss@llrlaw.com, zrubin@llrlaw.com, courts@llrlaw.com

- **Joseph P. McHugh**
  joseph.mchugh@fedex.com, susan.kernen@fedex.com, amy.chambers@fedex.com

- **Andrew H Myers**
  myers@wtotrial.com, keitlen@wtotrial.com, halvorsen@wtotrial.com, meyer@wtotrial.com

- **Nick A. Nykulak**
  nnykulak@rbslaw.com, kbasta@rbslaw.com

- **Zachary L. Rubin**
  zrubin@llrlaw.com

- **Brian Ruocco**
  ruocco@wtotrial.com

- **John R Schneider**
  sasha@johnsonschneider.com

- **Jessica Goneau Scott**
  scott@wtotrial.com, umaguing@wtotrial.com

- **Michelle Tolodziecki**
  tuf22843@temple.edu, mtolodziecki@winebrakelaw.com

- **Peter Winebrake**
  pwinebrake@winebrakelaw.com

*s/ Jessica G. Scott*