# IN THE UNITED STATES DISTRICT COURT

# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANGEL SULLIVAN-BLAKE and HORACE CLAIBORNE, on behalf of themselves and others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>FEDEX GROUND PACKAGE SYSTEM, INC.,<br><br>Defendant. | CIVIL ACTION<br><br>No. 2:18-cv-01698-RJC |

**DEFENDANT FEDEX GROUND PACKAGE SYSTEM, INC.'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS CERTAIN STATE-LAW CLAIMS**

## INTRODUCTION

Plaintiffs' Amended Complaint (ECF No. 297) pleads 14 new putative class claims for unpaid overtime under the laws of 14 states. Seven of these claims, however, fail as a matter of law because neither the newly named Plaintiffs nor any putative class members are entitled to overtime pay under the relevant states' laws. Each of these claims should be dismissed with prejudice.

First, Plaintiffs cannot state viable claims under Hawaii and Michigan law (Counts 4 and 8) because neither state's overtime requirements apply to employees or employers covered by the Fair Labor Standards Act ("FLSA"). The Amended Complaint unambiguously alleges that Plaintiffs are eligible for overtime pay under the FLSA and that FedEx Ground, whom they allege is their joint employer, is subject to that statute's requirements. Thus, Plaintiffs' own allegations establish that they are not entitled to overtime pay under either Hawaii or Michigan law.

Second, Plaintiffs' claims under Connecticut, Illinois, Maryland, Minnesota, and Pennsylvania law (Counts 3, 5, 7, 9, and 12) fail as a matter of law because Plaintiffs, as delivery drivers engaged in interstate commerce, are exempt from state-imposed overtime requirements under each state's motor carrier exemption. That Plaintiffs allege they are entitled to overtime pay under the FLSA because they drove vehicles weighing 10,000 pounds or less is irrelevant to their claims under these states' laws, as each state's overtime exemption applies to <u>all</u> drivers engaged in interstate commerce, irrespective of vehicle weight.

Plaintiffs do not—because they cannot—state plausible claims for relief under these states' laws, and the legal deficiencies in their claims cannot be cured by further amendment. The Court should thus dismiss Counts 3, 4, 5, 7, 8, 9, and 12.

## RELEVANT BACKGROUND

This lawsuit arises out of Plaintiffs' employment as delivery drivers for independent entities, referred to as Service Providers, with whom FedEx Ground contracted for package pickup and delivery services. Claiming that FedEx Ground is their joint employer with those entities, Plaintiffs seek to recover unpaid overtime under both the FLSA and state law.

In their original complaint, filed in late 2018, Plaintiffs asserted only FLSA claims, alleging that they are eligible for overtime pay under the FLSA because they and other similarly situated drivers operated vehicles weighing less than 10,001 pounds ("light" vehicles) and worked over 40 hours in at least some weeks. Three years later, Plaintiffs moved to amend their complaint to add overtime claims under the laws of 14 states. According to Plaintiffs, these states' laws provide "the same statutory protection as federal law" and "require[e] the payment of overtime for truck drivers who drive trucks weighing less than 10,001 pounds." (Pls.' Mot. for Leave to File Am. Compl. 4, ECF No. 235.) FedEx Ground opposed amendment on several grounds, including that certain of Plaintiffs' proposed class claims were futile under the relevant states' laws. (Def. FedEx Ground's Opp. to Pls.' Mot. for Leave to File Am. Compl. 10–15, ECF No. 265.) The Court granted Plaintiffs leave to amend without addressing the merits of FedEx Ground's futility arguments. (Mem. Op. 25, ECF No. 295.)

Plaintiffs filed their First Amended Complaint – Collective and Class Action ("Amended Complaint") on August 24, 2021 (ECF No. 297). It contains no new factual allegations. It merely appends 14 new putative class claims for unpaid overtime under various states' laws and names 14 new Plaintiffs as putative class representatives for those claims. (Am. Compl. ¶¶ 4–17, 51–64.) As relevant to this Motion, Plaintiffs Tyshawn Walker, Dezrae Kauhane, Willie Seals, Jerome Schoolfield, Kristina Travis, Jeremy Winkels, and Douglas Russell, on behalf of themselves and putative state classes, now assert overtime claims under the laws of Connecticut,

Hawaii, Illinois, Maryland, Michigan, Minnesota, and Pennsylvania, respectively. (*Id.* ¶¶ 5–7, 9–11, 14.) In keeping with the original complaint, each of these Plaintiffs alleges that: they were employed by Service Providers as delivery drivers; FedEx Ground is their joint employer with those entities; they are "eligible to receive overtime under the FLSA and state law since [they] have] driven a vehicle weighing less than 10,001 pounds"; and they were not paid overtime compensation. (*See* Am. Compl. ¶¶ 5–7, 9–11, 14, 20–39.)

