# IN THE UNITED STATES DISTRICT COURT

# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HORACE CLAIBORNE, SONJIA MONIQUE BOWLIN, TYSHAWN WALKER, DEZRAE KAUHANE, WILLIE SEALS, FREDERICK EPPICH, JEROME SCHOOLFIELD, KRISTINA TRAVIS, JEREMY WINKELS, DANIEL FORRESTER, MARK DAVID GRIFFETH, DOUGLAS RUSSELL, KENNETH BURTON, GERALD GENSOLI, and THOMAS DEPPIESSE, on behalf of themselves and others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>FEDEX GROUND PACKAGE SYSTEM, INC.,<br><br>    Defendant. | CIVIL ACTION<br><br>No. 2:18-cv-01698-RJC |

**DEFENDANT FEDEX GROUND PACKAGE SYSTEM, INC.'S MEMORANDUM IN SUPPORT OF ITS OPPOSED MOTION TO DISMISS WITH PREJUDICE DISCOVERY OPT-INS, FROM THE INITIAL 500, WHO FAILED TO COMPLY WITH THE COURT'S DECEMBER 7, 2021, DISCOVERY ORDER**

Defendant FedEx Ground seeks an order dismissing with prejudice those opt-in Plaintiffs who failed to provide complete questionnaire responses or document productions (or both) by January 6, 2022, in accordance with the Court's December 7, 2021, Order, and still have not through the date of the filing of FedEx Ground's motion.

## FACTUAL AND PROCEDURAL BACKGROUND

On March 29, 2021, FedEx Ground served on 500 opt-in Plaintiffs the parties' agreed-to discovery questionnaire. (*See* ECF 320 (Memo. in Supp. of Mot. to Compel) at 1 (citing ECF 308 at 2).) The Court ordered these 500 opt-ins to <u>fully</u> respond to the questionnaire and its accompanying document requests by November 1, 2021. (ECF 308 at 1.) The Court further ordered that FedEx Ground file an unopposed motion to compel by December 3, 2021, addressing any opt-ins who failed to fully respond by November 1. (*Id.* at 2.) FedEx Ground complied, filing its unopposed motion to compel and accompanying papers (ECF 319, 320), which motion the Court granted on December 7, 2021 (ECF 321). The Court's December 7 Order required all non-compliant opt-ins identified in FedEx Ground's motion papers to <u>fully</u> respond to the questionnaire and make <u>full</u> document productions within 30 days of entry of that order. (*Id.*) Those opt-ins' deadline to comply with the Court's Order was January 6, 2022.

The majority of those opt-ins still have failed to complete their discovery obligations. On January 21, 2022, FedEx Ground filed its <u>unopposed</u> motion to dismiss with prejudice those 203 discovery opt-ins that had not responded to discovery or the Court's order compelling responses in any way.[1] (*See* ECF 348-49.) FedEx Ground now moves to dismiss with prejudice those 140 opt-ins that have not fully responded to either the questionnaire or completed document

---

[1] Plaintiffs' counsel inadvertently did not produce a questionnaire that was completed, and did so recently. As a result, this number is 202, not 203.

productions (or both). (*See* Exhibit A (chart of opt-ins who were subject to December 7 order who are still non-compliant; those with strikethroughs are being addressed in FedEx Ground's previously-filed unopposed motion to dismiss with prejudice).)

**ARGUMENT**

The Court previously recognized that opt-in Plaintiffs in a Fair Labor Standards Act ("FLSA") putative collective action have an obligation to participate in discovery. (*See, e.g.*, ECF 321 (order granting motion to compel discovery from opt-ins); ECF 308 at 1-2 (case management order directing opt-ins to respond to discovery); ECF 294 at 1 (order allowing discovery of opt-ins).) *See also, e.g.*, *Bonds v. GMS Mine Repair and Maint., Inc.*, No. 2:13–cv–1217, 2014 WL 6682475, at *2 (W.D. Pa. Nov. 25, 2014) (discussing two lines of cases allowing discovery from all opt-ins or a subset, and allowing written discovery from a subset of opt-ins).

The Court also has recognized that both named and opt-in plaintiffs in an FLSA action may be dismissed with prejudice for a failure to comply with discovery. (ECF 294 at 2 (dismissing with prejudice named Plaintiff Sullivan-Blake as well as opt-ins who were subject to an order compelling discovery but did not comply).) *See also Camesi v. Univ. of Pittsburgh Med. Ctr.*, No. 09–85J, 2010 WL 2104639, at *11 n.14 (W.D. Pa. May 24, 2010) (because opt-ins are party-plaintiffs, they are subject to "the consequences of their failure to cooperate" with discovery).

