# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HORACE CLAIBORNE, SONJIA MONIQUE BOWLIN, TYSHAWN WALKER, WILLIE SEALS, FREDERICK EPPICH, JEROME SCHOOLFIELD, KRISTINA TRAVIS, JEREMY WINKELS, DANIEL FORRESTER, MARK DAVID GRIFFETH, DOUGLAS RUSSELL, KENNETH BURTON, GERALD GENSOLI, and THOMAS DEPPIESSE, on behalf of themselves and others similarly situated,<br><br>　　　　Plaintiffs,<br><br>　　　　v.<br><br>FEDEX GROUND PACKAGE SYSTEM, INC.,<br><br>　　　　Defendant. | Civil Action No. 2:18-cv-01698-RJC |

## PLAINTIFFS' OPPOSITION TO FEDEX'S MOTION TO DISMISS BRANDI STUEHRENBERG

Defendant FedEx Ground Package System, Inc. ("FedEx")'s request to dismiss Opt-In Brandi Stuehrenberg should be denied. As Plaintiffs have argued in prior briefing on the subject of whether opt-ins who partially participate in discovery should be dismissed, see Dkts. 242, 315, 365 (which are incorporated by reference here), such dismissal is not appropriate, because dismissing opt-ins from the case would undermine the FLSA's representative nature. The vast majority of opt-ins to this case will not be required to participate in discovery whatsoever, and those who happened to have been chosen should not be penalized if they make an effort to participate.

1

While Plaintiffs' counsel have attempted to follow up with Ms. Stuehrenberg to obtain her outstanding documents, including by mailing her copies of relevant Court orders, thus far Ms. Stuehrenberg has not responded.  As discussed extensively in Plaintiffs' prior briefing, Dkts. 242, 315, 365, there is no reason that an opt-in like Ms. Stuehrenberg needs to be dismissed at this point.  Even if the Court ultimately decides to dismiss her, it should allow her additional time to provide her outstanding documents; indeed, discovery of other opt-ins in this case is likely to continue for at least several more months, and thus there is no reason Ms. Stuehrenberg should not be afforded additional time to provide her documents.

Plaintiffs also note that FedEx has a contractual right to obtain the pay documents at issue here.  The ISP Agreement provides that:

ISP agrees to:

(A) bear all expenses associated with the training of its Personnel under Schedule I to this Agreement;

(B) bear all expenses associated with the employment of such persons, including without limitation, wages, salaries, benefits, employment taxes, unemployment insurance, workers compensation coverage, and government mandated disability insurance, and, ***at the request of FXG, provide proof that these obligations and all related filings with federal, state and local authorities are being met***, including but not limited to, collection and payment of withheld taxes and unemployment taxes, the procurement and maintenance of workers' compensation insurance and the satisfaction of any other obligations required by Applicable Law;

(C) assume sole responsibility for payroll deductions and maintenance of payroll and employment records, and for compliance with Applicable Law, including without limitation, wage payment, final payment of wages, required withholdings from wages, deductions, overtime, and rest and meal periods, and, ***at the request of FXG, provide evidence of such compliance***;

(D) employ only persons who are legally authorized to work in the

> United States, maintain an I-9 employment authorization form, if required, for each person utilized, and, ***at the request of FXG, provide evidence of such compliance***; and
>
> (E) comply with Applicable Law and, ***at the request of FXG, provide evidence of such compliance***.

Dkt. 29.02 at 13-14 § 6 (emphasis added). Thus, there is no reason FedEx cannot obtain information about Ms. Stuehrenberg's pay itself from the relevant ISP. Evidence of wage and hour compliance would necessarily include evidence of how much Ms. Stuehrenberg was paid, which is exactly the information that FedEx is now seeking from Ms. Stuehrenberg herself.

      For the reasons discussed herein and in Plaintiffs' prior briefing, the Court should not dismiss Ms. Stuehrenberg at this point, and instead should reserve decision until the end of the written discovery period. If Ms. Stuehrenberg is to be dismissed, then any dismissal should be without prejudice.

Dated: July 12, 2022

Respectfully submitted,

HORACE CLAIBORNE, SONIJA MONIQUE BOWLIN, TYSHAWN WALKER, WILLIE SEALS, FREDERICK EPPICH, JEROME SCHOOLFIELD, KRISTINA TRAVIS, JEREMY WINKELS, DANIEL FORRESTER, MARK DAVID GRIFFETH, DOUGLAS RUSSELL, KENNETH BURTON, GERALD GENSOLI, and THOMAS DEPPIESSE, on behalf of themselves and others similarly situated,

By their attorneys,

*/s/ Shannon Liss-Riordan*
Shannon Liss-Riordan (*pro hac vice*)
Michelle Cassorla (*pro hac vice)*
Zachary Rubin (*pro hac vice*)
Krysten Connon (*pro hac vice*)
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, Massachusetts 02116
(617) 994-5800
sliss@llrlaw.com
mcassorla@llrlaw.com

Peter Winebrake
Mark J. Gottesfeld
Michelle Tolodziecki
WINEBRAKE & SANTILLO, LLC
715 Twining Road, Suite 211
Dresher, Pennsylvania 19025
(215) 884-2491
pwinebrake@winebrakelaw.com
mgottesfeld@winebrakelaw.com

Brian Gonzales (*pro hac vice*)
THE LAW OFFICES OF BRIAN D. GONZALES, PLLC
2580 East Harmony Road, Suite 201
Fort Collins, CO 80528
 (970) 214-0562
BGonzales@ColoradoWageLaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on July 12, 2022, I caused a true and correct copy of the foregoing to be filed with the Court's CM/ECF system, which constitutes service on Defendant, whose counsel are registered participants on that system.

*/s/ Shannon Liss-Riordan*
Shannon Liss-Riordan
