IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HORACE CLAIBORNE, SONJIA MONIQUE BOWLIN, TYSHAWN WALKER, DEZRAE KAUHANE, WILLIE SEALS, FREDERICK EPPICH, JEROME SCHOOLFIELD, KRISTINA TRAVIS, JEREMY WINKELS, DANIEL FORRESTER, MARK DAVID GRIFFETH, DOUGLAS RUSSELL, KENNETH BURTON, GERALD GENSOLI, and THOMAS DEPPIESSE, on behalf of themselves and others similarly situated,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>FEDEX GROUND PACKAGE SYSTEM, INC.,<br><br>　　　　Defendant. | CIVIL ACTION<br><br>No. 2:18-cv-01698-RJC |

**FEDEX GROUND PACKAGE SYSTEM, INC.'S OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL THE PRODUCTION OF CERTAIN FEDEX GROUND POLICIES**

Plaintiffs demand production of documents that cannot prove the collective is similarly situated, cannot support joint employment allegations, and to which they are not entitled at this stage of litigation. Discovery to date confirms that FedEx Ground has no role in setting driver wages, does not and cannot terminate drivers, does not control driver employment records, and has no authority to set driver work rules or assignments. Simply put, the numerous policies FedEx Ground produced cannot sustain Plaintiffs' joint employment theory. Plaintiffs now demand numerous internal policy documents that bear no relation to whether the drivers are similarly situated or jointly employed. Instead, they seek to shift the focus and extend discovery into the business-to-business relationships between FedEx Ground and Service Providers. The documents Plaintiffs seek also are cumulative of the 84 policy documents and deposition testimony of 11 witnesses already provided by FedEx Ground.

Plaintiffs' attempt to expand the scope and shift the focus of discovery from drivers to Service Providers comes after they told the Court that Service Providers are irrelevant, "unnecessary parties" without a "substantial interest" in this case. (ECF No. 246 at 4–5.) In opposing FedEx Ground's motion to join Service Providers, Plaintiffs doubled-down, adding that "This case is simply not focused on [Service Providers]." *Id*.

## **LEGAL STANDARD**

Third Circuit courts use a "two-step certification process" to determine whether plaintiffs are "similarly situated" for FLSA collective actions. *Halle v. W. Penn. Allegheny Health Sys. Inc.*, 842 F.3d 215, 224 (3d Cir. 2016). At the second step—final certification—the court considers whether the specific plaintiffs who opted-in are, in fact, similarly situated to the named plaintiffs. *Zavala v. Wal Mart Stores Inc.*, 691 F.3d 527, 536 n.4 (3d Cir. 2012). <u>Pre-final-certification discovery is limited to whether the collective *of drivers* is similarly situated</u> through discovery targeted to "a representative sample" of opt ins. *See Rosenbauer v. Pa. Dep't of Hum.*

1

*Servs.*, 2020 WL 2539199, at *2 (E.D. Pa. May 19, 2020); *see also* ECF No. 293 at 15.

A party moving to compel bears the initial burden of showing the relevance of the requested information. *Morrison v. Philadelphia Hous. Auth.*, 203 F.R.D. 195, 196 (E.D. Pa. 2001). Courts "do not grant discovery requests" that "delve into matters" that could not be used by either party. *Mealy v. Ryan Env't., Inc.*, 2008 WL 596814, at *1 (W.D. Pa. Mar. 4, 2008); *see also* Fed. R. Civ. P. 26(b)(1). And, even if targeted to relevant issues, discovery "redundant and cumulative of information already available" is not permissible. *Cooper Hosp. Univ. Med. Ctr. v. Seafarers Health & Bens. Plan*, 2006 WL 8457200, at *3 (D.N.J. Dec. 7, 2006).

