IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HORACE CLAIBORNE, SONJIA MONIQUE BOWLIN, TYSHAWN WALKER, WILLIE SEALS, FREDERICK EPPICH, JEROME SCHOOLFIELD, KRISTINA TRAVIS, JEREMY WINKELS, DANIEL FORRESTER, MARK DAVID GRIFFETH, DOUGLAS RUSSELL, KENNETH BURTON, GERALD GENSOLI, and THOMAS DEPPIESSE, on behalf of themselves and others similarly situated,<br><br>            Plaintiffs,<br><br>  vs.<br><br>FEDEX GROUND PACKAGE SYSTEMS, INC.,<br><br>            Defendant. | )<br>)<br>)<br>)  2:18-cv-01698-RJC<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## **MEMORANDUM OPINION**

Robert J. Colville, United States District Judge

      Before the Court is the "Motion for Summary Judgment on all Claims Asserted by Plaintiffs Douglas Russell, Kenneth Burton, and Thomas Deppiesse" (the "MSJ") (ECF No. 374) filed by Defendant FedEx Ground Package System, Inc. ("FedEx"). The present case is a hybrid collective action under the Fair Labor Standards Act ("FLSA") and Rule 23 class action brought under the laws of fourteen states by the named Plaintiffs on behalf of themselves and other similarly situated individuals (collectively, "Plaintiffs") against FedEx for FedEx's alleged failure to pay requisite overtime compensation to Plaintiffs. The Court has jurisdiction in this matter pursuant to 28 U.S.C. § 1331. The MSJ has been fully briefed and is ripe for disposition.

1

I.      **Factual Background & Procedural History**

As this Court has noted in previous opinions in this case, Plaintiffs assert that they were employed by FedEx through intermediary employers[1] to perform delivery services on FedEx's behalf. First Am. Compl. ¶ 35, ECF No. 297. Plaintiffs further assert that FedEx has violated the FLSA by not paying overtime compensation to Plaintiffs for all hours worked over forty each week. *Id*. Because the Court writes primarily for the benefit of the parties and has set forth the factual background and procedural history of this matter at length in its previous opinions, and because the issues presented by FedEx's MSJ are fairly straightforward and limited both factually and legally, the Court foregoes a detailed recitation of the factual background and procedural history in this Memorandum Opinion.

In its MSJ, FedEx argues that it is entitled to summary judgment in its favor with respect to all claims brought against it by Plaintiffs Douglas Russell ("Russell"), Kenneth Burton ("Burton"), and Thomas Deppiesse ("Deppiesse") (collectively, the "MSJ Plantiffs") in Plaintiffs' First Amended Complaint (hereinafter, the "Complaint") (ECF No. 297). Russell, Burton, and Deppiesse collectively assert claims for unpaid overtime compensation under the FLSA (Count I) and, respectively, assert claims under the laws of Pennsylvania (Count XII), Rhode Island (Count XIII), and Wisconsin (Count XV) for unpaid overtime compensation. Compl. ¶¶ 14-15; 17; 40; 50; 61-62; 64, ECF No. 297. FedEx asserts that each of the MSJ Plaintiffs is not eligible for overtime under the FLSA or applicable state law because the MSJ Plaintiffs drove vehicles weighing 10,001 pounds or more either exclusively or almost exclusively during the relevant period, and are thus exempt from both the FLSA's overtime requirements and those imposed by

---

[1] These intermediary employers are companies that entered into contracts with FedEx to provide delivery and pickup services on FedEx's behalf and are referred to as Independent Service Providers (ISPs) and Contracted Service Providers (CSPs) in the record. The distinction between ISPs and CSPs is not relevant to this Court's consideration of the MSJ.

applicable state law. MSJ 1, ECF No. 374. In support of its Motion, FedEx has filed a Brief in Support (ECF No. 375), an Appendix of Exhibits (ECF No. 375-2), and a Concise Statement of Material Facts (ECF No. 394).

Plaintiffs oppose the MSJ in part, and have filed a Brief in Partial Opposition (ECF No. 385) to the MSJ, a Responsive Concise Statement (ECF No. 383), and an Appendix of Exhibits (ECF No. 383-1). In partially opposing the MSJ, Plaintiffs candidly explain as follows:

> [A]fter careful consideration and based upon extensive litigation and discovery, Plaintiffs' undersigned counsel generally support FedEx Ground's reliance on Scanner Data to determine an employee's eligibility to participate in this collective litigation. Accordingly, as explained in Plaintiffs' accompanying memorandum of law, Plaintiffs' counsel wish to limit this litigation to individuals who have potentially viable FLSA claims according to FedEx's Scanner Data. Both Russell and Burton accept the accuracy of FedEx's Scanner Data and agree to be dismissed from this litigation with prejudice.
>
> However, Deppiesse disputes the accuracy of FedEx Ground's Scanner Data. . . . [T]he claims of Deppiesse should be dismissed without prejudice to him pursuing such claims outside of the context of this collective litigation (if he so chooses).

