# IN THE UNITED STATES DISTRICT COURT

# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HORACE CLAIBORNE, SONJIA MONIQUE BOWLIN, TYSHAWN WALKER, DEZRAE KAUHANE, WILLIE SEALS, FREDERICK EPPICH, JEROME SCHOOLFIELD, KRISTINA TRAVIS, JEREMY WINKELS, DANIEL FORRESTER, MARK DAVID GRIFFETH, DOUGLAS RUSSELL, KENNETH BURTON, GERALD GENSOLI, and THOMAS DEPPIESSE, on behalf of themselves and others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>FEDEX GROUND PACKAGE SYSTEM, INC.,<br><br>    Defendant. | CIVIL ACTION<br><br>No. 2:18-cv-01698-RJC |

## FEDEX GROUND'S BILL OF ATTORNEYS' FEES AND COSTS REGARDING STREGE SANCTIONS BRIEFING

In its orders granting FedEx Ground's request for fees and costs associated with the Strege sanctions briefing, the Court ordered FedEx Ground to confer with Plaintiffs' counsel regarding its reasonable fees and costs incurred and, if no resolution could be reached, to file its reasonable fees and costs with the Court by October 12, 2022. (*See* Mem. Op. 12, ECF No. 431, and Order 2, ECF No. 432.) Unfortunately, Plaintiffs' counsel, through Peter Winebrake, responded to FedEx Ground's already-reduced requested amount of $23,030.75 with a counter of $7,500. This counter was provided only one day before this filing was due and had no basis other than Mr. Winebrake's personal belief that 25 hours of work at $300 per hour is what is "reasonable" for a sanctions motion, memorandum in support, detailed declaration, and reply in response to an opposition that cited a dozen cases.

FedEx Ground's counsel's asked Mr. Winebrake for support for the proposed number of hours and hourly rate and for information on how many hours Plaintiffs' counsel had spent on the response to the motion in order to at least have a sound basis on which to consider whether additional reductions were warranted. Mr. Winebrake referred FedEx Ground to a website he says his firm relies on but otherwise declined to provide the additional information requested. Presumably, he will need to do so now in order to meaningfully oppose FedEx Ground's fee request that now must regrettably be filed with the Court.

FedEx Ground therefore sets out here its fee request as supported by the Declaration of Jessica G. Scott in Support of Defendant FedEx Ground Package System, Inc.'s Motion for Fees for Strege Sanctions Briefing ("Scott Decl. re Fees" or "Scott Declaration Regarding Fees") and attachments thereto. And, separately, FedEx Ground addresses the conferral efforts with Plaintiffs' counsel to address what was and was not provided by Plaintiffs' counsel to support their reduction and why Plaintiffs' counsel's offered amount should be denied.

1

FedEx Ground requests that the Court grant its request for $23,030.75 in full, with no further reductions, because that discounted amount is more than warranted and, not least, because FedEx Ground has had to incur yet additional time and expense to prepare these filings today. Plaintiffs' counsel, in addressing the resulting sanctions, are continuing the waste of time and resources that marked how they handled the underlying Strege deposition issue.

I.  **FEDEX GROUND'S FEE REQUEST IS REASONABLE, JUSTIFIABLE, AND SHOULD BE GRANTED**

"The starting point in awarding attorney's fees is the lodestar amount, which is calculated by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate." *RHJ Med. Ctr., Inc. v. City of Dubois*, No. CIV.A. 3:09-131, 2014 WL 3892100, at *3 (W.D. Pa. Aug. 8, 2014). The party seeking attorneys' fees has the burden to prove that its request for fees is reasonable. *LabMD, Inc. v. Tiversa Holding Corp.*, No. CV 15-92, 2020 WL 1170796, at *3 (W.D. Pa. Mar. 11, 2020). To meet this burden, the prevailing party must "submit evidence supporting the hours worked and rates claimed." *Id.*

"Thereafter, the burden is on the opposing party to challenge the requested hours and fees, if it chooses to do so." *Id.* (citing *Loughner v. Univ. of Pittsburgh*, 260 F.3d 173, 178 (3d Cir. 2001). "The party opposing the fee award must do so with sufficient specificity, and the Court cannot decrease a fee award based on factors that are not raised." *Id*.