## STANDARD OF REVIEW

To survive dismissal, the Amended Complaint must state claims upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). To "state a claim," the Amended Complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007)). To show that "relief can be granted," the Amended Complaint must rely on authorities that Plaintiffs are legally entitled to invoke to obtain the relief they seek. *See Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 128 (2014) ("apply[ing] traditional principles of statutory interpretation" to determine whether plaintiffs "fall[] within the class of plaintiffs . . . authorized to sue" under the statute). And because Plaintiffs plead only federal-question jurisdiction based on their FLSA claim (Am. Compl. ¶ 1), this Court can only exercise supplemental jurisdiction over the state-law claims. *See* 28 U.S.C. § 1367(a). In those circumstances, federal courts are "obliged to follow [state] statute[s] as written and interpreted by the [state] courts." *Hahnemann Univ. Hosp. v. Edgar*, 74 F.3d 456, 465 (3d Cir. 1996); *see also Northview Motors, Inc. v. Chrysler Motors Corp.*, 227 F.3d 78, 92 n.7 (3d Cir. 2000) (diversity-jurisdiction deference to state law applies under supplemental jurisdiction too).

3

**ARGUMENT**

**I.    PLAINTIFFS' CLAIM UNDER MICHIGAN LAW FAILS BECAUSE FEDEX GROUND IS EXEMPT FROM MICHIGAN'S OVERTIME REQUIREMENTS**

Michigan's overtime pay requirements are set forth in the Workforce Opportunity Wage Act, which is contained in chapter 408 of Michigan Compiled Laws. *See* Mich. Comp. Laws §§ 408.411, 408.414a. That Act, however, "specifically exempts employers who are otherwise covered by the FLSA" from the state's overtime requirements. *Arrington v. Mich. Bell Tele. Co.*, 746 F. Supp. 2d 854, 857–58 (E.D. Mich. 2010) (overtime claims dismissed because employer was subject to FLSA); *Vernon v. Go Ventures*, LLC, No. 16-cv-13818, 2017 WL 2002011, at *5 (E.D. Mich. May 12, 2017) (same). In particular, the Act expressly states that it "does not apply to an employer that is subject to the minimum wage provisions of the [FLSA]," except when the FLSA provides for a lower minimum wage than Michigan law. Mich. Comp. Laws § 408.420(1). But even then, the Act specifies that "Section 4a"—which contains the Act's overtime requirements—"<u>does not apply</u>" to employers "who [are] subject to this Act" only because the state's minimum wage exceeds that provided by the FLSA. *Id.* § 408.420(1)(a) (emphasis added). These provisions leave no room for debate: the Act's "exemption language plainly states that employers subject to the FLSA are not also subject to" Michigan's overtime requirements, as the "natural reading of the text allows for no other conclusion." *Arrington*, 746 F. Supp. 2d at 857.

These provisions preclude Plaintiff Travis, or any putative Michigan class member, from stating a viable overtime claim against FedEx Ground under Michigan law. Plaintiffs allege that "FedEx [Ground] is an employer covered by the FLSA." (Am. Compl. ¶ 19.) While FedEx Ground denies having any employment relationship with Plaintiffs, it does not dispute that it is generally subject to the FLSA <u>when it actually employs someone</u>. Thus, <u>even if</u> FedEx Ground were deemed to be Plaintiffs' joint employer as Plaintiffs claim (and which Plaintiffs must prove

to have any claim at all against FedEx Ground), FedEx Ground could not be liable for any Service Providers' failure to pay overtime premiums under Michigan law. In short, "under the plain language of the statute, [FedEx Ground] is exempt from the overtime provisions of the Michigan Act, and [Count 8] must be dismissed as a matter of law." *See Vernon*, 2017 WL 2002011, at *5.[1]

## II. PLAINTIFFS' CLAIM UNDER HAWAII LAW FAILS BECAUSE THEY ARE EXEMPT FROM HAWAII'S OVERTIME REQUIREMENTS

Plaintiff Dezrae Kauhane asserts a putative class claim for alleged violations of Hawaii Revised Statute section 387-3, which governs overtime compensation. As a matter of law, neither Plaintiff nor the putative class members she seeks to represent are entitled to overtime pay under this provision.