These precepts follow from the fact that Rule 37 of the Rules of Civil Procedure applies equally to FLSA opt-in plaintiffs. *See generally Flores v. Velocity Express, LLC*, No. 12-cv-05790-JST, 2017 WL 3394144, at *4 (N.D. Cal. Aug. 8, 2017) (applying Rule 37 to opt-in plaintiffs, granting motion requesting dismissal); *Marshall v. Louisiana State*, No. 15-1128, 2017 WL 90655, at *4-5 (E.D. La. Jan. 10, 2017) (applying Rule 37 to opt-in plaintiffs, granting dismissal); *see also Dinkel v. Medstar Health Inc.*, 304 F.R.D. 339, 348 (D. D.C. 2014)

2

(applying Rule 37, ordering opt-ins to respond and warning them they would face dismissal for further failure to comply); *Vaughan v. M - Entm't Props., LLC*, No. 1:14-CV-914-SCJ, 2016 WL 7428212, at *2 (N.D. Ga. Feb. 1, 2016) (granting opt-ins additional short period in which to respond before considering dismissal); *Cooper v. East Coast Assemblers, Inc.*, No. 12-80995-CIV, 2014 WL 12862695, at *1 (S.D. Fla. Feb. 4, 2014) (same). Rule 37 condones dismissal with prejudice when a plaintiff has failed to comply with a court order. Fed. R. Civ. P. 37(b)(2)(A)(v); *see also Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 643 (1976) (affirming grant of dismissal with prejudice for failure to respond to discovery); *Poulis v. State Farm Fire and Cas. Co.*, 747 F.2d 863, 866, 868 (3d Cir. 1984) (dismissal with prejudice warranted when there has been a clear record of delay, considering the party's personal responsibility for that delay, the prejudice caused by the delay, the history of delay, whether the conduct was in bad faith, the effectiveness of less severe sanctions, and the merits of the claims and defenses at issue).

      The 140 opt-ins at issue in this motion are those that have provided some sort of response, but deficient responses and productions. They fall into one or more of the following categories and each deficiency is specifically identified in the footnotes in Exhibit A: (i) indicated in their questionnaire responses that they have documents but have not produced them; (ii) are current drivers and have not produced paystubs, hours, or contact information for their current employment (when they would indisputably have ready access to that information); (iii) have provided incomplete answers (or no answers at all) to key questions; and/or

(iv) Plaintiffs' counsel have produced only an unsigned questionnaire (with thus no way to confirm the opt-ins actually provided the answers or verified they were correct).[2]

Plaintiffs have not disputed the details of Exhibit A or the missing information. Rather, Plaintiffs take the position that because these opt-ins at least partially participated, they should be exempt from dismissal. Plaintiffs have made this argument to the Court previously, however, regarding an earlier set of discovery opt-ins, and the Court ruled as follows:

> Turning to the individuals who have submitted, to date,[] what the parties seem to acknowledge are incomplete responses to outstanding discovery requests, the Court is not inclined to dismiss these individuals, with or without prejudice, at this time. As noted above, dismissal, especially with prejudice, is an "extreme" sanction, and these parties' attempts to comply with discovery requirements sufficiently distinguishes them from Sullivan-Blake and the opt-ins who have simply ignored discovery.
> <u>The Court is, however, mindful that the parties reached an agreement that these opt-ins would be subject to discovery, and that the parties further reached an agreement respecting the manner and content of such discovery</u>. [] <u>This Court entered an Order compelling production with that agreement.</u> [] <u>Plaintiffs do not, in any material way, challenge the assertion that these individuals' responses to date are lacking</u>, and have stated that they will continue to work with opt-ins to produce the discovery at issue. [] The Court acknowledges FedEx's desire for a definite deadline for production consistent with the parties' agreement and this Court's order, but also acknowledges these opt-ins' efforts to meaningfully participate in this litigation. <u>Balancing these interests, the Court will afford these individuals a final opportunity to fully comply with the outstanding discovery requests. Should they fail to do so, the Court is inclined to dismiss these individuals with prejudice for reasons materially similar to those discussed above with respect to Sullivan-Blake and those opt-ins who have ignored discovery to date</u>.

(ECF 293 at 25-26 (emphasis added; footnotes and citations omitted).)