## ARGUMENT

### I. PLAINTIFFS' REQUESTS ARE OVERLY BROAD, UNDULY BURDENSOME, AND DISPROPORTIONATE TO THE NEEDS OF THIS ACTION

Plaintiffs incorrectly state they seek 68 "policies." But, the majority of Plaintiffs' requests demand "all policies, procedures, handbooks, rules, processes, guidelines, guidance, templates, and/or instructions pertaining to" each topic. Plaintiffs' requests are not targeted. They are overbroad and unduly burdensome, seeking every document relating in any way to FedEx Ground's interactions <u>with Service Providers</u>, not drivers. The documents sought are irrelevant to substantial similarity and the applicable joint employment factors.

### A.   The Documents at Issue Are Not Relevant to a Joint Employment Analysis[1]

Plaintiffs offer a chart to argue the existence of a contrived relationship between the joint employment test and irrelevant information in the documents they now demand. Plaintiffs' chart purports to draw connections between their requests and the alleged existence of common evidence of joint employment according to the factors set forth in *In re Enter. Rent-A-Car Wage*

---

[1] FedEx Ground responds here to Plaintiffs' arguments in their chart, and provides the responsive chart in Appendix 1 in summary fashion for ease of reference for the Court.

2

*& Hour Emp. Pracs. Litig.*, 683 F.3d 462, 469 (3d Cir. 2012).[2] The four *Enterprise* factors focus on the alleged employer's authority or control over employees, and not the relationship <u>between alleged joint employers</u>. Plaintiffs, by focusing on Service Providers rather than drivers, seek policies on topics that courts have held are not evidence of joint employment.

      1.    *A business-to-business relationship does not create joint employment*

Plaintiffs ignore that a business-to-business relationship does not establish a joint employment relationship. *Knitter v. Corvias Military Living, LLC*, 758 F.3d 1214, 1229 (10th Cir. 2014) (holding that national company was not joint employer because local company controlled "records, including payroll, insurances, taxes, and the like"); *see also Savakus-Malone v. Piramal Critical Care, Inc.*, 2019 WL 2897697, at *5 (E.D. Pa. July 3, 2019).

Plaintiffs' citation to *Harris v. Medical Transportation Management* is misplaced. *Harris* does not address a discovery dispute or hold that "policies" are relevant to joint employment. 2021 WL 5446829 (D.D.C. Nov. 22, 2021). Rather, the court concluded, against the weight of authority, that the question of joint employment could be certified when it denied the motion for decertification of the FLSA conditional class, and certified a class under Rule 23. *Id.* at *13. The D.C. Circuit granted the employer's Rule 23(f) petition and specifically asked for briefing from the parties on whether it should exercise pendent jurisdiction over the trial court's disposition of the FLSA collective action issue, as well as the merits of the district court's decision. *In re Med. Transp. Mgmt., Inc.*, 2022 WL 829169, at *1 (D.C. Cir. Mar. 17, 2022).

      2.    *Request No. 1: Documents relating to Compliance Assessments*

Plaintiffs make much of an internal "handbook" for guidance on conducting wage and

---

[2] FedEx Ground has produced documents responsive to Plaintiffs' Request No. 6 "Apparel terms posted on http://mygroundbiz.com" and Request No. 7 "Vehicle Branding terms posted on  http://mygroundbiz.com."

3

hour compliance assessments, stretching to assert that the "handbook" referenced by FedEx Ground's Compliance Specialist, Erica Bacon, is discoverable, because it shows "FedEx's authority over the wages that service providers pay to drivers." (ECF No. 416, at 5.) Plaintiffs are wrong. The "handbook" is the equivalent of how-to instructions to FedEx Ground employees and has no bearing on the compensation agreed to by a Service Provider and its employees, substantial similarity, or joint employment. The information also is duplicative of the extensive deposition and document discovery provided, and is not proportional to the needs of this case.

First, an assessment of a Service Provider's compliance with its contractual commitments to pay its employees in accordance with the law is not indicia of authority or control over wages paid, and is therefore irrelevant to joint employment. *See Malia v. Amazon.com, Inc.*, No. CV 2:17-5155 (WJM), 2017 WL 6619227, at *1 (D.N.J. Dec. 28, 2017) (compliance audits do not establish joint employment). The handbook and compliance assessments therefore have no relevance to the similarly situated inquiry or joint employment analysis.