Responsive Concise Statement 1, ECF No. 383. FedEx has filed a Reply (ECF No. 388) opposing Deppiesse's request for dismissal of his claims without prejudice.

## II.     Legal Standard

Summary judgment may be granted where the moving party shows that there is no genuine dispute about any material fact, and that judgment as a matter of law is warranted. Fed. R. Civ. P. 56(a). Pursuant to Federal Rule of Civil Procedure 56, the court must enter summary judgment against a party who fails to make a showing sufficient to establish an element essential to his or her case, and on which he or she will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In evaluating the evidence, the court must interpret the facts in the light

most favorable to the nonmoving party, drawing all reasonable inferences in his or her favor. *Watson v. Abington Twp.*, 478 F.3d 144, 147 (3d Cir. 2007).

In ruling on a motion for summary judgment, the court's function is not to weigh the evidence, make credibility determinations, or determine the truth of the matter; rather, its function is to determine whether the evidence of record is such that a reasonable jury could return a verdict for the nonmoving party. *Reeves v. Sanderson Plumbing Prods., Inc.,* 530 U.S. 133, 150–51 (2000) (citing decisions); *Anderson v. Liberty Lobby*, 477 U.S. 242, 248–49 (1986); *Simpson v. Kay Jewelers, Div. of Sterling, Inc.*, 142 F.3d 639, 643 n. 3 (3d Cir. 1998).

The mere existence of a factual dispute, however, will not necessarily defeat a motion for summary judgment. Only a dispute over a material fact—that is, a fact that would affect the outcome of the suit under the governing substantive law—will preclude the entry of summary judgment. *Liberty Lobby*, 477 U.S. at 248.

### III.  Discussion

FedEx asserts that the MSJ Plaintiffs cannot maintain a claim for unpaid overtime compensation because they did not drive trucks weighing less than 10,000 pounds during the relevant timeframe and thus were not eligible to receive overtime under the Small Vehicle Exception to the Motor Carrier Act Exemption. With respect to the Motor Carrier Act Exemption, the United States Court of Appeals for the Third Circuit has explained:

> Section 7 of the Fair Labor Standards Act provides that employers must pay hourly employees 150% their typical wages on hours they work in a week over 40. *See* 29 U.S.C. § 207; *Packard v. Pittsburgh Transp. Co.*, 418 F.3d 246, 250 (3d Cir.2005). One exemption to this general rule is Section 13(b)(1) of the Act. Known as the Motor Carrier Act Exemption, the provision provides that overtime pay is not required for "any employee with respect to whom the Secretary of Transportation has power to establish qualifications and maximum hours of service." *See* 29 U.S.C. § 213(b)(1); *see also* 49 U.S.C. §§ 31502(b), 13102 (defining scope of Secretary of Transportation's regulatory authority).

> Congress elaborated upon the Motor Carrier Act Exemption with the enactment of the Corrections Act of 2008. Section 306(a) of the Corrections Act provides that "Section 7 of the Fair Labor Standards Act . . . shall apply to a covered employee notwithstanding section 13(b)(1) of that Act." *See* Corrections Act, § 306(a). Section 306(c) of the Corrections Act defines the term "covered employee." In short, a "covered employee" is an employee of a motor carrier whose job, "in whole or in part," affects the safe operation of vehicles lighter than 10,000 pounds, except vehicles designed to transport hazardous materials or large numbers of passengers. Corrections Act § 306(c).

*McMaster v. E. Armored Servs., Inc.*, 780 F.3d 167, 169 (3d Cir. 2015) (footnote omitted).

Employees who are subject to the Motor Carrier Act Exemption may be entitled to overtime pay under the Small Vehicle Exception. "There seems to be general consensus [among district courts] that 'in order [for the Small Vehicle Exception to apply], an employee must (1) perform some work that affects the safety of operation of small vehicles, and (2) it must be part of the employee's duties to [do] so, where 'some work' must at least rise above the level of de minimis work . . . ." *Oddo v. Bimbo Bakeries U.S.A., Inc.*, 391 F. Supp. 3d 466, 471 (E.D. Pa. 2019) (quoting *Morgan v. Rig Power, Inc.*, No. 15-073, 2017 WL 11017230, at *15 (W.D. Tex. Sept. 1, 2017)).