"When considering whether rates charges are reasonable, courts within the Third Circuit follow the 'forum rate rule,' which provides that a court shall rely upon prevailing hourly rates in the district to determine whether charges are reasonable." *Id.* (quoting *ThermoLife Int'l, LLC v. D.P.S. Nutrition, Inc.*, No. 15-273, 2016 WL 6916777, at *4 (W.D. Pa. Feb. 5, 2016)). "In order to determine the prevailing market rates, the court must assess the 'experience and skill of the prevailing party's attorneys and compare their rates to the rates prevailing in the community for

similar services by lawyers of reasonably comparable skill, experience, and reputation." *Id.* (quoting *Berkoben v. Aetna Life Ins. Co*., No. 2:12-cv-1677, 2014 WL 3565959, at *18 (W.D. Pa. July 18, 2014)). "[T]he attorney's normal billing rate is an appropriate baseline for assessing the reasonableness of the rate requested." *Id.* (quoting *Chaney v. HVL, LLC,* No. 11-0833, 2012 WL 5990124, at *1 (W.D. Pa. Nov. 30, 2012)). Courts may also consider the complexity of the issues involved and the attorneys' quality of work. *Animal Legal Def. Fund v. Lucas*, No. CV 2:19-40, 2021 WL 4479483, at *1 (W.D. Pa. Sept. 30, 2021) (internal citations omitted).

The analysis of reasonable hourly rates for a sanctions motion is most analogous to the court decision in *LabMD, Inc.*, 2020 WL 1170796, because that case, too, involved requested fees related to briefing on a motion for sanctions. There, two defendants filed motions for fees incurred related to motions for sanctions. *Id.* at *1. The first defendant sought legal fees for a partner level attorney at a discounted hourly rate of $575.00 and a discounted hourly rate of $405.00 for an associate. *Id.* at *2. The second defendant sought legal fees for a partner at a discounted hourly rate of $520.00 and $325.00 for an associate. *Id.* The plaintiff did not even attempt to dispute these hourly rates as being unreasonable. And, in awarding the attorneys' fees related to the motion for sanctions, the court found these fees to be "reasonable." *Id.* at *4.[1]

With regard to the hours worked, the Court must review the time charged, decide whether the hours set out were reasonable expenses for each of the particular purposes described and then exclude those that are excessive, redundant, or otherwise unnecessary. *Gittins v. Gateway Clipper Inc.* No. 2:16-cv-00757, 2021 WL 1232421, at *14 (W.D. Pa. Mar. 12, 2021). Furthermore, "[a]s the hourly rate demanded goes up, there should be a corresponding decrease

---

[1] Without knowing what the sanctions briefing looked like, this case cannot be used as a comparison on the total award.

3

in the amount of time required to accomplish necessary tasks, due to counsel's experience and expertise." *Sandvik Intell. Prop. AB v. Kennamental, Inc.*, No. 02:10-cv-000654, 2013 WL 141193, at *6 (W.D. Pa. Jan. 11, 2013).

So as not to regurgitate the same information here, FedEx Ground respectfully refers the Court to the attached Scott Declaration Regarding Fees and its attachments, which provide the support for the requested reasonable fee award of $23,030.75. As described in that declaration, although FedEx Ground paid $29,734.50 in fees for the sanctions briefing (and, actually, a higher number due to additional attorney review and insight given the seriousness with which it takes asking for sanctions against attorneys in these circumstances), FedEx Ground offered Plaintiffs' counsel a reduction to $23,030.75 to avoid any arguments back and forth about what Plaintiffs may attempt to argue was "duplicative" or "unnecessary" work (though FedEx Ground does not believe that was the case). This number reduced by half the time spent by the young associate that was, along with lead counsel, Jessica Scott, the primary drafter and researcher of the documents. Further, this number also used substantially-reduced rates that were charged to FedEx Ground for this work—rates that are well below standard, current, and reasonable rates.