Employees covered by the FLSA's overtime provisions are specifically excluded from coverage under Hawaii's overtime law. That law applies only to an "employee," which, under the statute, <u>does not include</u> any individual employed

> [i]n any capacity if by reason of the employee's employment in such capacity and during the term thereof <u>the . . . maximum hours which the employee may work during any workweek without the payment of overtime[] are prescribed by the federal Fair Labor Standards Act</u> . . . ; provided further that if the maximum workweek established for the employee under the Fair Labor Standards Act for the purposes of overtime compensation is higher than the maximum workweek established under section 387-3, then section 387-3 shall apply in respect to such employee for such workweek . . . .

Haw. Rev. Stat. § 387-1(12) (emphasis added); *see also* Haw. Rev. Stat. § 387-3(a).

Plaintiff Kauhane alleges that she and other putative Hawaii class members are eligible for overtime pay under the FLSA because they drove light vehicles. (Am. Compl. ¶ 6.) These allegations place her and the putative class squarely within the coverage exclusion defined

---

[1] Nor have Plaintiffs alleged (nor could they) that the Service Providers that directly employed them were <u>not</u> engaged in interstate commerce, to somehow take the Service Providers outside FLSA applicability. If they did, Plaintiffs could not assert FLSA claims.

5

above. There is no dispute that the FLSA "prescribe[s]" the "maximum hours" Plaintiff Kauhane (and her defined class) could work without being eligible for overtime pay. *See* Haw. Rev. Stat. § 387-1(12). Thus, Hawaii's overtime requirements cannot apply to Plaintiff Kauhane and the putative Hawaii class unless the FLSA sets a longer maximum workweek than Hawaii law. It does not. Both Hawaii law and the FLSA provide for a maximum work week of 40 hours without payment of overtime. Haw. Rev. Stat. § 387-3(a); 29 U.S.C. § 207(a)(1).

Accordingly, neither Plaintiff Kauhane nor members of the putative Hawaii class are entitled to overtime under Hawaii law because they do not qualify as "employees" under the relevant statute. Count 4 should therefore be dismissed. *See In re Wal-Mart Wage & Hour Emp't Practices Litig.*, 490 F. Supp. 2d 1091, 1128-29 (D. Nev. 2007) (Hawaii overtime claim dismissed because plaintiffs were covered by FLSA).

### III. PLAINTIFFS' CLAIMS UNDER CONNECTICUT, ILLINOIS, MARYLAND, MINNESOTA, AND PENNSYLVANIA LAW FAIL BECAUSE THEY ARE SUBJECT TO EACH STATE'S MOTOR CARRIER EXEMPTION

Plaintiffs Walker, Seals, Schoolfield, Winkels, and Russell allege they are eligible for overtime pay under the FLSA and the laws of Connecticut, Illinois, Maryland, Minnesota, and Pennsylvania, respectively, because they drove vehicles weighing less than 10,001 pounds, or light vehicles, during their employment with Service Providers. (Am. Compl. ¶¶ 5, 7, 9, 11, 14.) But, while drivers may be eligible for overtime pay under the FLSA when they operate light vehicles, the same is not true under the laws of these five states. To the contrary, unlike federal law, these states exempt <u>all</u> drivers engaged in interstate commerce from overtime pay, irrespective of vehicle weight. Because there is no dispute that Plaintiffs and the putative classes they seek to represent are drivers engaged in interstate commerce (indeed, if they were not engaged in interstate commerce, they could not have FLSA claims), their claims under Connecticut, Illinois, Maryland, Minnesota, and Pennsylvania law fail as a matter of law.