The opt-ins identified in Exhibit A have now <u>twice</u> been ordered to fully comply with their discovery obligations in this case (discovery served almost a year ago), and their failure to

---

[2] To be clear, there are many discovery opt-ins that have not produced documents, but unless they are a current driver or stated that they do in fact have documents but did not produce them, they are not included in Exhibit A or FedEx Ground's request for dismissal, nor were they previously included in the unopposed motion to compel.

4

fully comply is exactly the type of partial compliance the Court previously indicated would lead it to be inclined to dismiss those opt-ins with prejudice. (ECF 308 at 1 (ordering full discovery responses and productions by Nov. 1, 2021); ECF 321 at 1 (ordering full discovery responses and productions by Jan. 6, 2022, and warning that non-complaint opt-ins may be dismissed with prejudice).) FedEx Ground asks the Court to apply the above principles now to those of the initial 500 opt-ins selected for discovery who have failed to fully comply first with the Court's order setting a deadline to fully respond (ECF 308) and then again with the Court's December 7, 2021, Order compelling full questionnaire responses and document productions (ECF 321), and dismiss them with prejudice.

## CONCLUSION

Because they have failed to fully comply with the Court's December 7, 2021, Order and produce full questionnaire responses and/or full document productions, FedEx Ground respectfully requests the Court dismiss with prejudice those opt-in Plaintiffs identified in the attached Exhibit A, as the Court has done (and indicated it would do in the future) with other non-participating and partially-participating opt-ins.

Dated:  February 14, 2022                           Respectfully submitted,


*s/ David J. Schaller*
Jessica G. Scott
David J. Schaller
Wheeler Trigg O'Donnell LLP
370 Seventeenth Street, Suite 4500
Denver, CO  80202-5647
Telephone:    303.244.1800
Facsimile:      303.244.1879
Email: scott@wtotrial.com
Email:  schaller@wtotrial.com

5

        Joseph P. McHugh
        Shanicka L. Kennedy
        FedEx Ground Package System, Inc.
        1000 FedEx Drive
        Moon Township, PA  15108
        Telephone:     412.859.5917
                        412.859.5792
        Facsimile:     412.859.5450
        Email: joseph.mchugh@fedex.com
                shanicka.kennedy@fedex.com

        Attorneys for Defendant
        FedEx Ground Package System, Inc.

6

## **CERTIFICATE OF SERVICE (CM/ECF)**

I HEREBY CERTIFY that on February 14, 2022, I electronically filed the foregoing **DEFENDANT FEDEX GROUND PACKAGE SYSTEM, INC.'S MEMORANDUM IN SUPPORT OF ITS OPPOSED MOTION TO DISMISS WITH PREJUDICE DISCOVERY OPT-INS, FROM THE INITIAL 500, WHO FAILED TO COMPLY WITH THE COURT'S DECEMBER 7, 2021, DISCOVERY ORDER** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following email addresses:

- **Shannon Liss-Riordan**
  sliss@llrlaw.com, zrubin@llrlaw.com, courts@llrlaw.com

- **Michelle Cassorla**
  mcassorla@llrlaw.com

- **Zachary L. Rubin**
  zrubin@llrlaw.com

- **Peter Winebrake**
  pwinebrake@winebrakelaw.com

- **R. Andrew Santillo**
  asantillo@winebrakelaw.com

- **Mark J. Gottesfeld**
  mgottesfeld@winebrakelaw.com

- **Michelle L. Tolodziecki**
  tuf22843@temple.edu, mtolodziecki@winebrakelaw.com

- **Brian D. Gonzales**
  BGonzales@ColoradoWageLaw.com

- **Joseph P. McHugh**
  joseph.mchugh@fedex.com, susan.kernen@fedex.com, amy.chambers@fedex.com

- **Shanicka L. Kennedy**
  shanicka.kennedy@fedex.com, troy.rivetti@usdoj.gov, CaseView.ECF@usdoj.gov, usapaw.ecfcriminal@usdoj.gov

- **Jessica Goneau Scott**
  scott@wtotrial.com, umaguing@wtotrial.com

- **Andrew H Myers**
  myers@wtotrial.com, keitlen@wtotrial.com, halvorsen@wtotrial.com, meyer@wtotrial.com

- **Michele O. Choe**
  choe@wtotrial.com

- **Brian Ruocco**
  ruocco@wtotrial.com

- **Nick A. Nykulak**
  nnykulak@rbslaw.com, kbasta@rbslaw.com

- **Sean S. Kelly**
  skelly@rbslaw.com, kbasta@rbslaw.com

- **John R. Schneider**
  john@johnsonschneider.com, sasha@johnsonschneider.com

*s/ David J. Schaller*
David J. Schaller