Second, FedEx Ground produced many compliance assessments, annual compliance certifications from Service Providers, the agreements between FedEx Ground and Service Providers that detail what FedEx Ground may assess and in what form, and a Plaintiffs-requested witness from the Legal Compliance department. It is undisputed that FedEx Ground conducts wage-and-hour assessments of certain Service Providers from time to time, and it produced the corresponding reports, to the extent not privileged, when related to this litigation.[3] Plaintiffs already have obtained the information to which they are entitled, and more.

Additionally, the so-called "handbook" is an internal document that FedEx Ground's

---

[3] Parts of the "handbook" are protected from disclosure by the attorney client privilege and work product doctrine. Those parts were created by FedEx Ground's counsel and contain legal advice, analysis, and guidance about applicable statutory requirements.

4

Compliance Specialist barely remembered. As Ms. Bacon explained, the "handbook" was used "at one point" during FedEx Ground compliance audits of Service Providers. (Bacon Dep. 125:5-23, ECF No. 416-2) But she recalls nothing about the contents of this document, making obvious she does not use it when conducting wage and hour compliance assessments. (*Id.* at 125:9-13; 125:17-22; 126:3-9; 126:19-22.)

        3.    *Request No. 2: Documents relating to formal "business discussions" with Service Providers, not drivers*

Plaintiffs also demand internal policies <u>related to</u> FedEx Ground's business meetings with Service Providers, despite the fact that FedEx Ground has produced the actual records of such discussions. These additional documents are irrelevant, duplicative, and disproportionate to the needs of this case. A Business Discussion between FedEx Ground and a Service Provider may relate to many different aspects of their business relationship unrelated to opt-in Plaintiffs or other drivers. FedEx Ground produced documents and provided deposition testimony reflecting its actual Business Discussions relating to drivers. The policies related to how these Business Discussion are documented is immaterial and cumulative of documents already produced.

Additionally, this request is overbroad because it seeks "all policies, procedures, handbooks, rules, processes, guidelines, guidance, templates, and/or instructions pertaining to the manner in which FedEx employees conducted Business Discussions with Service Providers." This goes well-beyond the scope of discovery at this stage, which is limited to whether Plaintiffs and the opt-ins are similarly situated. Drivers are not "subject to" Business Discussions. Business Discussions are held with Service Providers only. This request also includes within its scope information protected by the attorney-client privilege and work-product doctrine because it seeks "guidance" and "instructions pertaining to" all Business Discussions.

        4.    *Request Nos. 3, 5, 10, and 11: Requests for policies pertaining to business-to-business communications that do not relate to drivers*

5

Request Nos. 3, 5, 10, and 11 also seek policies relating to business-to-business communications between FedEx Ground and Service Providers. Plaintiffs demand all policies and documents relating to Notices of Opportunity to Cure that may be issued to Service Providers, minimum equipment terms posted to Service Providers, reviews of business performance that FedEx Ground has held with its Service Providers, and whether Service Providers elected to use a dispute resolution process called RESOLVE to resolve disputes with FedEx Ground. Because none of these documents relate to how FedEx Ground interacts with drivers, none of them bear upon whether the collective *of drivers* is similarly situated, or whether FedEx Ground sets wages, terminates, controls records, has authority to set rules and assignments for, or otherwise exercises control over *drivers*. FedEx Ground produced documents pertaining to individual drivers that fall into those categories, including Service Provider Agreements, schedules, and policy documents that provide parameters for these types of communications, and the deposition testimony of FedEx Ground witnesses addressing the same topics. Thus, the requests all seek irrelevant information and are overbroad and cumulative.

        5.    *Request No. 4: The FedEx Service Guide relates to customers of FedEx Ground, not Service Providers or drivers*

The "FedEx Service Guide" relates to rates and services for FedEx Ground's customers, not work rules for drivers or Service Providers. Nevertheless, it is publicly available on the internet and is equally available to all parties.