The Court need not, and will not, expend significant resources or time in resolving the MSJ with respect to Russell and Burton, where each has admitted and acknowledged that judgment should be entered against them on the basis that they cannot invoke the Small Vehicle Exception and are thus exempt from receiving overtime compensation. Br. in Partial Opp'n 3, ECF No. 385. Plaintiffs clearly intend to rely on this Exception, and Russell and Burton have acknowledged that they will be unable to make a showing sufficient to establish that their work with small vehicles rose above the level of de minimis work. The Court must enter summary judgment against a party who fails to make a showing sufficient to establish an element essential to his or her case, and on which he or she will bear the burden of proof at trial. *Celotex*, 477 U.S. at 322. Given Russell's

5

and Burton's acknowledgments and concessions, the Court is constrained to conclude that they are currently, and will continue to be, unable to make a showing sufficient to establish an essential element of their case on which they will bear the burden, and judgment will be entered in FedEx's favor with respect to their claims.

The Court will not enter summary judgment in FedEx's favor as to Deppiesse's claims at this time. While the Court acknowledges that, "[u]nless a different time is set by local rule or the court orders otherwise, a party may file a motion for summary judgment at any time until 30 days after the close of all discovery[,]" the Court also notes that discovery is not yet complete in this matter, and that Deppiesse challenges the accuracy of FedEx's data and has testified that he believes he drove a truck that was lighter than 10,000 pounds during the timeframe relevant herein. The Court is not inclined to grant judgment in FedEx's favor, at this juncture, in light of the same. The Court's function is not to weigh evidence or make credibility determinations at this juncture. Discovery may reveal that Deppiesse's recollection is accurate, or in some manner corroborate Deppiesse's testimony. With respect to Deppiesse's claims, FedEx has come up short, at least while discovery is ongoing, of meeting its burden of establishing that there is no genuine dispute about any material fact as to the vehicles Deppiesse drove during the relevant timeframe and that judgment as a matter of law is warranted.

Further, while the proposed order attached to the MSJ requests (and Deppiesse himself requests by way of his response) "dismissal" of Deppiesse's claims, the Court notes that "a grant of summary judgment in a defendant's favor as to a particular claim does not result in 'dismissal' of that claim, but rather in entry of judgment on that claim in favor of the defendant." *McKowan Lowe & Co. v. Jasmine, Ltd.*, No. 94-5522 (RBK), 2005 WL 8175786, at *1 n.6 (D.N.J. Aug. 23, 2005) (citing *Cheminor Drugs, Ltd. v. Ethyl Corp.*, 168 F.3d 119, 121 n.2 (3d Cir. 1999)). With

respect to Deppiesse, Defendant filed a motion for summary judgment, and not a motion to dismiss; and Plaintiff has not filed a motion addressing Deppiesse.  As such, the Court will not consider dismissal of Deppiesse's claims at this time.  The parties are free to confer and jointly or individually move for the dismissal of Deppiesse's claims, but the Court takes no position as to whether the same is warranted or appropriate by way of this Memorandum Opinion.

Finally, the Court briefly notes, as the parties are well aware, that this matter has involved extensive motion practice that has, at times, slowed the progression of this case.  While the Court in no way intends to dissuade any party from filing whatever motion that party believes is appropriate, the Court is not inclined to entertain further opposed, piecemeal summary judgment motions prior to the completion of discovery.  The Court believes that consideration of all relevant summary judgment issues following the completion of discovery will result in the most efficient use of both the Court's and the parties' time, and that the same will avoid inefficient, piecemeal adjudication in this matter.  *See DMP Ltd. P'ship v. Caribou Coffee Co.*, No. CIV. A. 08-429, 2009 WL 2750257, at *3 (W.D. Pa. Aug. 26, 2009) ("Under the circumstances, Defendant's summary judgment Motion presents the type of piecemeal adjudication disfavored by federal courts."); *see also JDB Med., Inc. v. Sorin Grp.*, No. 07-CV-00350-REB-CBS, 2008 WL 791938, at *2 (D. Colo. Mar. 20, 2008) ("The piecemeal resolution of the issues raised in the motion for summary judgment will not simplify significantly or extenuate the evidence at trial.").

### IV.   Conclusion

For the reasons discussed above, the Court will grant FedEx's MSJ as to the claims brought by Russell and Burton, and will deny the MSJ as to Deppiesse's claims.  An appropriate Order of Court follows.

BY THE COURT:

s/*Robert J. Colville*
Robert J. Colville
United States District Judge

DATED: September 28, 2022

cc/ecf: All counsel of record

Case 2:18-cv-01698-RJC   Document 429   Filed 09/28/22   Page 8 of 8