**II.    PLAINTIFFS' OFFERED JUSTIFICATIONS FOR A $7,500 AWARD ARE LACKING AND UNSUPPORTED**

To avoid repeating what is in evidence, FedEx Ground respectfully refers the Court to the second declaration submitted in support of this petition: the Declaration of Jessica G. Scott Regarding Conferral on Fees for Strege Sanctions Award ("Scott Decl. re Conferral" or "Scott Declaration Regarding Conferral"), and only highlights several salient facts here. The declaration and attachments thereto (should the Court wish to review them) show the extent of conferral Plaintiffs' counsel were willing to engage in, forcing FedEx Ground to file on this issue of fees.

The cites to Ms. Scott's declaration below are to the paragraphs that refer the Court to the email exhibits attached thereto.

Plaintiffs' counsel's first response to FedEx Ground's offer was that "defendant's motion (i) could have been researched and written by <u>associate-level attorneys</u> billing out at <u>an average hourly rate of $300</u> and (ii) that all work could have been accomplished in 25 hours," resulting in a counter offer of $7,500. (Scott Decl. re Conferral, ¶ 7 & Ex. E (emphasis added).) This assumption, as stated by Mr. Winebrake did not account at all for any partner-level review or rates, or for Ms. Scott's necessary involvement given the detailed declaration she had to submit in support of the motion. In response to Mr. Winebrake, Ms. Scott pointed out this error. (*Id.* ¶ 9 & Ex. G.) At that point, Mr. Winebrake changed his previous premise: "We are aware of your declaration and the need for some partner-level supervision. <u>All of this has been factored into the average rate and the 25-hour estimate</u>." (*Id.* ¶ 10 & Ex. H (emphasis added).) Mr. Winebrake then said he would no longer email about the subject and to call him for any further discussion, which Ms. Scott did. (*Id.*)

In the conferral phone call between Mr. Winebrake and Ms. Scott, Mr. Winebrake acknowledged some partner-level review would have been necessary, but said that most all of the work could and should have been done by a first- or second-year associate. (*Id.* ¶ 12.) Of course, had FedEx Ground relied almost exclusively on a first- or second-year associate who, by definition, was not even practicing when the issues regarding Strege first began, that would have taken even more hours to prepare the documents due to their lack of knowledge of the case history. *See Sandvik Intell. Prop.*, 2013 WL 141193, at *6. Ms. Scott also indicated to Mr. Winebrake that she was not comfortable signing a declaration to be filed with the Court if

5

she did not have a substantial hand in the drafting, but he disagreed that that would be necessary. (*Id.* ¶ 13.)

Ms. Scott further inquired into where Mr. Winebrake came up with a $300 blended rate, as he described it on the call. (*Id.* ¶ 14.) Ms. Scott said that she was aware of the types of rates lead counsel's firm in this case, Lichten & Liss-Riordan, regularly request, and to suggest such a rate was frankly quite shocking. (*Id.*; *see also id.* ¶ 15 (citing https://www.msn.com/en-us/news/crime/shannon-liss-riordan-won-millions-for-workers-but-did-she-take-too-much-for-herself-in-the-process/ar-AA10XlPm#:~:text=Under%20the%20proposed%20Lyft%20settlement%2C%20drivers%20would%20be,amount%20from%20the%20settlement%20as%20the%20average%20driver (last visited on 10/12/22).) Mr. Winebrake referred Ms. Scott to the Community Legal Services of Philadelphia's recommended rates, and emailed Ms. Scott a link to the rates during the call, stating that most all courts in Pennsylvania follow these recommended rates and that his firm does as well when filing fee petitions, though he admitted different firms do different things on that front and he could speak only for his firm. (*Id.* ¶ 16.)

When Ms. Scott was able, she reviewed the 2018 fee chart and requested that Ms. Whitt perform some research to find authority for the proposition represented by Mr. Winebrake, and when that failed, reached back out to Mr. Winebrake: "Can you provide some cites to cases showing that these four-year-old rates are being used currently by pretty much all courts in PA as you represented to me in our conferral call? We did some research since our call, albeit quick, and we couldn't even locate cases relying on these at all." (*Id.* ¶ 18.) Ms. Scott continued:

> It would further be conducive to the conversation regarding reasonableness of hours to let us know how many hours Plaintiffs' time spent researching and drafting the opposition, which cites about a dozen cases, and short declaration in support.