By their plain language, none of these states' overtime rules apply to any worker whom the Secretary of Transportation has the power to regulate under the Motor Carrier Act ("MCA"):

- Connecticut's overtime provisions "*shall not apply* with respect to . . . any driver or helper . . . with respect to whom . . . the Secretary of Transportation has *power* to establish . . . maximum hours of service" under the MCA. Conn. Gen. Stat. § 31-76i(a) (emphasis added).

- Illinois defines "employee" under its Minimum Wage Law so that it "*does not include* any individual permitted to work . . . [f]or a motor carrier and with respect to whom the U.S. Secretary of Transportation has the *power* to establish qualifications and maximum hours of service" pursuant to the MCA. 820 Ill. Comp. Stat. 105/3(d)(7) (emphasis added).

- Maryland excludes from overtime requirements any "employee for whom the United States Secretary of Transportation *may* set qualifications and maximum hours" under the MCA. Md. Code Ann., Lab. & Empl. § 3-415(c)(1) (emphasis added).

- Minnesota law defines "employee" to exclude "any individual in a position for which the United States Department of Transportation *has power* to establish qualifications and maximum hours of service" pursuant to the MCA. Minn. Stat. § 177.23, Subd. 7(16) (emphasis added).

- Pennsylvania exempts from its overtime requirements "any employee of a motor carrier with respect to whom the . . . Secretary of Transportation *has power* to establish qualifications and maximum hours of service" under authority granted by the MCA. 43 Pa. Cons. Stat. § 333.105(b)(7) (emphasis added).

Therefore, Plaintiffs are not eligible for overtime pay under any of these states' laws if they are subject to Secretary of Transportation's regulatory power under the MCA, irrespective of whether that power is exercised.

Under well-established law, an employee falls under the broad ambit of the Secretary's regulatory authority if he or she: (1) is employed by a "motor carrier" within the meaning of the MCA; and (2) performs duties that directly affect the safety of operation of motor vehicles in interstate and foreign commerce (e.g., drivers and driver's helpers). 49 U.S.C. § 31502(b)(1) (providing that the Secretary "may prescribe requirements for . . . qualifications and maximum hours of service of employees of, and safety of operation and equipment of, a motor carrier");

7

*see also* 29 C.F.R. § 782.2. Thus, these state law exemptions apply to: (1) drivers that are (2) employed by a "motor carrier" under the MCA and (3) engaged in interstate commerce.

Plaintiffs' allegations demonstrate that they, and the putative class members they seek to represent, meet each of these requirements. One, Plaintiffs admit they are drivers. (Am. Compl. ¶¶ 5, 7, 9, 11, 14.) Two, Plaintiffs admit they are engaged in interstate commerce. (*Id.* ¶ 19.)

And, three, the parties agree that FedEx Ground is a "motor carrier" under the MCA because it "provid[es] motor vehicle transportation for compensation." 49 U.S.C. § 13102(14) (defining "motor carrier"); *accord* 49 U.S.C. § 31501(2). (*See also* Am. Compl. ¶ 18 (alleging that FedEx Ground is "engaged in the business of the delivery of packages nationwide").) If FedEx Ground is Plaintiffs' joint employer, as they allege, then they are necessarily employed by a "motor carrier" subject to the MCA. (First Am. Compl. ¶¶ 24, 37–38.)

As to this third point, FedEx Ground of course denies it is Plaintiffs' joint employer, but that denial is not relevant to FedEx Ground's motion. As an initial matter, Plaintiffs' allegations, including that FedEx Ground is their joint employer, must be presumed true on a motion to dismiss. *Iqbal*, 556 U.S. at 678. Second, if Plaintiffs cannot prove joint employment, <u>all</u> of their claims against FedEx Ground fail as a matter of law anyway. Finally, each of the Service Providers that employed Plaintiffs are also "motor carriers" under the MCA, as they also "provid[e] motor vehicle transportation for compensation." 49 U.S.C. § 13102(14).

Accordingly, there is no dispute that Plaintiffs are subject to the Secretary's power to establish qualifications and maximum hours under the MCA. As a result, they are not eligible for

8

overtime pay under the plain, express terms of each state's wage-and-hour law.[2] Plaintiffs, in other words, do not "ha[ve] a cause of action under the[se] statute[s]." *Lexmark*, 572 U.S. at 128.