        6.    *Request No. 12: Information about the contractual right to not renew or terminate FedEx Ground's business relationship with a Service Provider*

Plaintiffs' overreaching is on full display in Request No. 12, which seeks all policies, procedures, and guidance relating to non-renewal and termination of the business-to-business relationship between FedEx Ground and a Service Provider. Plaintiffs claim this information is evidence of FedEx Ground's ability to terminate drivers based on FedEx Ground's contractual

6

right to discontinue its relationship with a Service Provider. In other words, Plaintiffs argue that if FedEx Ground chooses to not renew a Service Provider Agreement, it is the equivalent of firing the Service Provider's employees. Plaintiff's position defies logic and is unsupported in law or fact. The previously-produced Service Provider Agreements outline grounds for contract (not employment) termination, and FedEx Ground witnesses testified about termination of Service Provider Agreements, making this request duplicative. This request also includes within its scope documents and information protected from disclosure by the attorney-client privilege.

       7.     *Request No. 13: Information about driver qualifications has already been produced*

Plaintiffs' description of the information sought in Request No. 13 is inaccurate. Plaintiffs' chart says that Plaintiffs seek "FedEx's policies relating to the disqualification of drivers." However, the request actually seeks policies about "job requirements, qualifications and/or disqualifications of drivers." FedEx Ground does not create "job requirements" for drivers, and all relevant information about qualification of individual drivers is in Service Provider Agreements and their schedules, dozens of which have been produced.

       8.     *Request No. 14: FedEx Ground has produced documents and information relating to work performed by drivers*

FedEx Ground agreed to produce policy documents that relate to drivers, specifically the "Delivery Record/Delivery Manifest Record," "Package/Shipment Status Door Tag," "Pickup Reason Codes Car," "Recipient Release Authorization Form," "Record of Road Test," "Signature Release Card," and documents and labels about hazardous materials. These documents relate to the work performed by drivers. Otherwise, Request No. 14 seeks business-to-business communications and policies between FedEx Ground and Service Providers, DOT compliance-related policies, information about Service Providers regardless of whether they employ any opt in, and documents applying to FedEx Ground employees' activities, to the

7

exclusion of Plaintiffs and opt-in Plaintiffs. Such information is not relevant to substantial similarity or, even if appropriate at this time, the applicable joint employment factors. And FedEx Ground has produced documents about DOT and other standards that Service Providers have agreed to meet and qualification and disqualification criteria, and Plaintiffs have deposed FedEx Ground witnesses about these same issues, making any further discovery duplicative.

        9.     *Request Nos. 15 and 16: Document retention policies and rules for conduct on FedEx Ground's property do not relate to substantial similarity or joint employment*

FedEx Ground's document retention policies are irrelevant to the issues of substantial similarity or FedEx Ground's purported control over drivers. *See Savakus-Malone*, 2019 WL 2897697, at *5. The same holds true for documents regarding the conduct of Service Provider employees while on FedEx Ground property. Such policies have no relevance to substantial similarity or joint employment as a matter of law. *See Swallows v. Barnes & Noble Book Stores, Inc.*, 128 F.3d 990, 995 (6th Cir. 1997). FedEx Ground produced the "Driver Acknowledgement" policy Plaintiffs requested, but the remaining requested information exceeds reasonable discovery limitations, and any further documents sought are not relevant to whether the collective is similarly situated.

**II.     PLAINTIFFS' CONTENTION THAT "SOME" SERVICE PROVIDER DISCOVERY IS PERMISSIBLE FAILS TO JUSTIFY THEIR DEMAND FOR IRRELEVANT, DUPLICATIVE DISCOVERY**

Plaintiffs attempt to justify the requests by arguing that "some discovery" about Service Providers is permissible and relying on the Court's statement that "some evidence regarding *the nature of the relationship* between Service Providers . . . is likely to be introduced." (ECF No. 416 (emphasis added).) <u>Extensive</u> discovery into the nature of the relationship between FedEx Ground and Service Providers has been done. Plaintiffs' current demands "delve into matters" that are "not related to the alleged claims or defenses," which means they are not discoverable.