6

> We would of course expect that if we were to adopt these rates as you say your firm does, that all firms in this case will be bound accordingly, including lead counsel's firm, Lichten & Liss-Riordan. Given LLR's fee requests and representation of rates over the past 10 years, this chart seems off base in multiple respects, but if there is agreement that all sides and all firms are bound by it for this case, then perhaps there is a real discussion to be had.

(*Id.*)

Mr. Winebrake refused to provide any authority, or engage in further discussion. (*Id.* ¶ 19.) Ms. Scott clarified that Mr. Winebrake was not willing to confer any further, despite her requests, and the conferral ended. (*Id.* ¶ 20.)

## **CONCLUSION**

FedEx Ground respectfully requests the Court to enter an award of its reasonable attorneys' fees and costs of $23,030.75 in full, with no further reductions. FedEx Ground respectfully makes this request for this full (though already-reduced) award on the additional basis that, due to Plaintiffs' counsel's lack of good-faith conferral, it was forced to incur even more fees related to the Strege sanctions issue by counsel having to prepare all of the filings for today.

Dated:  October 12, 2022									Respectfully submitted,


											*s/ Jessica G. Scott*
											Jessica G. Scott
											Wheeler Trigg O'Donnell LLP
											370 Seventeenth Street, Suite 4500
											Denver, CO  80202-5647
											Telephone:	303.244.1800
											Facsimile:	303.244.1879
											Email: scott@wtotrial.com


											Joseph P. McHugh
											Shanicka L. Kennedy
											FedEx Ground Package System, Inc.
											1000 FedEx Drive
											Moon Township, PA  15108
											Telephone:	(412) 859-5917
													(412) 859-5792
											Facsimile:	(412) 859-5450
											Email: joseph.mchugh@fedex.com
												shanicka.kennedy@fedex.com

											Attorneys for Defendant
											FedEx Ground Package System, Inc.

## CERTIFICATE OF SERVICE (CM/ECF)

I HEREBY CERTIFY that on October 12, 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following email addresses:

- **Harold Lichten**
  hlichten@llrlaw.com, courts@llrlaw.com

- **Shannon Liss-Riordan**
  sliss@llrlaw.com, courts@llrlaw.com

- **Michelle Cassorla**
  mcassorla@llrlaw.com

- **Zachary L. Rubin**
  zrubin@llrlaw.com

- **Krysten Leigh Connon**
  kconnon@llrlaw.com

- **Peter Winebrake**
  pwinebrake@winebrakelaw.com

- **R. Andrew Santillo**
  asantillo@winebrakelaw.com

- **Mark J. Gottesfeld**
  mgottesfeld@winebrakelaw.com

- **Michelle L. Tolodziecki**
  tuf22843@temple.edu, mtolodziecki@winebrakelaw.com

- **Brian D. Gonzales**
  BGonzales@ColoradoWageLaw.com

- **Joseph P. McHugh**
  joseph.mchugh@fedex.com, susan.kernen@fedex.com, amy.chambers@fedex.com

- **Shanicka L. Kennedy**
  shanicka.kennedy@fedex.com

- **Jessica Goneau Scott**
  scott@wtotrial.com, umaguing@wtotrial.com

- **Frederick R. Yarger**
  yarger@wtotrial.com, keitlen@wtotrial.com

- **Juan S. Ramirez**
  ramirez@wtotrial.com, miller@wtotrial.com

- **Andrew H Myers**
  myers@wtotrial.com, keitlen@wtotrial.com, halvorsen@wtotrial.com

- **Michele O. Choe**
  choe@wtotrial.com

- **David J. Schaller**
  schaller@wtotrial.com, umaguing@wtotrial.com

- **Natalie R. Colao**
  colao@wtotrial.com

- **Brian Ruocco**
  ruocco@wtotrial.com

- **Thomas C. Dec**
  dec@wtotrial.com

- **Teresa G. Akkara**
  akkara@wtotrial.com

- **Nick A. Nykulak**
  nnykulak@rbslaw.com, kbasta@rbslaw.com

- **Sean S. Kelly**
  skelly@rbslaw.com, kbasta@rbslaw.com

- **John R. Schneider**
  john@johnsonschneider.com, sasha@johnsonschneider.com


*s/ Jessica G. Scott*
Jessica G. Scott