Allegations that Plaintiffs drove light vehicles do not change this conclusion, as those allegations are irrelevant to Plaintiffs' eligibility for overtime pay under these states' laws, in contrast to the FLSA. (Am. Compl. 5, 7, 9, 11, 14.) As shown above, application of these states' motor carrier exemptions turns solely on the existence of Secretary's statutory authority to prescribe qualifications and maximum hours. That jurisdiction extends to <u>all</u> drivers who are engaged in interstate commerce and employed by a "motor carrier," irrespective of whether they drive light or heavy vehicles. 49 U.S.C. § 31502(b)(1) (requirements for the Secretary's jurisdiction do not reference vehicle weight); 49 U.S.C. § 13102(14) (defining "motor carrier" without reference to vehicle weight). Thus, there is no statutory basis in any of these states' laws for treating some drivers differently because they drove light vehicles.

Nor can Plaintiffs read in a small vehicle exception to these states' laws in an attempt to import federal protections into state law. Such an interpretation would violate a fundamental rule of statutory construction: the plain language of a statute must be given effect. *United States v. Zheng*, 768 F.2d 518, 523 (3d Cir. 1985); *Garcia v. United States*, 469 U.S. 70, 75 (1984).[3] For

---

[2] *See Schilling v. Schmidt Baking Co., Inc.*, 876 F.3d 596, 603 (4th Cir. 2017) (affirming dismissal of overtime claim brought by interstate drivers under Maryland law); *Frapanpina v. Garda CL Great Lakes, Inc.*, No. 19-CV-493, 2021 WL 1088302, at *5 (N.D. Ill. Mar. 22, 2021) (granting summary judgment on interstate driver's claim for overtime under Illinois law due to state's motor carrier exemption); *Cerutti v. Frito Lay, Inc.*, 777 F. Supp. 2d 920, 941–42 (W.D. Pa. 2011) (same under Pennsylvania law).

[3] Applicable state law is in accord. *See, e.g.*, 1 Pa. Cons. Stat. § 1921(b); Conn. Gen. Stat.§ 1-2z; *State v. Courchesne*, 816 A.2d 562, 544 (Conn. 2003); *DiFoggio v. Retirement Bd. of Cty. Emps. Annuity and Benefit Fund of Cook Cty.*, 620 N.E.2d 1070, 1073 (Ill. 1993); *Stachowski v. State*, 6 A.3d 907, 925 (Md. 2010); *Christianson v. Henke*, 831 N.W.2d 532, 536–37 (Minn. 2013); Cty. of Dakota v. Cameron, 839 N.W.2d 700, 709 (Minn. 2013); *Sadler v. Worker's Comp. App. Bd.*, 244 A.3d 1208, 1214 (Pa. 2021).

that reason, several courts—including this one—have held that many of the overtime exemptions at issue here do not mandate overtime pay for drivers who might otherwise qualify for the small vehicle exception to the federal Motor Carrier Act exemption. *See Schilling v. Schmidt Baking Co., Inc.*, 876 F.3d 596, 603 (4th Cir. 2017) (affirming dismissal of driver's overtime claim under Maryland law because Maryland did not have small vehicle exception: "we will not read into Maryland's statutory scheme an exception similar to the TCA exception when one does not exist"); *Frapanpina v. Garda CL Great Lakes, Inc.*, No. 19-CV-493, 2021 WL 1088302, at *5 (N.D. Ill. Mar. 22, 2021) (refusing to read small vehicle exception into Illinois law: "Illinois state legislature has not enacted a state-law corollary to the federal TCA that would allow drivers of [light] vehicles an exception to the motor carrier exemption"); *Cerutti v. Frito Lay, Inc.,* 777 F. Supp. 2d 920, 941–42 (W.D. Pa. 2011) (refusing to "circumvent" unambiguous Pennsylvania statute by reading small vehicle exception into Pennsylvania's motor carrier exemption).[4]

## IV. DISMISSAL SHOULD BE WITH PREJUDICE

Further amendment cannot fix the legal flaws that doom Counts 3, 4, 5, 7, 8, 9, and 12. "District court[s] must permit a curative amendment" before dismissing a complaint "unless [] amendment would be inequitable or futile." *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 245–46 (3d Cir. 2008); *see also Grayson-Gray v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002). Further amendment would be futile here because it would "not cure the deficiency in the original complaint" and could not "withstand a renewed motion to dismiss." *Jablonski v. Pan American World Airways, Inc.*, 863 F.2d 289, 292 (3d Cir. 1988).