8

*See Mealy*, 2008 WL 596814, at *1. Even if they were relevant, Plaintiffs should not be permitted to unduly burden FedEx Ground by seeking unnecessarily cumulative discovery. *See Cooper Hosp.*, 2006 WL 8457200, at *3. Plaintiffs' attempt to delve into every aspect of FedEx Ground's business relationship with Service Providers is unjustified.

    A.    <u>FedEx Ground Has Already Produced Service Provider Agreements, Schedules, Policies, and Witnesses for Depositions on All of the Requested Topics</u>

Plaintiffs acknowledge that FedEx Ground produced multiple policy documents relating to Service Providers. (ECF No. 416 at 2.) FedEx Ground also produced at least 80 other policy documents, identified in Appendix 2. These documents address issues that at least tangentially relate to drivers, which FedEx Ground produced in the spirit of cooperation. Plaintiffs have deposed at least 11 FedEx Ground witnesses, questioning each about the relationship between FedEx Ground and Service Providers.

In pursuing "policy" documents, Plaintiffs mischaracterize FedEx Ground witness testimony, claiming the testimony about policies proves their relevance when, in fact, much of the testimony cited refers to Service Provider <u>Agreements</u>.[4] *See e.g.*, Rosales Dep. 46:14-15, ECF No. 416-7 (training was in accordance with the <u>agreement</u>); *id*. at 21:5-12 (a Service Provider is responsible for adhering to the <u>agreement</u>); Bacon Dep. 19:24-20:3 (the <u>agreement</u> talks about compliance with all laws); *id*. at 143:2-4 (drivers must be qualified per the <u>agreement</u>); Pierce Dep. 63:23-64:9, ECF No. 416-6 (the <u>agreement</u> may be terminated if obligations are not met); Randolph Dep. 95:7-13, ECF No. 416-11 (information requested from

---

[4] Plaintiffs cite *Romero v. Clean Harbors Surface Rentals* in support of their motion. 368 F. Supp. 3d 152, 159. (D. Mass. 2019). *Romero* did not involve a discovery dispute. And, in holding that one of the plaintiff's alleged joint employers was not a necessary party, the court commented that the <u>contract</u> between the absent employer and the employee "may be relevant evidence in this case." *Id.* Plaintiffs have dozens of Service Provider Agreements and schedules, and *Romero* does not support their quest for extensive discovery.

9

Service Providers to ensure compliance with their <u>agreement</u>); Linder Dep. 96:6-18, ECF No. 416-12 (oversight of leased vehicles per the <u>agreement</u>); Johnson Dep. 67:9-17, ECF No. 416-13 (termination of Service Provider <u>Agreements</u>). FedEx Ground produced dozens of Service Provider Agreements and exemplar agreements for each year at issue in this case.

        B.    <u>Plaintiffs' Attempt to Expand and Shift the Focus of Discovery Contradicts Their Prior Representations About the Limited Relevance of Service Providers</u>

Plaintiffs admit they made a strategic decision not to include Service Providers as defendants, (ECF No. 117 at n.2) and have repeatedly stated that Service Providers are irrelevant to this case, referring to them as "unnecessary parties" lacking "a sufficient interest in the underlying action," "the critical substantial interest in this matter necessary to intervene," and "a direct stake in this litigation." (ECF No. 246 at 4–5.) Despite those representations, Plaintiffs seek essentially every document relating to every conceivable aspect of FedEx Ground's business relationships with Service Providers, as shown in Request No. 17:

> All policies, procedures, handbooks, rules, processes, guidelines, guidance, templates, and/or instructions pertaining to FedEx's relationship with Service Providers and/or a Service Provider's performance of services under its contractual agreement with FedEx during the relevant period.