---

[4] Courts in the remaining states have not held otherwise; thus, there is no legal basis with which to read exceptions into state statutes where none exist.

No new facts could render Counts 3, 4, 5, 7, 8, 9, and 12 legally viable. This is confirmed not just by the plain text of the state statutes, *supra* at 7, but also by Plaintiffs' failure to plead any new facts in their amended complaint. Further, "[P]laintiffs [have] already amended their complaint once," more than three years into this massive litigation. *See Oran v. Stafford*, 226 F.3d 275, 291 (3d Cir. 2000). Under such circumstances, courts routinely dismiss amended claims with prejudice. *Id.* The Court should do so here to prevent further delay and in recognition of the futility of Counts 3, 4, 5, 7, 8, 9, and 12.

## CONCLUSION

Counts 3, 4, 5, 7, 8, 9, and 12 are not claims on which relief can be granted to Plaintiffs. The Court should dismiss them with prejudice.

Dated:  September 7, 2021						Respectfully submitted,


							/s/ Jessica G. Scott
							Jessica G. Scott
							Michele O. Choe
							Brian T. Ruocco
							Wheeler Trigg O'Donnell LLP
							370 Seventeenth Street, Suite 4500
							Denver, CO  80202-5647
							Telephone:	303.244.1800
							Facsimile:	303.244.1879
							Email: scott@wtotrial.com
								choe@wtotrial.com
								ruocco@wtotrial.com

							Joseph P. McHugh
							Shanicka L. Kennedy
							FedEx Ground Package System, Inc.
							1000 FedEx Drive
							Moon Township, PA  15108
							Telephone:	(412) 859-5917
									(412) 859-5792
							Facsimile:	(412) 859-5450
							Email: joseph.mchugh@fedex.com
								shanicka.kennedy@fedex.com

							Attorneys for Defendant
							FedEx Ground Package System, Inc.

## CERTIFICATE OF SERVICE (CM/ECF)

I HEREBY CERTIFY that on September 7, 2021, I electronically filed the foregoing **DEFENDANT FEDEX GROUND PACKAGE SYSTEM, INC.'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS CERTAIN OPT-IN PLAINTIFFS** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following email addresses:

The following are those who are currently on the list to receive e-mail notices for this case.

- **Shannon Liss-Riordan**
  sliss@llrlaw.com, courts@llrlaw.com

- **Michelle Cassorla**
  mcassorla@llrlaw.com

- **Zachary L. Rubin**
  zrubin@llrlaw.com

- **Peter Winebrake**
  pwinebrake@winebrakelaw.com

- **R. Andrew Santillo**
  asantillo@winebrakelaw.com

- **Mark J. Gottesfeld**
  mgottesfeld@winebrakelaw.com

- **Michelle L. Tolodziecki**
  tuf22843@temple.edu, mtolodziecki@winebrakelaw.com

- **Brian D. Gonzales**
  bgonzales@coloradowagelaw.com

- **Joseph P. McHugh**
  joseph.mchugh@fedex.com, susan.kernen@fedex.com, amy.chambers@fedex.com

- **Shanicka L. Kennedy**
  shanicka.kennedy@fedex.com, troy.rivetti@usdoj.gov, CaseView.ECF@usdoj.gov, usapaw.ecfcriminal@usdoj.gov

- **Jessica Goneau Scott**
  scott@wtotrial.com, umaguing@wtotrial.com

- **Andrew H Myers**
  myers@wtotrial.com, keitlen@wtotrial.com, halvorsen@wtotrial.com, meyer@wtotrial.com

- **Michele O. Choe**
  choe@wtotrial.com

- **Brian T. Ruocco**
  ruocco@wtotrial.com

- **Nick A. Nykulak**
  nnykulak@rbslaw.com, kbasta@rbslaw.com

- **Sean S. Kelly**
  skelly@rbslaw.com, kbasta@rbslaw.com

- **John R. Schneider**
  john@johnsonschneider.com, sasha@johnsonschneider.com


                           */s/ Jessica G. Scott*