On its face, this request is overbroad and seeks information irrelevant to Plaintiffs' claims. As shown above, almost all of the policies at issue in Plaintiffs' motion are policies that relate only to business-to-business interactions between FedEx Ground and Service Providers, and have nothing to do with interactions between FedEx Ground and opt-in Plaintiffs.

Plaintiffs are not entitled to discovery that is unrelated to substantial similarity, cannot lead to evidence of joint employment factors, and is solely related to FedEx Ground's business relationships with Service Providers. Plaintiffs' motion should be denied.

## **CONCLUSION**

For all of these reasons, FedEx Ground requests this Court deny Plaintiffs' motion.

Dated:  August 12, 2022                             Respectfully submitted,

/s/ *Jessica G. Scott*
Jessica G. Scott
Wheeler Trigg O'Donnell LLP
370 Seventeenth Street, Suite 4500
Denver, CO  80202-5647
Telephone:     303.244.1800
Facsimile:      303.244.1879
Email: scott@wtotrial.com


Joseph P. McHugh
Shanicka L. Kennedy
FedEx Ground Package System, Inc.
1000 FedEx Drive
Moon Township, PA  15108
Telephone:     412.859.5917
                        412.859.5792
Facsimile:      412.859.5450
Email: joseph.mchugh@fedex.com
            shanicka.kennedy@fedex.com

Attorneys for Defendant
FedEx Ground Package System, Inc.

## CERTIFICATE OF SERVICE (CM/ECF)

      I HEREBY CERTIFY that on August 12, 2022, I electronically filed the foregoing **FEDEX GROUND PACKAGE SYSTEM, INC.'S OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL THE PRODUCTION OF CERTAIN FEDEX GROUND POLICIES** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following email addresses:

- **Harold Lichten**
  hlichten@llrlaw.com, courts@llrlaw.com

- **Shannon Liss-Riordan**
  sliss@llrlaw.com, courts@llrlaw.com

- **Michelle Cassorla**
  mcassorla@llrlaw.com

- **Zachary L. Rubin**
  zrubin@llrlaw.com

- **Krysten Leigh Connon**
  kconnon@llrlaw.com

- **Peter Winebrake**
  pwinebrake@winebrakelaw.com

- **R. Andrew Santillo**
  asantillo@winebrakelaw.com

- **Mark J. Gottesfeld**
  mgottesfeld@winebrakelaw.com

- **Michelle L. Tolodziecki**
  tuf22843@temple.edu, mtolodziecki@winebrakelaw.com

- **Brian D. Gonzales**
  BGonzales@ColoradoWageLaw.com

- **Joseph P. McHugh**
  joseph.mchugh@fedex.com, susan.kernen@fedex.com, amy.chambers@fedex.com

- **Shanicka L. Kennedy**
  shanicka.kennedy@fedex.com

- **Jessica Goneau Scott**
  scott@wtotrial.com, umaguing@wtotrial.com

- **Frederick R. Yarger**
  yarger@wtotrial.com, keitlen@wtotrial.com

- **Juan S. Ramirez**
  ramirez@wtotrial.com, miller@wtotrial.com

- **Andrew H Myers**
  myers@wtotrial.com, keitlen@wtotrial.com, halvorsen@wtotrial.com

- **Michele O. Choe**
  choe@wtotrial.com

- **David J. Schaller**
  schaller@wtotrial.com, umaguing@wtotrial.com

- **Natalie R. Colao**
  colao@wtotrial.com

- **Brian Ruocco**
  ruocco@wtotrial.com

- **Thomas C. Dec**
  dec@wtotrial.com

- **Teresa G. Akkara**
  akkara@wtotrial.com

- **Nick A. Nykulak**
  nnykulak@rbslaw.com, kbasta@rbslaw.com

- **Sean S. Kelly**
  skelly@rbslaw.com, kbasta@rbslaw.com

- **John R. Schneider**
  john@johnsonschneider.com, sasha@johnsonschneider.com

                                                      */s/ Jessica G. Scott*